Mark L. Javitch
mark@javitchlawoffice.com
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 248-0705

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONEN HELMANN,<br><br>  Plaintiff,<br><br>  v.<br><br>CODEPINK WOMEN FOR PEACE, et al.,<br><br>  Defendants. | Case No.:  8:24-cv-05704-SVC-PVC<br><br>**NOTICE OF RELATED CASE**<br>**[Local Rule 83-1.3.1]**<br><br>to be related to 2:24-cv-06253-DDP-E |

**TO THE COURT AND ALL PARTIES OF RECORD**: In accordance with Local Rule 83-1.3.1, Plaintiff RONEN HELMANN files the instant Notice of Related Case. The case of *StandWithUs Center for Legal Justice v. CodePink, et al.*, 2:24-cv-06253-DDP-E (filed July 24, 2024), calls for a determination of the same or substantially identical questions of law and fact, and therefore are likely to entail substantial duplication of labor for the judges assigned each respective case. At issue in *StandWithUs* is whether Defendants violated federal statutes when they held an organized event to block access to the entrance of Adas Torah. The Complaint in *StandWithUs* is attached as

Exhibit "A".  In this case, Plaintiff also alleges that Defendants organized their supporters to block access to Torah Adas. Local Rule 83-1.3.1 is intended to prevent the substantial duplication of labor by multiple judges, and a Notice of Related Cases must be filed any time "it reasonably should appear that the case relates to another." L.R. 83-1.3.1.

**I.     These Cases Should Be Related Because They Arise Out of the Same Nucleus of Facts and Involve the Same Legal and Factual Issues**

The cases of *Helmann v. Code Pink* and *StandWithUs v. CodePink* should be deemed to be related. *StandWithUs* was filed on July 24, 2024. Both cases name the same two Defendants, Code Pink and Palestinian Youth Movement. The same conduct is at issue in both suits. Both suits allege that Defendants are organizations that instructed their followers that an "international war crime" was about to occur unless they converged on the Adas Torah synagogue in Los Angeles on June 23, 2024 to "stop" it from taking place by preventing people from entering the synagogue.

Therefore, in both cases, the primary issue for the Court to decide is whether in so blocking access to Adas Torah, Defendants violated the Freedom of Access to Clinic Entrances Act of 1994 ("FACE Act"), which prohibits intentionally injuring, intimidating, or interfering with another who is exercising her religion "at a place of religious worship" under 18 U.S.C. § 248(a)(2), as well as the Ku Klux Klan Act (42 U.S.C. § 1985(3) and 1986), which prevent "conspire[ing] to go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal

privileges and immunities under the laws [and failing to prevent the same]… if one or more persons engaged therein do, or cause to be done, any act in furtherance of the objects of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

II. **In the Interest of Judicial Economy and Consistency, the Two Cases Should be Related**

In light of the identical Defendant organizations and factual and legal issues presented in both cases, Plaintiff submits that litigating these cases separately would create a substantial duplication of labor if heard by different judges. Moreover, it would create an unnecessary risk of inconsistent rulings. Accordingly, these cases should be deemed related cases for the purposes of Local Rule 83.1.3.1.

Dated: August 2, 2024     By:  /s/ Mark L. Javitch
                               Mark L. Javitch
                               Javitch Law Office
                               3 East 3rd Ave. Ste. 200
                               San Mateo CA 94401
                               (650) 781-8000
                               mark@javitchlawoffice.com

                               Attorney for Plaintiff
                               RONEN HELMANN