N. Joe Inumerable (Bar No. 144076)
Email: ablelaw@lawyer.com
Salomon Zavala (Bar No. 243424)
Email: szavala@zavalalawgroup.com
**ZAVALA LAW GROUP, P.C.**
811 W. 7th Street, Suite 1200
Los Angeles, California 90017
Telephone: (213) 413-0144

Attorney for Defendant,
HONOR THE EARTH

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| RONEN HELMANN, CAMERON HIGBY, and JUDIT MAULL,<br><br>Plaintiffs,<br><br>vs.<br><br>CODEPINK WOMEN FOR PEACE, a California entity, CODEPINK ACTION FUND, a California entity, HONOR THE EARTH, a Minnesota entity, COURTNEY LENNA SCHIRF, and REMO IBRAHIM, d/b/a PALESTINIAN YOUTH MOVEMENT, and JOHN AND JANE DOES 1-20,<br>Defendants. | CASE NO. 2:24-C-05704-SVW-PVC<br>*Assigned for all purposes to:*<br>*Honorable Stephen V. Wilson*<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT HONOR THE EARTH'S MOTION TO STRIKE AND DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Hearing Date:  November 18, 2024<br>Time:                1:30 p.m.<br>Dept.:                10A |

**TABLE OF CONTENTS**

I.   INTRODUCTION ...................................................................................... 5

II.  STATEMENT OF THE CASE ................................................................. 5

III. DEFENDANT HTE'S MOTION TO STRIKE ........................................ 7

IV.  DEFENDANT HTE'S MOTION TO DISMISS ..................................... 8

   A.  Lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) ........................ 8

   B.  Failure To State a Claim Under Fed. R. Civ. P. 12(b)(6) ............................ 12

     i.   Failure to State a Claim for Count I: 18 U.S.C. § 248(a)(2) Freedom of Access to Clinic Entrances ................................................................. 13

     ii.  Failure to State a Claim for Counts II and III: 42 U.S.C. § 1985(3) or 42 U.S.C. § 1986 .................................................................................. 14

     iii. Failure to State a Claim under Count IV: Cal. Penal Code § 423.2 ....... 15

V.   CONCLUSION ....................................................................................... 17

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Johnson,* 355 F.3d 1179, 1183 (9th Cir. 2004)..........................................12

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ............................................................12

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ............................................12

*Calder v. Jones*, 465 U.S. 783 (1984) ......................................................................10

*CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1077 (9th Cir.)......10, 11

*Daimler AG v. Bauman,* 571 U.S. 117 (2014) ........................................................... 9

*Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir.2010).....................12

*Graco Minnesota Inc. v. PF Brands, Inc.*, No. 18-CV-1690-WQH-AGS, 2019 WL 1746580, at *4 (S.D. Cal. Apr. 17, 2019) ............................................................10

*Insurance Co. of N. Am. v. Marina Salina Cruz,* 649 F.2d 1266, 1270 (9th Cir. 1981) ...................................................................................................................... 9

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) ......................................... 9

*Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988) ....15

*Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987) ................................................. 9

*Lemus v. Thanh BBQ & Noodle, Inc.*, Case No. 17-cv-01890-NC (N.D. Cal. Jul 10, 2018) .......................................................................................................................7

*Loomis v. Slendertone Distribution, Inc.,* 420 F. Supp. 3d 1046, 1064 (S.D. Cal. 2019) ........................................................................................................9,10, 11,13

*Mendiondo v. Centinelal Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008) .12

*Muskan Food & Fuel, Inc. v. City of Fresno*, 284 Cal. Rptr. 3d 453, 466 (Cal. Ct. App. 2021) ............................................................................................................14

*Nielson v. Legacy Health Sys.*, 230 F. Supp. 2d 1206, 1210 (D. Ore. 2011 ...........14

*Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998) .................11

*Planned Parenthood of the Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 290 F.3d 1058, 1074 (9th Cir. 2002).................................................14

