1  Mark L. Javitch (CA SBN 323729)
   Javitch Law Office
2  3 East 3rd Ave. Ste. 200
   San Mateo, CA 94401
3  Telephone: 650-781-8000
4  Facsimile: 650-648-0705
5  mark@javitchlawoffice.com

6  *Attorney for Plaintiff*

7

8

9                UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11

12 RONEN HELMANN,                          Case No.:  2:24-cv-05704-SVW-PVC

13           Plaintiff,                     MEMORANDUM OF POINTS AND
                                            AUTHORITIES IN SUPPORT OF
14 v.                                       PLAINTIFF'S OPPOSITION TO
                                            HONOR THE EARTH'S MOTION TO
15 CODEPINK WOMEN FOR PEACE, a              STRIKE AND MOTION TO DISMISS
   California entity, CODEPINK ACTION
16 FUND, a California entity, HONOR THE
   EARTH, a Minnesota entity,
17 COURTNEY LENNA SCHIRF, and
   REMO IBRAHIM, d/b/a PALESTINIAN
18 YOUTH MOVEMENT, and JOHN AND
   JANE DOES 1-20,
19
20          Defendants.

21

22

23

24

25

26

27

28

                              i

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Honor the Earth is providing funding and support for Palestinian Youth Movement ("PYM"), an organization that has no registration. Honor the Earth asserts it can provide operational support for a lawless, unregistered organization, and apparently escape any legal consequences.

But Honor the Earth's substantial assistance and intertwined relationship with the PYM defendants means this Court does have jurisdiction because it is PYM's agent and civil conspirator, both in facilitating the attack on Adas Torah Synagogue and permitting PYM to operate as a lawless entity generally. Accordingly, the First Amended Complaint states a claim against Honor the Earth as an agent and civil conspirator of PYM. Therefore, Plaintiff requests that the Court deny Honor the Earth's motion to strike and motion to dismiss.

### II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

CODEPINK WOMEN FOR PEACE, CODEPINK ACTION FUND, (together "Code Pink") COURTNEY LENNA SCHIRF ("Defendant" or "Ms. Schirf"), and REMO IBRAHIM, ("Defendant," or "Mr. Ibrahim") on behalf of HONOR THE EARTH d/b/a PALESTINIAN YOUTH MOVEMENT ("Defendant" or "PYM") (together, "Defendants") organized their Hamas supporters to target and converge on a single local Jewish place of worship, Adas Torah Synagogue on Pico Boulevard, in the heart of the Los Angeles Jewish community. First Amended Complaint, Dkt. 15 ¶ 2.

The attack was organized, publicized, aided, and funded by Code Pink and PYM, two organizations that seek to destroy the Jewish state of Israel, and joined by Ms. Schirf, PYM's lead organizer, and Mr. Ibrahim, PYM's lead organizer for PYM's local chapter, JOHN AND JANE DOE 1-20 (together, "Defendants") in an unlawful effort to use violence, intimidation, and threats to prevent Jewish people from accessing the synagogue and exercising their religion. *Id*. ¶ 5.

On or around June 20, 2024, Defendants rallied their Hamas supporters to attack people and block Jewish people from going to an Israel related event at Adas Torah. *Id*. ¶ 20. Defendants targeted Jewish practices to incite their supporters to cause chaos, violence, and block the entrance to the synagogue, all because of their hatred of Zionism, the Jewish connection to the land of Israel. *Id*. ¶ 23.

On June 20, 2024, Defendant Code Pink targeted the synagogue in the Pico-Robertson neighborhood of Los Angeles on social media by telling their supporters that "A Mega Zionist Real Estate Event Is in LA this week." *Id*. ¶ 24. Code Pink incited its followers to "Bring flags, posters and megaphones. No Peace on Stolen Land." *Id*. ¶ 25.

PYM also called on its followers to target the event as well. *Id*. ¶ 26. PYM operates as an arm of Honor the Earth. *Id*. ¶ 27.

