```
1   Mark L. Javitch (CA SBN 323729)
    mark@javitchlawoffice.com
2   Javitch Law Office
3   3 East 3rd Ave. Ste. 200
    San Mateo, CA 94401
4   Telephone: (650) 781-8000
5   Facsimile: (650) 648-0705

6   Attorney for Plaintiff
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONEN HELMANN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CODEPINK WOMEN FOR PEACE, et al.<br><br>　　　　　Defendants. | Case No.: 8:24-cv-05704-SVC-PVC<br><br>**NOTICE OF PLAINTIFFS' MOTION AND MOTION TO CONSOLIDATE CASES**<br><br>**Hon: Steven V. Wilson**<br>**Hearing Date: December 9, 2024**<br>**Time: 10:30 a.m.** |

# NOTICE OF MOTION AND MOTION TO CONSOLIDATE

PLAINTIFFS HEREBY PROVIDE NOTICE that on December 9, 2024, at 10:30 a.m., or as soon thereafter as the matter may be heard, before Hon. Steven V. Wilson, in the First Street Courthouse, 350 W. 1st Street, Courtroom 10A, 10th Floor, Los Angeles, California 90012, RONEN HELMANN ("Plaintiff") and StandWithUs Center for Legal Justice ("SCLJ" or together, "Plaintiffs") will and hereby move the Court to Consolidate this case with *StandWithUs Center for Legal Justice v. CodePink, et al.*, 2:24-cv-06253-SVW-PVC (filed July 24, 2024), The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, and Oral Argument.

The Motion is made under Fed. R. Civ. P. 42(a) on the grounds that both cases are pending before this Court and share common questions of law and fact, including the fact that defendants are organizations and individuals that organized, planned, and executed the attack on Adas Torah synagogue that resulted in the deprivation of Plaintiffs' civil rights. The parties, facts, and legal issues are all nearly identical. Consolidating these cases will therefore conserve judicial resources, avoid the duplication of evidence and procedures, and lead to a more efficient resolution of the dispute. It would also reduce any prejudice to defendants, who may otherwise be responsible for defending two cases and ultimately for satisfying two judgments—instead of the one award that Plaintiffs seek and are entitled to. Accordingly, Plaintiffs from both cases have met and conferred and seek to consolidate their actions, and if the motion is granted, within 7 (seven) days, file a consolidated Second Amended Complaint. *See* Declaration of Mark L. Javitch ¶ 7.

On October 30, 2024, Plaintiffs requested the position of defendants by email as to Plaintiffs' motion to consolidate, but Plaintiffs did not receive a final response by the time of this filing. *Id.* ¶ 8.

Date: October 31, 2024          Respectfully submitted,

By: /s/ Mark L. Javitch
Mark L. Javitch

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As Plaintiff RONEN HELMANN described in the Notice of Related Case filed on August 2, 2024 (Dkt. 13), the case of *StandWithUs Center for Legal Justice v. CodePink, et al.*, 2:24-cv-06253-SVW-PVC (filed July 24, 2024), calls for a determination of the same or substantially identical questions of law and fact, and therefore are likely to entail substantial duplication of labor for the judges assigned each respective case. At issue in *StandWithUs* is whether Defendants violated federal and state statutes when they held an organized event to block access to the entrance of Adas Torah. The Complaint in *StandWithUs* is attached as Exhibit "A". In both cases, Plaintiffs allege that Defendants organized their supporters to block access to Adas Torah. If the motion to consolidate is granted, Plaintiffs propose to file a consolidated second amended complaint within 7 (seven) days to streamline this action.

This motion follows Plaintiff Helmann's Notice of Related Cases filed on August 2, 2024, which is intended to prevent the substantial duplication of labor by multiple judges. In both cases, there are overwhelming overlapping parties, issues of fact, and law. The discretionary factors also favor consolidation. Efforts of the court and parties will be conserved, and no prejudice will be incurred by consolidation. Efficiency will result from conducting one trial instead of two, and without having to duplicate witnesses and evidence. Reasons for consolidation abound.

## II. BACKGROUND

### A.   The June 23, 2024 Attack on Adas Torah Synagogue

This case arises out of the organization, planning, and executing of an attack on Adas Torah Synagogue because of the Defendants' belief and instruction to their followers on social media that the Pico-Robertson neighborhood synagogue was about to commit an "international war crime." Dkt. 15, FAC at ¶¶ 20-49. Defendants and their followers blocked the entrance and yelled antisemitic slurs at Plaintiff when he tried to enter the synagogue. *Id.* at ¶¶ 43-49.

