**ZAVALA LAW GROUP, P.C.**
Joe Inumerable, Esq. (Bar No. 144076)
Salomon Zavala, Esq. (Bar No. 243424)
Email: *szavala@zavalalawgroup.com*
811 W. 7th Street, Suite 1200
Los Angeles, CA 90017
Telephone: (213) 413-0144

Attorney for Defendant, HONOR THE EARTH

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RONEN HELMANN, CAMERON HIGBY, and JUDIT MAULL, <br><br> Plaintiffs, <br><br> vs. <br><br> CODEPINK WOMEN FOR PEACE, a California entity, CODEPINK ACTION FUND, a California entity, HONOR THE EARTH, a Minnesota entity, COURTNEY LENNA SCHIRF, and REMO IBRAHIM, d/b/a PALESTINIAN YOUTH MOVEMENT, and JOHN AND JANE DOES 1-20, <br> Defendants. | CASE NO. 2:24-C-05704-SVW-PVC <br> *Honorable Stephen V. Wilson* <br> *Courtroom 10A* <br><br> **DEFENDANT HONOR THE EARTH'S OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE** <br><br> Hearing Date: December 9, 2024 <br> Time: 1:30 p.m. <br> Dept.: Courtroom 10A <br><br> **Complaint Filed: July 24, 2024** <br> **Trial Date: Not Set** |

### I.    INTRODUCTION

The numerous differences in fact and law present in this case, *Helmann v. CodePink, et al*, and the case of *StandWithUs Center for Legal Justice v. Codepink et. al*, prove that consolidation of the two actions is not justified. Specifically, the cases do not share any of the same plaintiffs or defendants, the *Helmann* case

1

raises causes of action not brought by *StandWithUs*, and the facts alleged in support of each case are distinguishable. In addition to the many legal and factual differences between the two cases, the procedural posture of the cases does not support consolidation as the defendants in each case have filed motions to dismiss which remain pending.

Consolidation will delay the progress of both cases, causing prejudice, confusion and burden both the parties and the Court. Plaintiff Helmann's Motion to Consolidate should be denied.

## II.     STATEMENT OF FACTS

On August 20, 2024, Helmann filed a First Amended Complaint ("FAC") by claiming that he is a religious Jew who resides in the Pico-Robertson Neighborhood of Los Angeles, California. Helmann claims that, on an unknown date, he was walking around his neighborhood when he encountered a group of unknown people, who are identified in the FAC as JANE DOES 1-3 and JOHN DOES 2 – 11. (Doc. 15 at ¶¶ 8-10). Helmann saw JANE DOES 1-3 "walking from house to house," that they "appeared to be taking pictures of houses with Mezuzahs" and that they "were marking the cars that they suspected were associated with houses with Mezuzah." (Doc. 15 at ¶¶ 8-10). After observing the conduct of these unknown JANE DOES, Helmann started walking towards the synagogue and then saw JOHN DOES 2-11 standing and blocking the entrance to the synagogue. (Doc. 15 at ¶¶8-10). Helmann saw that JOHN DOES 2-11 "had backpacks and bear spray." (Doc. 15 at ¶¶ 8-10). JOHN DOES 2-11 approached Helmann, took his picture and yelled racial and ethnic slurs and comments to him. Helmann then went home, as he decided it was not safe to enter the synagogue. (Doc. 15 at ¶¶ 8-10).

The *Helmann* suit names as Defendants CodePink Women for Peace, a registered California entity and 501(c)(3) non-profit organization; CodePink Action Fund, a registered California entity and 501(c)(4) non-profit organization that is an

alter ego of CodePink Women for Peace; Honor the Earth ("HTE") d/b/a/ Palestinian Youth Movement; Courtney Schirf and Remo Ibrahim, d/b/a/ Palestinian Youth Movement, and John and Jane Does 1 – 20. *Helmann* claims that Defendant HTE "does business as" the Palestinian Youth Movement and that the Palestinian Youth Movement coordinates fundraising through Defendant HTE. (Doc. 15 at ¶¶ 3-4).