Case 2:24-cv-05704-SVW-PVC   Document 40-1   Filed 10/14/24   Page 4 of 18   Page ID #:190

*Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587 (9th Cir. 1993) ................................. 9

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) ...... 8,10

*Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir. 1990) ........................................ .8,9

*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)...................7

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011)......................................................12

*Usher v. Los Angeles*, 828 F.2d 556 (9th Cir. 1987)..............................................14

*Villamor v. Madera Cnty. Sheriff Dept.*, No. 1:12-cv-00644-AWI-MJS, 2013 WL 566385, at *1 (E.D. Cal. Jan. 11, 2013)...............................................................12

*Walden v. Fiore*, 571 U.S. 277, 288 (2014) .........................................................10

*Wilkins v. Gonzales*, 2017 WL 1192106, No. 2:16-cv-0347 KJM KJN P, at *1 (E.D. Cal. Mar 30, 2017) .................................................................................14

**Statutes**

 Cal. Civ. Proc. Code§ 423.4  ........................................................................ 15, 16

Cal. Civ. Proc. Code § 410.10 ................................................................................ 9

California Penal Code § 423.2 ....................................................................... *passim*

**Other Authorities**

**42 U.S.C. § 1985(3)** .......................................................................................14, 15

**42 U.S.C. § 1986**............................................................................................17, 18, 19

First Amendment right of religious freedom at a place of religious worship. ..15, 16

Freedom of Access to Clinic Entrances (FACE) Act...........................................7, 13

Ku Klux Klan Act,  42 U.S.C.1985(3) ....................................................................7

*Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1139 (N.D. Cal. 2010) ......................................................................................................................7

**Rules**

Fed. R. Civ. P. 12(b)(2)..........................................................................................8

Federal Rule of Civil Procedure 12(f)...................................................................7

*SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) ......................................7

DEFENDANT HONOR THE EARTH'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AND DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

# <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTON TO STRIKE AND DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT</u>

## I.   INTRODUCTION

Defendant Honor the Earth ("HTE") should not be a party to this case. Plaintiffs RONEN HELMANN, CAMERON HIGBY, and JUDIT MAULL's (collectively herein, "Plaintiffs") assertion that HTE was "doing business as" the Palestinian Youth Movement ("PYM") is patently false and should be stricken from Plaintiffs' First Amended Complaint ("FAC").

Further, this Court lacks personal jurisdiction over HTE, which is a Minnesota registered nonprofit corporation, with its registered primary address being 607 Main Avenue, Callaway, Minnesota, 56521, and its registered agent being Northwest Registered Agent LLC, 202 N. Cedar Avenue, Suite 1, Owatonna, Minnesota 55060. The FAC is devoid of any allegations that HTE committed any act or omission inside, or having an effect in, the State of California.

Further, the FAC fails to state a claim against HTE upon which relief may be granted. The FAC is devoid of factual allegations that HTE committed any of the acts alleged in the FAC. The FAC is likewise devoid of any allegations that HTE conspired to comment on any of the acts alleged in the FAC.

As such, the FAC should be dismissed with prejudice as to Defendant HTE.

## II.   STATEMENT OF THE CASE

Plaintiffs claim that on June 23, 2024, anti-Israel protestors converged in front of the Adas Torah Synagogue on Pico Boulevard in Los Angeles (the "Synagogue") for the purpose of preventing entrance into the synagogue.  The FAC claims that Defendant CodePink Women for Peace, a California-registered nonprofit organization, "used social media and/or other means to incite followers" to so converge on the synagogue. The FAC further claims that Defendant HTE, "d/b/a