On PYM's website, it states:

> As a grassroots, volunteer-driven organization, we rely on your contributions and the support of our community. All US based contributions are tax-deductible and you will promptly receive your tax deduction information.

> We also accept checks payable to "Honor the Earth" and mailed to 1430 Haines Ave STE 108 #225, Rapid City, SD, 57701. Please indicate "PYM" in the memo line.
> Thank you!
> Contact: palyouth.usa@gmail.com

See Exhibit A attached to Declaration of Mark L. Javitch. ¶¶ 3-4

Schirf and Ibrahim (on behalf of PYM) promoted the attack under the name of PYM on their Instagram profiles. *Id*. ¶ 27. Protest fliers posted on social media said, "Our Land Is Not For Sale," and condemned "land theft," according to a PYM Instagram post from the local chapter of the Palestinian Youth Movement. *Id*. ¶ 28. "Racist settler expansionists are not welcome in Los Angeles!" said PYM LA. "This blatant example of land theft is operating in our own backyard. The Nakba [the catastrophe that was the founding of the state of Israel] is ongoing and must be confronted!" *Id*. ¶ 29.

2:24-cv-05704-SVW-PVC
MEMO. IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE AND DISMISS

On Sunday, June 23, 2024, about two hundred of Defendants' protestors gathered to block access to the synagogue. *Id.* ¶ 30. Participants blocked traffic, and video shows multiple altercations broke out in the middle of the street and on sidewalks. *Id.* ¶ 31. Defendants and their supporters were armed with and used bear spray – strong enough to repel bears – and not meant for humans. *Id.* ¶ 37.

Plaintiff Ronen Helmann was walking in the Pico Robertson neighborhood where he resides and where Adas Torah is located. Helmann frequently congregates and prays at Adas Torah. *Id.* ¶ 40. Helmann noticed JANE DOES 1-3, women who were wearing headscarves and masks covering their faces, walking from house to house. *Id.* ¶ 41. Helmann saw JANE DOES 1-3 were checking the doors of the houses for Mezuzahs (typically seen on doorposts of Jewish homes). They appeared to be taking pictures of houses with Mezuzahs. *Id.* ¶ 42. Helmann also noticed JANE DOES 1-3 were marking the cars that they suspected were associated with houses with Mezuzahs. They were communicating on cell phones. *Id.* ¶ 43.

Plaintiff became frightened, so he began walking towards Adas Torah to congregate with other community members and pray for the safety of the synagogue. *Id.* ¶ 44. As he got closer to the synagogue, Plaintiff saw a mob of anti-Israel protesters (JOHN DOES 2-11) standing in the way of the entrance to the synagogue. *Id.* ¶ 45. Helmann saw JOHN DOES 2-11 had backpacks and bear spray. They were wearing masks. He was afraid they may have other weapons. *Id.* ¶ 46. As Helmann walked towards Adas Torah, JOHN DOES 2-11 approached Plaintiff with cameras and came right up to his face and took pictures of him. *Id.* ¶ 47. JOHN DOES 2-10 came very close to Helmann's face and started yelling at him. *Id.* ¶ 48. JOHN DOE 2 yelled at Helmann calling him a "nazi." JOHN DOE 3 yelled, "Hitler didn't finish the job." JOHN DOE 4 yelled, "baby murderer." JOHN DOE 5 yelled "colonizers." JOHN DOE 6 said, "to which God are you praying?" JOHN DOE 7 yelled, "leave the neighborhood, we are coming!" JOHN DOE 8 yelled itbach el yehud ("slaughter the Jews" in Arabic). JOHN DOES 9-11 yelled other racial and ethnic slurs about Jews. *Id.* ¶ 49. Because of the

3

MEMO. IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE AND DISMISS

intimidating and threating presence and conduct of the Defendants, Plaintiff decided it was not safe to enter the synagogue to pray, so Plaintiff instead returned to his home. *Id.* ¶ 50.