### B. The Helmann Action

On July 7, 2024, Plaintiff RONEN HELMANN filed his Complaint against CodePink Women for Peace, Palestinian Youth Movement, and John and Jane Does 1-20 under three causes of action. Dkt. 1:

1) Violation of the Freedom of Access to Clinic Entrances Act (FACE Act) (18 U.S.C. § 248(a)(2)): Plaintiff alleges that the Defendants intentionally used force, threats, and intimidation to prevent him and other Jewish congregants from accessing Adas Torah Synagogue, thereby interfering with their right to exercise religious freedom.

2) Violation of the Ku Klux Klan Act (42 U.S.C. § 1985(3)): Plaintiff claims that the Defendants conspired to deprive Jewish people of equal protection under the law. By disguising themselves with masks and engaging in coordinated intimidation, they allegedly sought to interfere with the civil rights of Jewish worshippers.

3) Failure to Prevent Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1986): Plaintiff alleges that Defendants were aware of the conspiracy to deprive Jewish people of their civil rights and had the ability to prevent or aid in preventing it, but failed to do so.

On August 16, 2024, Plaintiffs filed their First Amended Complaint. Dkt. 15. The FAC adds additional plaintiffs, Cameron Higby and Judit Maull, who were subjected to bear spray assaults during the protests outside Adas Torah Synagogue. *Id*. at ¶¶ 50-64. Higby is a journalist who was attacked while filming, and Maull is a local resident who was bear-sprayed while standing near the synagogue. The FAC also alleges violations of the California FACE Act, Cal. Pen. Code § 423.2. *Id*. at ¶¶ 1, 4, 36, 53-56, 61. On October 23, 2024, Higby and Maull voluntarily dismissed their claims. Dkt. 46.

In addition to CodePink Women for Peace, the FAC adds defendant organizations CodePink Action Fund and Honor the Earth, and individual defendants Courtney Lenna Schirf and Remo Ibrahim, who are alleged to be organizers of the Palestinian Youth Movement (PYM). PYM is an unknown, unregistered organization that has various people and organizations play various roles on their behalf and permit it to skirt all

1 regulatory requirements. The FAC alleges that Schirf and Ibrahim played key roles in
2 promoting and organizing the violent protest through social media. FAC ¶¶ 14-15, 26-27,
3 where they falsely alleged that a "war crime" was about to occur at the synagogue. FAC
4 ¶¶ 3, 20-21, 24.

5        On August 2, 2024, Plaintiff filed a notice of related cases indicating that his case
6 should be related to the *StandWithUs* case because of the overlapping parties, facts, and
7 issues of law. Dkt. 13. No party has filed any opposition to the notice of related cases.

8        C.     The *StandWithUs* Action

9        On July 7, 2024, StandWithUs Center for Legal Justice ("Plaintiff" or "SCLJ")
10 filed a complaint representing 7 (seven) Jewish congregants and members of Adas Torah
11 Synagogue. *See StandWithUs v. CodePink et al*. No. 2:24-cv-06253-SVW-PVC. As
12 discussed, *StandWithUs* is a very similar action to this case. The SCLJ Plaintiffs allege
13 that the defendants—CodePink, Palestinian Youth Movement (PYM), and WESPAC
14 Foundation—organized a riot that targeted and intimidated Jewish worshippers,
15 preventing them from attending religious events and prayer services at Adas Torah on
16 June 23, 2024, That case also alleges violations of the Freedom of Access to Clinic
17 Entrances Act (FACE Act) (18 U.S.C. § 248(a)(2)) and the California FACE Act, Cal.
18 Pen. Code § 423.2.

19 **III. LEGAL STANDARD**

20        Rule 42(a) of the Federal Rules of Civil Procedure states "[i]f actions before the
21 court involve a common question of law or fact, the court may . . . consolidate the
22 actions." Fed. R. Civ. P. 42(a). Notably, actions do not need to be identical before they
23 are consolidated under Rule 42. *See Takeda v. Turbodyne Techs., Inc*., 67 F. Supp. 2d
24 1129, 1133 (C.D. Cal. 1999) (noting Rule 42 does not "demand[] that the actions be
25 identical before they may be consolidated"). A court has wide discretion when deciding
26 whether to consolidate cases pending in the same district. *Investors Research Co. v.*
27 *United States Dist. Court for Cent. Dist*., 877 F.2d 777, 777 (9th Cir. 1989). In exercising
28 this discretion, the Court should weigh "the saving of time and effort consolidation would

1 produce against any inconvenience, delay, or expense that it would cause." *Huene v.*
2 *United States*, 743 F.2d 703, 704 (9th Cir.), *on reh'g*, 753 F.2d 1081 (9th Cir. 1984).