*Helmann* brings claims against these defendants under the Freedom of Access to Clinic Entrances Act of 1994, 18 U.S.C. 248(a)(2); conspiracy to to interfere with Civil Rights under the Ku Klux Klan Act, 42 U.S.C. 1985(3); failure to prevent conspiracy to Interfere with Civil Rights under the Ku Klux Klan Act, 42 U.S.C. 1986; and threatening and intimidating persons, California *Penal Code* Section 423.2.

On October 14, 2024, Defendant HTE filed a Motion to Strike and to Dismiss for lack of personal jurisdiction and failure to state a claim. (Doc. 40, 40-1). As the HTE Motion states, the FAC fails to allege that HTE, which is a Minnesota registered nonprofit corporation, committed any act or omission inside, or having an effect in, the State of California. Further, the Motion points out that the FAC is devoid of any factual allegations that HTE committed any of the acts alleged or conspired to commit any of the acts alleged. Said motion remains pending before this Honorable Court.

On July 24, 2024, suit was filed in the matter of *StandWithUs v. CodePink*. The Plaintiff, StandWithUs, or SCLJ, is a tax-exempt membership organization which works to combat antisemitism through legal action. (*StandWithUs* Complaint at ¶ 6). SCLJ brought its Complaint on behalf of seven (7) of its members who sought to attend and/or did attend specific events at the synagogue on the date of the riot. (SCLJ Complaint at ¶¶ 6-7).

Unlike the *Helmann* case, the *SCLC* suit names as defendants CodePink, a non-profit entity with Section 501(c)(3) tax-exempt status in the United States; the

Palestinian Youth Movement, an unincorporated association without a formal principal place of business or publicly identified leadership structure; and WESPAC Foundation, a Section 501(c)(3) organization with its principal place of business in White Plains, New York, which is the fiscal sponsor of Defendant Palestinian Youth Movement.

SCLJ brings three (3) counts for threatening and intimidating persons in violation of 18 U.S.C. Sec. 248(a)(2) and one (1) count for threatening and intimidating persons in violation of Cal. *Penal Code* Section 432.2.

On, October 29, 2024, Defendant WESPAC filed a Motion to Dismiss the SCLJ Complaint for lack of personal jurisdiction and for failure to state a claim upon which relief may be granted. As stated within the Motion to Dismiss, WESPAC is a New York entity which SCLJ fails to allege did anything in California or engaged in conduct elsewhere directed at California residents. Further, the SCLJ Complaint completely fails to allege that anyone acting on WESPAC's behalf did anything in relation to the events described within the complaint. As such, SCLJ fails to allege any causes of action as against WESPAC. Defendant WESPAC's Motion to Dismiss remains pending before the Court.

### III.   ARGUMENT

#### A.   *Helmann* and *SCLJ* should not be consolidated because they lack a common question of law or fact

To justify consolidation, cases should involve a common question of law or fact. See Fed.R.Civ.P. 42(a)(2); see also *Inv'rs Rsch. Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).

As stated above, *Helmann* and *SCLJ* do not share any party in common. *Helmann* is brought by a singular plaintiff, a Jewish individual, who lives near the Adas Torah synagogue but who lacks any actual tie to said synagogue. *SCLJ,* on the other hand, is brought on behalf of seven (7) plaintiffs all of whom maintained actual

ties to the synagogue, ties which brought the seven (7) plaintiffs to the synagogue on the day of the riot.

Concerning the defendants, and contrary to *Helmann's* claim otherwise, neither case maintains any defendant in common. *Helmann* brings suit against defendants: Defendants CodePink Women for Peace, a registered California entity and 501(c)(3) non-profit organization; CodePink Action Fund, a registered California entity and 501(c)(4) non-profit organization hat is an alter ego of CodePink Women for Peace; Honor the Earth d/b/a/ Palestinian Youth Movement; Courtney Schirf and Remo Ibrahim, d/b/a/ Palestinian Youth Movement, and John and Jane Does 1 – 20. *Helmann* asserts that Defendant HTE "does business as" the Palestinian Youth Movement and that the Palestinian Youth Movement coordinates fundraising through Defendant HTE.

On the other hand, *SCLJ* brings suit against CodePink, which is states is a non-profit entity with Section 501(c)(3) tax-exempt status in the United States; the Palestinian Youth Movement, an unincorporated association without a formal principal place of business or publicly identified leadership structure; and WESPAC Foundation, a Section 501(c)(3) organization with its principal place of business in White Plains, New York, which *SCLJ* claims is the fiscal sponsor of Defendant Palestinian Youth Movement.