Palestinian Youth Movement," also used social media and or other means to incite followers to so converge on the synagogue. Plaintiffs claim that Defendant Courtney Schirf "d/b/a/ PYM" is the lead organizer for PYM and instigated the attack on the synagogue by posting on social media. Plaintiffs claim that Defendant Remo Ibrahim "d/b/a PYM," is the head of the local chapter of the PYM for Los Angeles and organized and instigated the attack on the synagogue by posting on social media. Finally, the FAC claims that Defendants John and Jane Does 1-20 are unknown individuals who "assaulted and threatened Plaintiff or joined in the conspiracies alleged…"

Regarding the Plaintiffs who have brought this lawsuit, the FAC claims that Ronen Helmann ("Helmann"), who resides in the Pico-Robertson Neighborhood of Los Angeles, California, was walking around his neighborhood on an unknown date when he encountered a group of unknown people, who are identified in the FAC as JANE DOES 1-3 and JOHN DOES 2 – 11. Helmann saw JANE DOES 1-3 "walking from house to house," that they "appeared to be taking pictures of houses with Mezuzahs" and that they "were marking the cars that they suspected were associated with houses with Mezuzah." After observing the conduct of these unknown JANE DOES, Helmann decided he would go to the Synagogue and then saw JOHN DOES 2-11 standing and blocking the entrance to the Synagogue. Helmann saw that JOHN DOES 2-11 "had backpacks and bear spray." JOHN DOES 2-11 approached Helmann, took his picture, and yelled racial and ethnic slurs and comments to him. Helmann then went home as he decided it was not safe to enter the Synagogue.

The FAC states that Plaintiff Cameron Higby ("Higby") is a journalist and videographer who attended "the event as a journalist to take videos and post updates." While standing in the street and filming the Synagogue, Higby saw an unknown person, identified in the FAC as JOHN DOE 12, who bear-sprayed Higby in the face.

Regarding Plaintiff Judit Maull ("Maull"), the FAC states that Maull is a film producer who was driving home eastbound on Pico when she decided to park her car and find out what was going on in her neighborhood. Maull apparently walked around, looking at people, until she was bear-sprayed by an unknown person. The unknown person is not identified even as a JOHN or JANE DOE in the FAC. *See FAC, para. 61.*

The three (3) identified Plaintiffs, Helmann, Higby and Maull, bring four (4) claims against all Defendants, including Defendant HTE: (1) a violation of the Freedom of Access to Clinic Entrances (FACE) Act under 18 U.S.C. 248(a)(2); (2) conspiracy to interfere with civil rights under the Ku Klux Klan Act, 42 U.S.C.1985(3); (3) failure to prevent conspiracy to interfere with civil rights under the Ku Klux Klan Act, 42 U.S.C. § 1986; and California *Penal Code* § 423.2, and (4) threatening and intimidating persons.

### III.   DEFENDANT HTE'S MOTION TO STRIKE

Federal Rule of Civil Procedure 12(f) provides that a Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter. " "The grounds for a motion to strike must appear on the face of the complaint or from matter which the court may judicially noticed.... " *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1139 (N.D. Cal. 2010); *see also SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). " [T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . . " *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *see Lemus v. Thanh BBQ & Noodle, Inc.*, Case No. 17-cv-01890-NC (N.D. Cal. Jul 10, 2018). Herein, the Court should strike all portions of the FAC which allege that Defendant Honor the Earth was doing business as the Palestinian Youth Movement because said statement is false. *See Stearns,* 763 F. Supp. 2d at 1145 ("A trial judge has the authority to strike pleadings

that are 'false and sham.'") (citation omitted).

Defendant HTE is a Minnesota nonprofit corporation and does not "do business as" the Palestinian Youth Movement. In Minnesota, for a corporation to conduct business under a name other than its legal name, they must file the Assumed Name/DBA form with the Minnesota Secretary of State.[1] Defendant HTE conducts business only as HTE and not as PYM or any other entity.[2] HTE does not "do business as" PYM but merely agreed to, one time, assist with fundraising for PYM. The FAC lacks any facts demonstrating how HTE's assist with fundraising for PYM translates to the "doing business as" claim baselessly asserted by the Plaintiffs.