On July 7, 2024, Plaintiff filed suit against Defendant CodePink Women for Peace, Palestinian Youth Movement, and JOHN and JANE DOES 1-20. Dkt. 1. On August 16, 2024, Plaintiffs RONEN HELMANN, CAMERON HIGBY, and JUDIT MAULL filed their First Amended Complaint for claims for 18 U.S.C. § 248(a)(2) Freedom of Access to Clinic Entrances, 42 U.S.C. § 1985(3) or 42 U.S.C. § 1986, and Cal. Penal Code § 423.2. Dkt. 15. On October 14, 2024, Honor the Earth filed the present motion to strike and dismiss. Dkt. 40. On October 23, 2024, Plaintiffs HIGBY and MAULL voluntarily dismissed their claims without prejudice. Dkt. 46. Now before the Court is Plaintiff RONEN HELMANN's opposition to Honor the Earth's motion to strike and dismiss.

## III.  LEGAL ARGUMENT

### A.    The Court Has Personal Jurisdiction Over Honor the Earth Because PYM, Ibrahim, and Schirf's Contacts Must Be Imputed to Honor the Earth

Honor the Earth argues that the Court does not have jurisdiction over it because it is a Minnesota entity, but that argument assumes that it has no relationship with the other Palestinian Youth Movement Defendants. Honor the Earth can be held liable for its relationship with PYM and because it is acting in concert and on behalf of PYM. Honor the Earth does not challenge this Court's personal jurisdiction over PYM, Ibrahim, or Schirf, who Plaintiff alleges acted intentionally towards California to cause a disruption in this state. Honor the Earth does not dispute that the other PYM defendants satisfy the elements of personal jurisdiction. The only issue is the relationship with Honor the Earth. If Plaintiff establishes a sufficient relationship between Honor the Earth and the other PYM defendants, the Court should also find personal jurisdiction over Honor the Earth. These contacts with California must be imputed to Honor the Earth here as agents and co-conspirators of the unregistered entity PYM, Defendants Courtney Lenna Schirf and Defendant Remo Ibrahim, who also appear to act on behalf of PYM.

MEMO. IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE AND DISMISS

Further, it would not be unreasonable to exercise personal jurisdiction over Honor the Earth. Honor the Earth cannot put its head in the sand and claim it does not expect to be haled into Court for its affiliation with PYM. Honor the Earth is knowingly assisting the other PYM Defendants evade the law generally with regards to its lack of registration in any jurisdiction and lack of tax exempt status, and specifically by being willing to be its fundraiser and fiscal sponsor before, during, and after the Adas Torah attack.

## B.    Plaintiff States a Claim Against Honor the Earth

Honor the Earth does not argue that Plaintiff fails to state a claim against any of the Palestinian Youth Movement Defendants. Honor the Earth generally fails to acknowledge that it can be held liable for the actions of its agents and co-conspirators. Indeed, Plaintiff states a claim against PYM and Honor the Earth cannot be said to be acting separately from PYM. They are acting as one organization with regards to each other as if Honor the Earth is the fundraising department of PYM. Without holding Honor the Earth liable, it would enable PYM to continue to be run as a lawless, unregistered entity.

### 1.    Plaintiff States a Claim Against Honor the Earth under 18 U.S.C. § 248(a)(2) and Cal. Penal Code § 423.2(b)

The Freedom of Access to Clinics Entrances is designed to ensure that places of worship remain accessible and safe for all individuals seeking to exercise their religious freedoms. The elements of a claim under 18 U.S.C. § 248(a)(2) Freedom of Access to Clinic Entrances are (1) the defendant, by force or threat of force or by physical obstruction, (2) intentionally injures, intimidates, or interferes with or attempts to injure, intimidate, or interfere with any person, (3) who is lawfully exercising or seeking to exercise the First Amendment right of religious freedom at a place of religious worship. *See Jingrong v. Chinese Anti-Cult World Alliance Inc*., 16 F. 4th 47, 56 (2d Cir. 2021). A person is authorized to sue under § 248(a)(2) only if she was "lawfully exercising or seeking to exercise the First Amendment right of religious freedom at a place of religious worship or by the entity that owns or operates such place of religious worship." Id. §

MEMO. IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE AND DISMISS

248(c)(1)(A). Cal Penal Code § 423.2(b) makes the same conduct a violation under state law.