## IV.   ARGUMENT

The *StandWithUs* matter and this action are both pending before this Court. The Court should consolidate them because they involve common questions of law and fact, and the discretionary factors weigh in favor of consolidation. *See Aroche v. Park*, No. 17-cv-00367-JGB-KK, 2017 U.S. Dist. LEXIS 102456, 2017 WL 2857525 , at * 7 (C.D. Cal. June 5, 2017) (determining that "avoidance of adjudication of same questions posed between multiple cases promotes judicial efficiency and avoids duplicative litigation" and "thus, weighs in favor of consolidation."). If consolidation is granted, Plaintiffs request 7 (seven) days to file the consolidated second amended complaint.

### A.   The Related Cases Involve Common Parties, Questions of Law, and Fact.

"The threshold issue is whether the two proceedings involve a common party and common issues of fact or law." *Seguro de Servicio de Salud v. McAuto Sys. Group*, 878 F.2d 5, 8 (1st Cir. 1989).

The cases of *Helmann v. Code Pink* and *StandWithUs v. CodePink* should be consolidated. This case and the *StandWithUs* case involve common parties, common questions of law, and fact. This case was filed on July 7, 2024, and *StandWithUs* was filed less than three weeks later, on July 24, 2024. Both cases name Defendant CodePink. Not having found a single entity responsible for Palestinian Youth Movement, both cases named and attempted to serve the people and organizations operating the unregistered organization. The same conduct is at issue in both suits. Both suits allege that Defendants are organizations that instructed their followers that an "international war crime" was about to occur unless they converged on the Adas Torah synagogue in Los Angeles on June 23, 2024, to "stop" it from taking place by preventing people from entering the synagogue. The only difference is the cases have identified different defendants that may be liable for their own conduct or the conduct of Palestinian Youth Movement.

The cases also involve nearly identical issues of law. In both cases, the primary issue for the Court to decide is whether, in so blocking access to Adas Torah, Defendants violated the Federal and California Freedom of Access to Clinic Entrances Act of 1994 ("FACE Act"), which prohibits intentionally injuring, intimidating, or interfering with another who is exercising her religion "at a place of religious worship" under 18 U.S.C. § 248(a)(2) and Cal. Penal Code § 432.2, as well as the Ku Klux Klan Act (42 U.S.C. § 1985(3) and 1986), which prevent "conspire[ing] to go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws [and failing to prevent the same]… if one or more persons engaged therein do, or cause to be done, any act in furtherance of the objects of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

Rule 42(a) does not require that questions of law and fact be identical before a court may order consolidation. See *Aroche*, SACV 17-0367-JGB (KK), 2017 WL 2857525, at *4 (citing *Takeda, Inc.*, 67 F. Supp. 2d at 1133). Even the existence of an issue distinct to one defendant which affects only the amount of damages, not liability—does not render "irrelevant" the questions of law and fact that are common to all three defendants in the chain of distribution. In fact, those common questions predominate, and the distinct issue— if it is even distinct, given joint and several liability—may be adjudicated alongside the common questions. *See Aroche*, 2017 WL 2857525, at *4-6 (consolidation still warranted even assuming there was a potential difference in relief requested in the cases); *In re Apple & AT&T Antitrust Litig.*, No. C 07-05152 JW, 2008 WL 1766761, at *1 (N.D. Cal. Apr. 15, 2008) (*sua sponte* consolidating cases that involved "substantially the same transaction and parties"). *See Dusky v. Bellasaire Invs.*, No. SACV07-874 DOC (ANx), 2007 WL 4403985, at *2 (C.D. Cal. Dec. 4, 2007) (while complaints "differ in specifics," the court

"need only find one issue of fact or law in common in order to permit consolidation"). Here, the common parties, questions of law, and fact are overwhelming, providing compelling reasons for consolidation.