While the defendants in the two cases are similarly named, a review of each Complaint demonstrates that *Helmann* and *SCLJ* actually bring suit against entirely different entities. Nothing within either Complaint demonstrates that CodePink Action Fund and CodePink Women for Peace, both California non-profits, are the same as CodePink, a United States non-profit. Likewise, *Helmann* alleges claims against two individuals, Courtney Schirf and Remo Ibrahim, who he claims are "d/b/a/ Palestinian Youth Movement." *SCLJ*, on the other hand, directly brings suit against the Palestinian Youth Movement, without any claims against either Schief

or Ibrahim. Further, while *Helmann* claims that Defendant HTE was the fiscal sponsor of the Palestinian Youth Movement, *SCLJ* makes no allegations against HTE and instead asserts that WESPAC was the fiscal sponsor for the Palestinian Youth Movement. Finally, unlike *SCLJ*, *Helmann* alleges claims against John and Jane Does 1 – 20, making specific factual allegations against these DOES as the foundation of many of the claims.

In addition to the different parties, these cases bring separate and distinct causes of action. *Helmann* asserts claims under claims for conspiracy to to interfere with Civil Rights under the Ku Klux Klan Act, 42 U.S.C. 1985(3) and for failure to prevent conspiracy to Interfere with Civil Rights under the Ku Klux Klan Act, 42 U.S.C. 1986, which are not brought by SCLJ.

Clearly, the parties, facts, and legal issues in these two cases is dissimilar such that consolidation would be inappropriate.

### B. Consolidation is discretionary and should be denied

Consolidation of cases under Rule 42(a) is discretionary. See Fed.R.Civ.P. 42(a), see also *Galderma Laboratores LP v. Revance Therapeutics, Inc.*, No. 2:23-Civ-02879-FLA (C.D. Cal. Sept 19, 2024). "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F.Supp. 805, 807 (N.D. Cal. 1989); see also *Duffaydar v. Sonder Holdings Inc.*, 2:24-cv-02952-ODW (C.D. Cal. Oct 09, 2024).

Consolidation of *Helmann* and *SCLJ* will unduly delay the progress of both cases. As stated above, Defendant HTE has a Motion to Strike and to Dismiss pending in the *Helmann* case. Likewise, Defendant WESPAC has a Motion to Dismiss pending in the *SCLJ* case. The issues raised in each such motion, that the Court lacks personal jurisdiction over the defendants and the Complaints fail to state claims upon which relief may be granted, will likely have a significant impact on the

future of each case. Given that resolution of these motions could result in the dismissal of multiple defendants and/or causes of action from each case, consolidation at this point is inappropriate.

Furthermore, given that the cases do not share a single party, that *Helmann* raises multiple claims not asserted in *SCLJ*, and differences in the factual basis for each case, consolidation will promote prejudice and confusion, and unnecessarily burden the Parties and waste judicial resources. As any judicial convenience to be gained by consolidating these cases is greatly outweighed by the potential for delay, confusion and prejudice resulting from such consolidation, Helmann's motion should be denied. See *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F.Supp.2d 1027, 1028 (N.D. Cal. 2003).

## IV.   CONCLUSION

Based on the foregoing, Defendant Honor the Earth requests that the Court deny Plaintiff Helmann's Motion to Consolidate.

Respectfully Submitted,

**ZAVALA LAW GROUP, P.C.**

*/s/ Joe Inumerable*
JOE INUMERABLE, Esq.
Attorney for Defendant
HONOR THE EARTH

## PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is:

**ZAVALA LAW GROUP, P.C.**
811 W. 7th Street, Suite 1200
Los Angeles, CA 90017

On November 18, 2024, I served the foregoing document described as **DEFENDANT HONOR THE EARTH'S OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE** on the interested parties in this action via CM/ECF system following the Central District of California Local Rules for service upon the parties listed below:

Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Email: mark@javitchlawoffice.com
Attorney for Plaintiffs

Dated: November 18, 2024               _____*Lauren Sti*_____
                                              Lauren Stiles