As Plaintiffs' allegation that HTE "does business as" PYM is a falsehood claimed by the Plaintiffs in their pursuit of financial gain, said statement should be stricken from the FAC. Further, as the sole basis for bringing suit against HTE was Plaintiffs' false claim that HTE "does business as" PYM, it follows that Defendant HTE should likewise be stricken or dismissed as a party defendant from this case completely.

### IV. DEFENDANT HTE'S MOTION TO DISMISS

**A. Lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2)**

This Court lacks personal jurisdiction over Defendant HTE. Rule 12(b)(2) allows a Defendant to move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When a defendant files a motion to dismiss, the plaintiff then has the burden to demonstrate proper jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir. 1990)).

///

---

[1] https://www.sos.state.mn.us/business-liens/business-forms-fees/assumed-namedba/

[2] https://mblsportal.sos.state.mn.us/Business/SearchDetails?filingGuid=02edd661-ce5f-e111-b001-001ec94ffe7f

"There are two limitations on a court's power to exercise personal jurisdiction over a nonresident defendant: the applicable state personal jurisdiction rule and constitutional principles of due process." *Sher,* 911 F.2d at 1360. California's jurisdictional statute is coextensive with the federal due process requirements and as such, jurisdictional questions under state law and federal due process standards are accomplished under one analysis. *Daimler AG v. Bauman,* 571 U.S. 117, 125 (2014); *Rano v. Sipa Press*, *Inc*., 987 F.2d 580, 587 (9th Cir. 1993); *see also* Cal. Civ. Proc. Code § 410.10.  Exercising jurisdiction over a nonresident defendant violates the due process clause protections unless the defendant has "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted); *see also Loomis v. Slendertone Distribution, Inc.,* 420 F. Supp. 3d 1046, 1064 (S.D. Cal. 2019).

Herein, the Plaintiffs erroneously claim personal jurisdiction over HTE based on the theory of specific jurisdiction: Plaintiffs claim that HTE "caused injuries to Plaintiffs by acts and omissions inside, or having an effect in this district and in the State of California." *See FAC, para. 19.* A review of the allegations herein demonstrates that the Plaintiffs cannot show personal jurisdiction over HTE.

In California, specific jurisdiction is analyzed using a three-prong test: "(1) the nonresident defendant must purposefully direct [its] activities or consummate some transaction with the forum or a resident thereof; or perform some act by which [it] purposefully avails [itself] of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987). The party invoking the Court's jurisdiction must meet each of these conditions. *See Insurance*

*Co. of N. Am. v. Marina Salina Cruz,* 649 F.2d 1266, 1270 (9th Cir. 1981); see *Loomis*, 420 F. Supp. 3d at 1067.

    *(1)    Purposeful Direction*

A plaintiff can satisfy the first element in the analysis by showing that the defendant "purposefully directed" its conduct toward the forum state, or "purposefully availed" itself of the privilege of doing business in the forum. *Schwarzenegger*, 374 F.3d at 802. As set forth in *Calder v. Jones*, 465 U.S. 783 (1984), the "effects" test . . . requires that 'the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1077 (9th Cir.) (citations omitted); see *Loomis*, 420 F. Supp. 3d at 1067.

    **"Intentional act"** means "an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Schwarzenegger,* 374 F.3d at 806; *Loomis*, 420 F. Supp. 3d at 1068. Here, the only allegation tying HTE to PYM is the fact that HTE had been engaged to assist with fundraising capacity for PYM. The FAC lacks any allegations demonstrating how Defendant HTE's one-time assistance with fundraising activities evinces an intent to perform an actual, physical act in the State of California. As such, no "intentional act" can be demonstrated sufficient to accomplish personal jurisdiction.