Honor the Earth argues these claims cannot be brought together, but does not cite any courts dismissing claims for this reason. Plaintiff's allegations are sufficient to state a claim under both 18 U.S.C. § 248(a)(2) and Cal. Penal Code § 423.2(b). PYM falsely accused the synagogue event of being part of an "international war crime," which echoes historical antisemitic tropes and reasonably could be expected to instigate violence: Pronouncing the synagogue goers guilty of "land theft," "racist settler expansionists" implies that the synagogue's event was criminal or illegitimate. This false accusation was intended to incite violence against the Jewish community attending the synagogue. During the protest, PYM's anti-Israel demonstrators allegedly shouted "Hitler didn't finish the job" and "slaughter the Jews" along with other antisemitic slurs such as "baby murderer" and "colonizers." This inflammatory language specifically targeted Jewish attendees of the synagogue. *See United States v. Gilbert*, 884 F.2d 454, 457 (9th Cir. 1989) (stating that threat should be considered in light of entire factual context, including surrounding events and reaction of listeners), cert. denied, 493 U.S. 1082, 107 L. Ed. 2d 1044, 110 S. Ct. 1140 (1990); *United States v. Hoffman*, 806 F.2d 703, 707 (7th Cir. 1986) (holding that "true threat" is one made in context wherein reasonable person would foresee that it would be interpreted by recipient as expression of intent to inflict harm), cert. denied, 481 U.S. 1005, 95 L. Ed. 2d 201, 107 S. Ct. 1627 (1987).

These statements combined with the intimidation, violence, blocking the entrance to the synagogue and bear spraying protesters described later in the complaint, are "true threats," particularly since they were intended to disrupt what Defendants considered to be an illegal event by instilling fear in the Jewish congregants at Adas Torah Synagogue. Several people, including Jews and journalists, were physically attacked, further emphasizing the violent nature of the protest and the antisemitic undertones driving these actions. Such activity should have been expected when PYM told its supporters that they

MEMO. IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE AND DISMISS

must prevent "international war crimes" by obstructing a neighborhood synagogue. Accordingly, the FAC states a claim under 18 U.S.C. § 248(a)(2).

Honor the Earth argues that it cannot be held liable for the actions of PYM, but this ignores their relationship including the substantial assistance Honor the Earth is providing PYM, and that PYM could not exist and perform any actions without the assistance of Honor the Earth, through which it receives donations. Honor the Earth is essentially operating as the funding and fundraising arm of PYM, a non-registered, unlawful entity. Honor the Earth is an agent of PYM, Honor the Earth Ratifies PYM's conduct, and PYM's contacts may be imputed to Honor the Earth.

### 2.    Plaintiff States a Claim Against Honor the Earth Under 42 U.S.C. § 1985(3) or 42 U.S.C. § 1986

United States Code Title 42 Section 1985(3) states that if two or more persons in any state "conspire to go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws … if one or more persons engaged therein do, or cause to be done, any act in furtherance of the objects of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

Plaintiff states a claim against the PYM Defendants under 1985(3). Defendants conspired together to disguise in masks for the purpose of depriving Jewish people, including Plaintiff Ronen Helmann, of the equal protection of the laws and equal privileges and immunities under the laws, and Plaintiff incurred damages due to the actions of Defendants in being threatened and not able to access the synagogue. FAC at ¶¶ 79-80.

Plaintiff also states a claim against the PYM Defendants under Section 6 of the Ku Klux Klan Act (42 U.S.C. § 1986), which makes liable any person who knows that the

wrongs conspired to be done and mentioned in section 1985 are about to be committed, has the power to preventor aid in preventing those wrongs and yet neglects or refuses to help prevent them. Each Defendant had knowledge that the wrongs conspired to be done, as set out above, were about to be committed and neglected or refused to prevent or aid in preventing those wrongs. FAC at ¶¶ 83-85.