**B.     The Discretionary Factors Also Weigh in Favor of Consolidation.**

The discretionary factors also weigh in favor of consolidation. "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc*., 720 F. Supp. 805, 807 (N.D. Cal. 1989). In deciding whether to consolidate, a court should consider: (1) the risk of delaying trial, *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc*., 712 F.2d 978, 990 (5th Cir. 1983); (2) the risk of prejudice and confusion, *Consorti v. Armstrong World Indus., Inc*., 72 F.3d 1003, 1008 (2d Cir. 1995); and (3) the potential burden on the parties, witnesses, and available judicial resources. *Johnson v. Celotex Corp*., 899 F.2d 1281, 1285 (2d Cir. 1990).

The first factor weighs in favor of consolidation. There is no risk of delaying trial. Both actions are early on at the pleading stages, with some defendants yet to file their first responsive pleading.

The second and third factors also weigh in favor of consolidation. Consolidation will minimize prejudice, confusion, burden, and conserve judicial resources, because trying one case with one set of plaintiffs and defendants will eliminate the possibility of having to argue the same procedures in two separate cases when they both concern the same facts and law. Consolidation also avoids the risk of inconsistent judgments. *See Jang v. Sagicor Life Ins. Co*., EDCV 17-01563 JGB (KKx) 2017 U.S. Dist. LEXIS 217565, *10 (C.D. Cal. Nov. 9, 2017) ("[C]onsolidation will promote judicial efficiency and avoid the risk of inconsistent judgments, thus outweighing any potential risk of prejudice."); *Dusky v. Bellasaire Investments*, No. SACV07-874DOC, 2007 U.S. Dist. LEXIS 95501, 2007 WL 4403985, at *1 (C.D. Cal. Dec. 4, 2007) ("The purpose of consolidation is to enhance court efficiency and to avoid substantial danger of inconsistent adjudications.").

Consolidation will avoid duplicative discovery and motion practice. *See Lopez v. Liberty Mut. Ins. Co.*, No. CV 14-05576, 2014 WL 12853383, at *15 (C.D. Cal. Oct. 24, 2014) (consolidation favored where, despite several differences, "discovery will likely overlap to a large degree, and requiring the cases to maintain their separate character would cause unnecessary repetition and inefficiency").

For instance, if the Court consolidates these actions, it will promote judicial economy for the parties to present and for the Court to decide one set of motions to dismiss against a consolidated complaint, rather than having to decide several motions against different pleadings. In fact, without consolidation, the facts forming the basis of the claims will have to be tried and proved twice. Such duplication is costly, in time and resources, for the Court, counsel, and witnesses. See *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998) (consolidating would "avoid the inefficiency of separate trials involving related parties, witnesses, and evidence").

Defendants will not be inconvenienced by consolidation; in fact, consolidation will facilitate the effective representation of counsel for the parties, rather than hindering it. The same counsel appears to represent Defendant CodePink and the Wespac Foundation. Consolidation will make the work of these parties' legal representatives simpler, more economical, and less time-consuming by reducing the duplication of discovery and of proof, eliminating other inefficiencies such as separate hearings and appearances, and reducing the overall costs and burdens of litigation.

V.   **CONCLUSION**

For the reasons above, Plaintiffs respectfully request that the Court consolidate this matter with *StandWithUs v. CodePink et al.*, No. 2:24-cv-06253-SVW-PVC, for all purposes, designate this action as the lead action, and grant Plaintiffs leave to file the consolidated second amended complaint within 7 (seven) days.

Respectfully submitted,

Dated: November 4, 2024

By: /s/ Mark L. Javitch
Mark L. Javitch (SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
Email: mark@javitchlawoffice.com

On behalf of Plaintiff RONEN HELMANN

Dated: November 4, 2024

By: /s/ Dallin B. Holt
Dallin B. Holt
Holtzman Vogel Baran Torchinsky and Josefiak PLLC
255 East Camelback Road, Suite 700
Phoenix, AZ 85016
Telephone: (602) 388-1262
Facsimile: (540) 341-8809
Email: dholt@holtzmanvogel.com
Admitted *Pro Hac Vice*

On behalf of Plaintiff STANDWITHUS CENTER FOR LEGAL JUSTICE

**CERTIFICATE OF SERVICE**

Notification to all parties of record was automatically sent through the CM/ECF system when Plaintiff filed this document electronically with the United States District Court for the Central District of California CM/ECF system.

I declare under penalty of perjury on the date specified herein that the foregoing is true and correct. Executed at San Mateo County, California.

Dated: November 4, 2024                    /s/ Mark L. Javitch
                                           Mark L. Javitch