    **"Express aim"** requires a plaintiff to prove that the effects caused by the defendant's conduct (the plaintiff's injury), "connected the [defendant's] conduct to *California*, not just to a plaintiff who lived there." *Walden v. Fiore*, 571 U.S. 277, 288 (2014). "A plaintiff does not show express aiming by alleging injuries that are 'entirely personal to him and would follow him wherever he might choose to live or travel' and 'not tethered to California in any meaningful way.'" *Graco Minnesota Inc. v. PF Brands, Inc.*, No. 18-CV-1690-WQH-AGS, 2019 WL 1746580, at *4

(S.D. Cal. Apr. 17, 2019). Here, the Plaintiffs' only allegation in support of personal jurisdiction is that they encountered personal damages. The FAC iterates the personal damages suffered by the Plaintiffs at the hands of unknown and unnamed actors. Nothing within the FAC demonstrates that Defendant HTE caused any injury connected to the State of California.

"**Foreseeable harm**" means that a defendant causes "harm that the defendant knows is likely to be suffered in the forum state." *CollegeSource, Inc.*, 653 F.3d at 1078. Again, herein, the only allegation concerning HTE is that it agreed to assist with fundraising for PYM. Importantly, HTE is incorporated in the State of Minnesota, HTE has its place of business in the State of Minnesota, and its registered agent is located in the State of Minnesota. Nothing about HTE's connection to PYM evinces the foreseeability that unknown actors wearing masks would decide to unleash bear spray upon random members of the public in the State of California. As such, the Plaintiffs have failed to provide any facts demonstrating the needed "foreseeable harm" element for personal jurisdiction.

        (2)    *Arises Out of the Activities*

"A claim arises out of a defendant's conduct if the claim would not have arisen 'but for' the defendant's forum-related contacts." *Loomis*, 420 F. Supp. 3d at 1070-71 (quoting *Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998)). Again, the FAC lacks any facts showing that Defendant HTE had any "forum-related" activities. Further, the actions of unknown individuals in converging in Los Angeles and spraying random members of the public with bear spray are completely unrelated to the HTE's fundraising assistance to PYM, and the FAC fails to demonstrate otherwise.

        (3)    *Reasonableness of Jurisdiction*

The reasonableness of jurisdiction element is only considered once the plaintiff satisfies the first two prongs of the personal jurisdiction test. *See Loomis*,

420 F.3d at 1071. As set forth above, the Plaintiffs fall woefully short of meeting any of the elements to demonstrate personal jurisdiction, and, as such, jurisdiction in the State of California remains unreasonable and improper.

Based on the foregoing, it is clear that this Court lacks personal jurisdiction over HTE, and, accordingly, HTE should be dismissed from this suit.

**B.     Failure To State a Claim Under Fed. R. Civ. P. 12(b)(6)**

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate when a "complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinelal Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (2007).

"[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss[.]" *Adams v. Johnson,* 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."). "[T]he court need not accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, unwarranted deductions of fact or unreasonable inferences." *Villamor v. Madera Cnty. Sheriff Dept.*, No. 1:12-cv-00644-AWI-MJS, 2013 WL 566385, at *1 (E.D. Cal. Jan. 11, 2013) (citing *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir.2010)). In reviewing

a 12(b)(6) motion to dismiss, "a court can take judicial notice of matters of public record and of documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Loomis*, 420 F. Supp 3d at 1062 (internal quotation marks and citations omitted).

### C. Failure to State a Claim for Count I: 18 U.S.C. § 248(a)(2) Freedom of Access to Clinic Entrances

Plaintiffs have failed to state a claim under 18 U.S.C. § 248(a)(2), Freedom of Access to Clinic Entrances. As claimed in the FAC, 18 U.S.C. § 248(a)(2), prohibits a person from intentionally injuring, intimidating, or interfering with another who is exercising her religion "at a place of religious worship." The FAC brings Count I on behalf of all Plaintiffs. *See FAC, para. 74*.