### C.  Honor the Earth Ratified the other Defendants' Conduct

Honor the Earth has ratified its co-defendants' actions because it has taken actions that affirm and endorse the conduct of its co-Defendants, even during and after unlawful conduct has taken place. If it disagrees or seeks to disavow PYM's conduct, it has failed to do so. This failure to dissent is approval and constitutes ratification.

Honor the Earth is enabling PYM to evade rules on illegal acceptance of Tax-Deductible Donations: Honor the Earth appears to be a properly registered 501(c)(3) organization that is permitted to accept tax-deductible donations to support its charitable causes. It appears that Honor the Earth is abusing this status for the benefit of PYM, who does not enjoy the same status. Honor the Earth is knowingly accepting donations illegally on behalf of PYM who lacks 501(c)(3) status. Honor the Earth is enabling PYM's evasion of nonprofit regulations, as PYM is operating lawlessly and not subjected to the same oversight, transparency, and accountability standards required of a registered 501(c)(3) organization.

Honor the Earth is also filtering funds to PYM and is aware that PYM uses these funds towards committing the alleged violations. Honor the Earth appears to be endorsing and enabling PYM's actions. This continues even after the alleged violations have been committed. Honor the Earth continues to accept and transfer donations to PYM even after PYM has committed the unlawful acts as described in this lawsuit. Accordingly, Honor The Earth appears to be approving of PYM's behavior. This ongoing support continues to strengthen the ratification, as Honor the Earth is consciously choosing to maintain the financial support even with knowledge of its co-defendants' misconduct.

2:24-cv-05704-SVW-PVC
MEMO. IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE AND DISMISS

But it is not simply donations and tax-exempt status – Honor the Earth is permitting PYM to operate as a lawless, unregistered entity. PYM has no registration in any state that Plaintiff can locate. Honor the Earth is arguing that Honor the Earth can facilitate PYM's lawless operations and have no agency liability for its actions. On the contrary, Honor the Earth's support of PYM through its lawless operation and committing civil violations should also expose Honor the Earth to liability,

**D.    Honor the Earth Is Also Liable Under Civil Conspiracy**

A claim for civil conspiracy consists of three elements: "(1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct." *Kidron v. Movie Acquisition Corp*., 40 Cal. App. 4th 1571, 1581, 47 Cal. Rptr. 2d 752 (1995)). To establish liability for civil conspiracy under California law, the conspiring defendants must "have actual knowledge that a tort is planned," must "concur in the tortious scheme," must have "knowledge of [the scheme's] unlawful purpose," and must "inten[d] to aid in achieving the objective of the conspiracy." *Id*. at 1582 (citation omitted).

PYM recently agreed with Honor the Earth to become its financial and fiscal sponsor. Honor the Earth's financial support and integration of the other PYM defendants, establishing knowledge before and support continuing after the Adas Torah attack, and enabling the evasion of non-profit and entity registration rules, establishes that Honor the Earth is well aware of PYM's lawless behavior and seeks to continue assisting PYM. Accordingly, Honor the Earth is liable in a civil conspiracy with the other Defendants.

**IV.    CONCLUSION**

For the reasons explained herein, Plaintiff respectfully requests the Court deny Honor the Earth's motion to strike and motion to dismiss. If the court does grant the motion to dismiss, Plaintiff requests leave to amend.

Dated: October 28, 2024        Respectfully submitted

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MARK L. JAVITCH

By: /s/ Mark L. Javitch
Mark L. Javitch (SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Tel: (650) 781-8000
Fax: (650) 648-0705

*Attorney for Plaintiff*
RONEN HELMANN

MEMO. IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE AND DISMISS

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN MATEO

At the time of service, I was over 18 years of age.  I am employed in County of San Mateo, State of California. My business address is Javitch Law Office, 3 East 3rd Ave, Ste. 200, San Mateo, California, 94401.

I declare that I served a copy of this document via the Court's Electronic Filing System to all counsel of record.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: October 28, 2024            */s/ Mark L. Javitch*

                                                      Mark L. Javitch