However, the FAC is completely devoid of any facts concerning the religion or religious practice of either Plaintiff Higby or Plaintiff Maull. The FAC does not include any factual allegations that Plaintiffs Higby or Maull were injured, intimidated, or interfered with in the exercise of their religion by HTE or anyone else. In fact, the FAC states that Plaintiff Higby was present outside the synagogue as a journalist to take videos and post updates. As for Plaintiff Maull, the FAC states she just happened to be driving by, encountered a blocked-off street, and decided "to find out what was going on…." *See FAC, para 57*. At no time does the FAC allege that either Plaintiff Higby or Plaintiff Maull attempted to practice their religion at a place of worship but were prohibited from doing so.

Further, the FAC lacks any factual allegations that Defendant HTE did anything by force or threat of force to any of the Plaintiffs. For purposes of 18 U.S.C. § 248, whether a statement is considered a "threat" "is governed by an objective standard–whether a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates the statement as a serious

expression of intent to harm or assault." *Muskan Food & Fuel, Inc. v. City of Fresno*, 284 Cal. Rptr. 3d 453, 466 (Cal. Ct. App. 2021) (citing *Planned Parenthood of the Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 290 F.3d 1058, 1074 (9th Cir. 2002)). The only information concerning HTE within the FAC is that it assisted with fundraising for PYM. Nothing about this information includes, nor could be interpreted to include, an expression by HTE of an intent to harm or assault anyone.

As Plaintiffs have failed to allege sufficient facts to support a cognizable theory that Defendant HTE violated 18 U.S.C. § 248(a)(2), said claim should be dismissed as to Defendant HTE.

### D. Failure to State a Claim for Counts II and III: 42 U.S.C. § 1985(3) or 42 U.S.C. § 1986

In addition to Plaintiffs' deficient pleading, as otherwise described herein, the Plaintiffs completely fail to allege any facts in support of claims under either 42 U.S.C. §§ 1985(3) or 1986. The FAC purports to bring claims under both §§ 1985(3) and 1986 on behalf of all Plaintiffs. *See FAC, para. 78 - 85*.

"[42 U.S.C.§ 1985(3)] prohibits conspiracies to deprive a person of equal protection of the laws. In order to state a claim under §1985(3), plaintiff must establish that a conspiracy existed to deprive him of equal protection of the law and that the conspiracy was based on discriminatory hostility toward the protected class." *Wilkins v. Gonzales*, 2017 WL 1192106, No. 2:16-cv-0347 KJM KJN P, at *1 (E.D. Cal. Mar 30, 2017) (citing *Nielson v. Legacy Health Sys.*, 230 F. Supp. 2d 1206, 1210 (D. Ore. 2011); *Usher v. Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)). Here, Plaintiffs fail to state a colorable conspiracy claim under § 1985(3) because they: (1) fail to allege facts demonstrating that Defendant HTE conspired with anyone to do anything; (2) fail to allege facts demonstrating that Defendant HTE conspired with anyone to deprive any Plaintiff of the equal protection of the law; (3) fail to allege any facts demonstrating that Defendant HTE conspired for anyone to wear a mask;

(4) fail to allege facts demonstrating that either Plaintiff Higby or Plaintiff Maull were members of a protected class; (5) fail to allege facts demonstrating that either Plaintiff Higby or Plaintiff Maull were engaged in the First Amendment right to assembly; and (6) fail to allege facts demonstrating that Defendant HTE committed any act which caused injury to any Plaintiff.

As stated herein, the Plaintiffs also fail to state a conspiracy claim under 42 U.S.C. § 1986. "Section 1986 imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation. A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988). As the Plaintiffs here do not state a colorable claim under § 1985, their claim under § 1986 must fail.

The Plaintiffs' mere recitation of the elements of the claim under Counts II and III, absent any allegations of underlying facts in support of same, must fail, and the claims against Defendant HTE under 42 U.S.C. §§ 1985(3) and 1986, should be dismissed.

### E.   Failure to State a Claim under Count IV: Cal. Penal Code § 423.2

Plaintiffs fail to state a claim against Defendant HTE under California *Penal Code* § 423.2 for multiple reasons. The FAC purports to bring Count IV on behalf of all Plaintiffs. *See FAC, para. 86*. Cal. *Penal Code* § 423.2 provides that any person who commits the following acts is subject to the punishment of § 423.3: "[b]y force, threat of force, or physical obstruction that is a crime of violence, intentionally injures, intimidates, interferes with, or attempts to injure, intimidate, or interfere with a person lawfully exercising or seeking to exercise the First Amendment right of religious freedom at a place of religious worship." Cal. *Penal Code* § 423.2. Further, § 423.4, provides that any person aggrieved by can bring a civil action for damages.

///

1  As similarly stated above, the FAC is devoid of any factual allegations that Defendant HTE did anything by force or threat of force to any of the Plaintiffs. The sole factual statement as to Defendant HTE is that HTE assisted with fundraising for PYM. Nothing within the FAC provides a basis to expand fundraising assistance into a plan to commit acts of violence or to interfere with any person's civil rights.

As to Plaintiffs Higby and Maull, the FAC is devoid of any allegation that they were, at any time relevant to the FAC, lawfully exercising or seeking to exercise their First Amendment right of religious freedom at a place of religious worship. As such, Plaintiffs Higby and Maull are not permitted to bring a claim under Cal. *Penal Code* § 423.2, since "only a person lawfully exercising or seeking to exercise the First Amendment right of religious freedom in a place of religious worship, or the entity that owns or operates a place of religious worship, may bring an action under subdivision (b), (d), or (f) of Section 423.2. " Cal. *Penal Code* § 423.4.

In addition, Plaintiffs have impermissibly pled actions under both 18 U.S.C. § 248 (federal Freedom of Access to Clinic Entrances Act of 1994), and Cal. *Penal Code* § 423.2. Simultaneous liability under these laws is prohibited: "No person shall be found liable under this section for conduct in violation of Section 423.2 done on a particular occasion where the identical conduct on that occasion was the basis for a finding of liability by that person under the federal Freedom of Access to Clinic Entrances Act of 1994 (18 U.S.C. Sec. 248)." Cal. *Penal Code* § 423.4(c).

As Plaintiffs have failed to allege sufficient facts to support a cognizable theory of recovery against Defendant HTE under Cal. *Penal Code* § 423.2, said claim should be dismissed as to Defendant HTE.

///
///
///
///

## V.   CONCLUSION

Based on the foregoing, Defendant HTE requests that the Court grant its Motion to Strike and Dismiss the Plaintiffs First Amended Complaint as to Defendant HTE. Defendant HTE requests that it be dismissed from this matter without leave to amend, as amendment would be futile.

Respectfully Submitted, on the 14th day of October, 2024.

**ZAVALA LAW GROUP, P.C.**

*/s/ N. Joe Inumerable*
N. JOE INUMERABLE, ESQ.
Attorney for Defendant
HONOR THE EARTH

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Honor the Earth certifies that this brief contains 4,725 words, which complies with the word limit of L.R. 11-6.1.

**ZAVALA LAW GROUP, P.C.**

*/s/ N. Joe Inumerable*
N. JOE INUMERABLE, ESQ.
Attorney for Defendant
HONOR THE EARTH

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the action. My business address is:

**ZAVALA LAW GROUP, P.C.**
811 W. 7th Street, Suite 1200
Los Angeles, CA 90017

On October 14, 2024, I served the foregoing document described as **MEMORANDUM IN SUPPORT OF DEFENDANT HONOR THE EARTH'S MOTION TO STRIKE AND DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** on the interested parties in this action via CM/ECF system following the Central District of California Local Rules for service upon the parties listed below:

3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Email: mark@javitchlawoffice.com
Attorney for Plaintiffs

Dated: October 14, 2024            _____*Lauren Sti*_____
                                         Lauren Sules