**ZAVALA LAW GROUP, P.C.**
Joe Inumerable, Esq. (Bar No. 144076)
Salomon Zavala, Esq. (Bar No. 243424)
Email: *szavala@zavalalawgroup.com*
811 W. 7th Street, Suite 1200
Los Angeles, CA 90017
Telephone: (213) 413-0144

Attorney for Defendant, HONOR THE EARTH

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RONEN HELMANN, on behalf of all others similarly situated, and, <br><br> Plaintiffs, <br><br> vs. <br><br> CODEPINK WOMEN FOR PEACE, a California entity, CODEPINK ACTION FUND, a California entity, HONOR THE EARTH, a Minnesota entity, COURTNEY LENNA SCHIRF, and REMO IBRAHIM, d/b/a PALESTINIAN YOUTH MOVEMENT, and JOHN AND JANE DOES 1-20, <br> Defendants. | CASE NO. 2:24-CV-05704-SVW-PVC <br> *Honorable Stephen V. Wilson* <br> *Courtroom 10A* <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HONOR THE EARTH'S MOTION TO STRIKE AND DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT** <br><br> Hearing Date: February 10, 2025 <br> Time:           1:30 p.m. <br> Dept.: Courtroom 10A <br><br> **SAC Filed: December 19, 2024** <br> **Trial Date: Not Set** |

1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AND DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ……………………………………...……………….…… ii

I.      INTRODUCTION……………………..……………………………… 1

II.     STATEMENT OF THE CASE ……………………………..……………… 3

III.    DEFENDANT HTE'S MOTION TO STRIKE..……………..……..……..…  3

IV.     DEFENDANT HTE'S MOTION TO DISMISS …………………..……… 5

        A.      Lack of Personal Jurisdiction Under Fed. R. Civ. P. 12 (b)(2)…..….. 5

                1.      Purposeful Direction …………………………………..… 7

                2.      Arises Out of the Activities ……………………….....…… 8

                3.      Reasonableness of Jurisdiction………………………..… 9

        B.      Failure to State to Claim Under Fed. R. Civ. P. 12(b) (6) …………… 9

        C.      Failure to State a Claim for Class Action Certification……............10

                1.      Numerosity........………..……..……...........…………… 11

                2.      Commonality……….…....…..……..……...…….…... 12

                3.      Typicality……….…..…………………..……...……... 13

                4.      Adequacy of Representation …………….…............…… 14

                5.      Federal Rules of Civil Procedure 23 (b) Requirements ……. 15

        D.      Failure to State of Claim for Count I: 18 U.S.C§ 248 (a) (2) …...…. 16

        E.      Failure to State a Claim for Count II: 42 U.S.C§ 1985 (3) ……...… 18

V.      CONCLUSION ………………………………..…………..………… 20

PROOF OF SERVICE……………….....……….………………………….…….21

i

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Cases</u>

3  *Adams v. Johnson,* 355 F.3d 1179, 1183 (9th Cir. 2004) ………...........…………10

4  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ………..........................………......9

5  *CollegeSource, Inc v. AcademyOne, Inc.,*

6      653 F.3d 1066, 1078 (9th Cir. 2011) …………………………….......…..  8

7  *Daimler AG v. Bauman,* 571 U.S. 117, 125 (2014) ……..................……………6

8  *Daniels-Hall v. Nat'l Educ. Ass'n,*

9      629 F.3d 992, 998 (9th Cir.2010) …………………………..........…………10

10  *Ibe v. Jones*, 836 F.3d 516, 528 (5th Cir. 2016)……...........................…………… 10

11  *Int'l Shoe Co. v. Washington,*

12      326 U.S. 310, 316 (1945) (citation omitted) ………........................…………6

13  *Insurance Co. of N. Am. v. Marina Salina Cruz,* 649 F.2d 1266, 1270

14      (9th Cir. 1981) ……………....................………………………………… 7

15  *Graco Minnesota Inc. v. PF Brands, Inc.*, No. 18-CV-1690-WQH-AGS,

16      2019 WL 1746580, at *4 (S.D. Cal. Apr. 17, 2019) …………........…….. 8

17  *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987) …………….....................… 7

18  *Loomis v. Slendertone Distrib., Inc.,*

19      420 F. Supp. 3d 1046, 1064 (S.D. Cal. 2019) ……....................……6, 7,  8, 9, 10

20  *Mendiondo v. Centinela Hosp. Med. Ctr.,*

21      521 F.3d 1097, 1104 (9th Cir. 2008) …………….......................………… 9

22  *Muskan Food & Fuel, Inc. v. City of Fresno*,

23      284 Cal. Rptr. 3d 453, 466 (Cal. Ct. App. 2021) ………………….....…… 17

24  *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2nd Cir. 2010) …………….........….15

25  *Nielson v. Legacy Health Sys.,*

26      230 F. Supp. 2d 1206, 1210 (D. Ore. 2011) ………………….....………… 18

27

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AND DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**

*Pagan v. Abbott Laboratories, Inc.*, 287 (E.D.N.Y. 2012)…………..….. 11, 12, 13, 15

*Planned Parenthood of the Columbia/Willamette, Inc. v.*

    *Am. Coal. of Life Activists*, 290 F.3d 1058, 1074 (9th Cir. 2002) …………17

*Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587 (9th Cir. 1993) …..………..……… 6

*Schwarzenegger v. Fred Martin Motor Co.*,

    374 F.3d 797, 800 (9th Cir. 2004) ……...............................………. 5, 7

*SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) ...............…………. 4

*Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir. 1990) ……..........…….....…5, 6

*Sidney-Vinstein v. A.H. Robins Co.*,

    697 F.2d 880, 885 (9th Cir. 1983) …………….........................……… 4

*Spread Enterprises, Inc. v. First Data Merchant Services Corp.*,

    298 F.R.D. 54, 72 (E.D.N.Y. 2014)…………………………........ 11,12

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ……………...............…… 10

*Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1139

    (N.D. Cal. 2010) ……………………..............……..…………….... 4, 5

*Usher v. Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987) ……….........………. 18

*Villamor v. Madera Cnty. Sheriff Dept.*, No. 1:12-cv-00644-AWI-MJS,

    2013 WL 566385, at *1 (E.D. Cal. Jan. 11, 2013) ……………......…… 10,17

*Walden v. Fiore*, 571 U.S. 277, 288 (2014) …..........................……………… 8

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 250 (2011) ……........…..…10, 12, 13

*Wilkins v. Gonzales*, 2017 WL 1192106, No. 2:16-cv-0347 KJM KJN P,

    at *1 (E.D. Cal. Mar 30, 2017) ………………………………..……… 18

**Statutes, Regulations, and Administrative Rules**

Cal. Civ. Proc. Code § 410.10………………………………...........…………6

Fed. R. Civ. P. 12(f) ……………………………………………….................……… 2

Fed. R. Civ. P. 23(a)…………………………………………….......2, 10, 14, 15, 16

iii

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AND DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**

Fed. R. Civ. P. 23(b)(1)…………………………………….........…………… 15

Fed. R. Civ. P. 12(b)(2) ……………………………….........…………….. 5,16

Fed. R. Civ. P. 12(b)(6) ……………………………….........……………… 19

Fed. R. Evid. 404(a)(1) …………………………………….......……….2, 5

18 U.S.C. § 248(a)(2) …………………………….......……… 3, 16, 18

18 U.S.C. § 248(d)(1) ……………………………….........…………………… 17

42 U.S.C. § 1985(3) ……………………………….......…………. 3, 18, 19

iv

## <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HONOR THE EARTH'S MOTON TO STRIKE AND DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT</u>

### I.    INTRODUCTION

Despite the Second Amended Complaint ("SAC") including new, unnamed plaintiffs and removing some named plaintiffs whose claims were manifestly unfounded, Defendant Honor the Earth ("HTE") still should not be a party to this case.  HTE respectfully requests that the Court strike the allegations against it within the SAC under Fed. R. Civ. P. 12(f) and dismiss the SAC under Fed. R. Civ. P. 12(b)(2) and (6).

The allegations put forth by Plaintiff RONEN HELMANN and the putative class members (collectively herein, "Plaintiffs") are both scandalous and speculative and should be stricken.  With respect to the relationships between Jews, Judaism, the State of Israel, and Palestine, Plaintiffs' allegations reflect a willful misunderstanding of the complexity and diversity of viewpoints that can and do coexist, and which, in the United States, individuals have a Constitutional right to express. Although the SAC casts protestors as violent through its liberal employment of such terms as "attack," "mob," and "riot" to describe the gathering that occurred, this tactic does not change reality or diminish the freedom of speech protected by the First Amendment.  Plaintiffs also attempt to attack Defendants through irrelevant allegations, often ostensibly supported by biased references.  A cursory examination reveals that such allegations are often distorted from or inconsistent even with these references.  Moreover, character is not at issue in this case, and even if there were credible evidence to support these attacks on Defendants, it would be inadmissible under Fed. R. Evid. 404(a)(1). All such allegations should be struck pursuant to Fed.

1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AND DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**

1    R. Civ. P. 12(f).

2        The SAC is fatally flawed with respect to HTE because this Court lacks

3    personal jurisdiction over HTE, which is a Minnesota registered nonprofit

4    corporation with a Minnesota address and a Minnesota registered agent.  The SAC

5    is devoid of any allegations that HTE itself committed any act or omission inside, or

6    having an effect in, the State of California.  Plaintiffs improperly rely on third party

7    interpretations of Internal Revenue Service regulations pertaining to Section

8    501(c)(3) status and case law addressing disputes arising directly out of fiscal

9    sponsorship agreements that have no bearing here.  Plaintiffs' generic allegations

10    regarding fiscal sponsorship of the Palestinian Youth Movement ("PYM") fail to

11    establish personal jurisdiction over HTE or any liability on HTE's part for events it

12    did not fund, oversee, or plan—events that, to the extent of any promotion by HTE,

13    were not advertised in a way that encouraged or condoned unlawful behavior.

14        In addition to the deficiency that personal jurisdiction over HTE has not been

15    and cannot be established, the SAC should be dismissed on the grounds of failure to

16    state a claim upon which relief may be granted.  First, the SAC fails to state a claim

17    generally in that the requirements for class action certification are unmet.  Plaintiffs'

18    allegations do not establish that they are similarly situated and fall far short of

19    satisfying the commonality, numerosity, typicality, and adequacy of representation

20    prerequisites of Fed. R. Civ. P. 23(a).  Second, the SAC specifically fails to state a

21    claim upon which relief may be granted against HTE because it does not allege facts

22    that, if true, would demonstrate that every element of either claim is met with respect

23    to HTE.  Plaintiffs' attempt to implicate HTE is tenuous, and the SAC is devoid of

24    factual allegations that HTE committed any of the unlawful acts alleged in the SAC.

25    Accordingly, the SAC should be dismissed with prejudice as to HTE.

26    *///*

27

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AND DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**

## II.    STATEMENT OF THE CASE

The SAC alleges that there was an "antisemitic riot outside the Adas Torah Synagogue on June 23, 2024" and that all named Defendants, including HTE, "incited scores of individuals . . . to terrorize Jewish congregants outside their Synagogue."  Despite naming HTE, the SAC lacks any facts showing that HTE did incite or terrorize anyone. The SAC alleges further that access to the Synagogue was blocked and that some Jewish congregants were bear sprayed that day.  The SAC alleges that the named Defendants conspired and acted in concert to deprive Plaintiffs of their right to practice their religion.  Critically, the SAC acknowledges or cites sources that acknowledge that some statements issued after the event report that the *protestors* experienced physical assault and attacks with bear spray and that the entrance to the Synagogue was never blocked. Indeed, the SAC's own allegations and sources appear to reveal that individuals of many persuasions were present that day for a variety of reasons and that there was no monolith on either, or, more accurately, any side.  *See, e.g.*, Pls.' SAC at ¶ 220 (using "Jews who had arrived to provide support for their fellow worshippers" as a euphemism for counter protesters).

Plaintiffs bring two (2) claims against HTE: (1) threatening and intimidating persons in violation of the Freedom of Access to Clinic Entrances or "FACE" Act, 18 U.S.C. § 248(a)(2)  and (2) conspiracy to deprive Plaintiffs of equal protection of the laws and equal privileges and immunities under the law in violation 42 U.S.C. § 1985(3).

## III.    DEFENDANT HTE'S MOTION TO STRIKE

Federal Rule of Civil Procedure 12(f) provides that a Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  "The grounds for a motion to strike must appear on the face of the complaint or from

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AND DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**

matter which the court may judicially notice . . . ." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1139 (N.D. Cal. 2010); *see also SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . . " *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

Here, the SAC is replete with such scandalous terms as "attack," "mob," and "riot" to describe the gathering of individuals and Defendants' alleged involvement. *See, e.g.*, Pls.' SAC ¶¶ 2, 7, 8. Nebulous descriptions obscure the actors in the allegations. For example, Pls.' SAC at ¶ 7 alleges in relevant part that "some in the mob (including Does #1-100) bear sprayed and attacked Jewish congregants and others present." The so-called "mob" is not and cannot be defined to include only the Defendants and those who allegedly attended at their behest, and the phrase "and others present" is employed to avoid the reality that those who allegedly engaged in violence may have included affiliates of the Plaintiffs, and those who were allegedly harmed may have included affiliates of the Defendants. *See also* Pls.' SAC at ¶ 220. This tactic prevents HTE from meaningfully responding to the factual allegations because they are phrased so that Plaintiffs' desired legal conclusions are embedded therein. *See Stearns,* 763 F. Supp. 2d at 1145 ("A trial judge has the authority to strike pleadings that are 'false and sham.'") (citation omitted).

Plaintiffs also allege that "all Defendants . . . incited scores of individuals . . . to terrorize Jewish congregants outside their Synagogue[,]" Pls.' SAC at ¶ 5, but they fail to plead that HTE did anything amounting to incitement of anyone to do anything or that HTE planned to commit an unlawful act or agreed with others to do so. Plaintiffs' bare assumptions about funding and blatant conflation of any opinion that could be construed as critical of Israel with endorsement of antisemitism and

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AND DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**

1    violence are deliberately inflammatory rhetorical maneuvering—nothing more.  For

2    example, the allegations regarding the use of inverted red triangles in Pls.' SAC ¶¶

3    207-209 do not follow from the sources cited and must be stricken.  *Compare, e.g.*,

4    Pls.' SAC at ¶ 209 ("the inverted red triangle acts as a target designator to identify

5    Jews and Jewish targets for extermination") *with* Pls.' SAC at ¶ 209 n.68 (citing a

6    source that states that the inverted red triangle "can be used innocuously in general

7    pro-Palestine social media posts").  *See Stearns,* 763 F. Supp. 2d at 1145.

8        Plaintiffs further allege various Defendants took certain actions on dates

9    unrelated to the Plaintiffs' instant claims.  *See generally, e.g.*, Pls.' SAC §§

10   "PARTIES" and "COMMON FACTUAL ALLEGATIONS."  Litigation of these

11   irrelevant details would consume significant time and resources.  Moreover,

12   introducing evidence for the purpose of arguing that such allegations, if true, mean

13   the Defendants took similar actions on the date in question is impermissible. Fed.

14   R. Evid. 404(a)(1).

15       The Court should strike all such portions of the SAC.  Many of the portions

16   that should be struck specifically and explicitly concern HTE (e.g., Pls.' SAC ¶¶

17   132, 134-144, 146, 147), and others have the potential to prejudicially impact HTE

18   by virtue of the structure of the claims against Defendants collectively.

19           **IV.    DEFENDANT HTE'S MOTION TO DISMISS**

20   **A.    Lack of Personal Jurisdiction Under Fed. R. Civ. P. 12(b)(2)**

21       This Court lacks personal jurisdiction over HTE. Rule 12(b)(2) allows a

22   Defendant to move to dismiss a complaint for lack of personal jurisdiction.  Fed. R.

23   Civ. P. 12(b)(2).  When a defendant files a motion to dismiss, the plaintiff then has

24   the burden to demonstrate proper jurisdiction. *Schwarzenegger v. Fred Martin*

25   *Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *Sher v. Johnson,* 911 F.2d 1357,

26   1361 (9th Cir. 1990)).

27

5

1  "There are two limitations on a court's power to exercise personal jurisdiction

2  over a nonresident defendant: the applicable state personal jurisdiction rule and

3  constitutional principles of due process." *Sher,* 911 F.2d at 1360.  California's

4  jurisdictional statute is coextensive with the federal due process requirements and as

5  such, jurisdictional questions under state law and federal due process standards are

6  accomplished under one analysis.  *Daimler AG v. Bauman,* 571 U.S. 117, 125

7  (2014); *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587 (9th Cir. 1993); *see also* Cal.

8  Civ. Proc. Code § 410.10.  Exercising jurisdiction over a nonresident defendant

9  violates the due process clause protections unless the defendant has "minimum

10  contacts" with the forum state so that the exercise of jurisdiction "does not offend

11  'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v.

12  Washington*, 326 U.S. 310, 316 (1945) (citation omitted); *see also Loomis v.

13  Slendertone Distrib., Inc.,* 420 F. Supp. 3d 1046, 1064 (S.D. Cal. 2019).

14  Here, the Plaintiffs' erroneously claim personal jurisdiction over HTE based

15  on an attenuated theory of specific jurisdiction that does not withstand scrutiny.

16  There are no allegations that HTE did anything beyond enter into a fiscal sponsorship

17  agreement with PYM.  While Plaintiffs put forth a vague allegation that HTE "is

18  responsible for the promotion and funding that resulted in the violent riot that

19  blocked the entrance to the Synagogue[,]" Pls.' SAC at ¶ 143, they never allege that

20  HTE actually received any funds on behalf of PYM, provided the same to PYM, or

21  used the same in connection with this event.  A review of the allegations

22  demonstrates that the Plaintiffs cannot show personal jurisdiction over HTE.

23  In California, specific jurisdiction is analyzed using a three-prong test:

24  (1) the nonresident defendant must purposefully direct [its] activities

25  or consummate some transaction with the forum or a resident thereof;

26  or perform some act by which [it] purposefully avails [itself] of the

27

6

1    privilege of conducting activities in the forum, thereby invoking the

2    benefits and protections of its laws; (2) the claim must be one which

3    arises out of or relates to the defendant's forum-related activities; and

4    (3) the exercise of jurisdiction must comport with fair play and

5    substantial justice, i.e. it must be reasonable.

6    *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987).  The party invoking the Court's

7    jurisdiction must meet each of these conditions.  *See Insurance Co. of N. Am. v.*

8    *Marina Salina Cruz,* 649 F.2d 1266, 1270 (9th Cir. 1981); *Loomis*, 420 F. Supp. 3d

9    at 1067.

10            1.    ***Purposeful Direction***

11           A plaintiff can satisfy the first element in the analysis by showing that the

12    defendant "purposefully directed" its conduct toward the forum state, or

13    "purposefully availed" itself of the privilege of doing business in the forum.

14    *Schwarzenegger*, 374 F.3d at 802.  As set forth in *Calder v. Jones*, 465 U.S. 783

15    (1984), the "effects" test . . . requires that 'the defendant allegedly must have (1)

16    committed an intentional act, (2) expressly aimed at the forum state, (3) causing

17    harm that the defendant knows is likely to be suffered in the forum state.'"

18    *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1077 (9th Cir.) (citations

19    omitted); *see Loomis*, 420 F. Supp. 3d at 1067.

20           **"Intentional act"** means "an intent to perform an actual, physical act in the

21    real world, rather than an intent to accomplish a result or consequence of that act."

22    *Schwarzenegger,* 374 F.3d at 806; *Loomis*, 420 F. Supp. 3d at 1068.  Here, the only

23    allegation tying HTE to PYM is the fact that HTE had been engaged to assist with

24    fundraising capacity for PYM.  The SAC lacks any allegations demonstrating how

25    HTE's assistance with fundraising activities evinces an intent to perform an actual,

26    physical act in the State of California.  As such, no "intentional act" can be

27

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
STRIKE AND DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**

1   demonstrated sufficient to accomplish personal jurisdiction.

2   **"Express aim"** requires a plaintiff to prove that the effects caused by the

3   defendant's conduct (the plaintiff's injury), "connected the [defendant's] conduct to

4   *California*, not just to a plaintiff who lived there." *Walden v. Fiore*, 571 U.S. 277,

5   288 (2014).  "A plaintiff does not show express aiming by alleging injuries that are

6   'entirely personal to him and would follow him wherever he might choose to live or

7   travel' and 'not tethered to California in any meaningful way.'" *Graco Minnesota*

8   *Inc. v. PF Brands, Inc*., No. 18-CV-1690-WQH-AGS, 2019 WL 1746580, at *4

9   (S.D. Cal. Apr. 17, 2019). Here, the Plaintiffs' only allegation in support of personal

10  jurisdiction is that they encountered personal damages.  The SAC iterates the

11  personal damages allegedly suffered by the Plaintiffs at the hands of unknown and

12  unnamed actors.  Nothing within the SAC demonstrates that HTE caused any injury

13  connected to the State of California.

14  **"Foreseeable harm"** means that a defendant causes "harm that the defendant

15  knows is likely to be suffered in the forum state." *CollegeSource, Inc.*, 653 F.3d at

16  1078.  Here, again, the only allegation concerning HTE is that it agreed to assist with

17  fundraising for PYM.  Importantly, HTE is incorporated in the State of Minnesota,

18  HTE has its place of business in the State of Minnesota, and its registered agent is

19  located in the State of Minnesota.  Nothing about HTE's connection to PYM evinces

20  the foreseeability that unknown actors would decide to unleash bear spray upon

21  random members of the public in the State of California.  As such, the Plaintiffs have

22  failed to provide any facts demonstrating the needed "foreseeable harm" element for

23  personal jurisdiction.

24      2.   ***Arises Out of the Activities***

25  "A claim arises out of a defendant's conduct if the claim would not have arisen

26  'but for' the defendant's forum-related contacts." *Loomis*, 420 F. Supp. 3d at 1070-

27

8

71 (quoting *Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998)). Again, the SAC lacks any facts showing that HTE had any "forum-related" activities. Further, the actions of unknown individuals in converging in Los Angeles and spraying random members of the public with bear spray are completely unrelated to the HTE's fundraising assistance to PYM, and the SAC fails to demonstrate otherwise.

### 3. *Reasonableness of Jurisdiction*

The reasonableness of jurisdiction element is only considered once the plaintiff satisfies the first two prongs of the personal jurisdiction test. *See Loomis*, 420 F.3d at 1071. As set forth above, the Plaintiffs fall woefully short of meeting any of the elements to demonstrate personal jurisdiction, and, as such, jurisdiction in the State of California remains unreasonable and improper.

Based on the foregoing, this Court lacks personal jurisdiction over HTE, and, accordingly, HTE should be dismissed from this suit.

## B.    Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6)

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate when a "complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (2007).

*///*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AND DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**

1     "[C]onclusory allegations of law and unwarranted inferences are insufficient

2   to defeat a motion to dismiss[.]"  *Adams v. Johnson,* 355 F.3d 1179, 1183 (9th Cir.

3   2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations

4   in a complaint or counterclaim may not simply recite the elements of a cause of

5   action, but must contain sufficient allegations of underlying facts to give fair notice

6   and to enable the opposing party to defend itself effectively.").  "[T]he court need

7   not accept conclusory allegations, allegations contradicted by exhibits attached to

8   the complaint or matters properly subject to judicial notice, unwarranted deductions

9   of fact or unreasonable inferences."  *Villamor v. Madera Cnty. Sheriff Dept.*, No.

10  1:12-cv-00644-AWI-MJS, 2013 WL 566385, at *1 (E.D. Cal. Jan. 11, 2013) (citing

11  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir.2010)).  In reviewing

12  a 12(b)(6) motion to dismiss, "a court can take judicial notice of matters of public

13  record and of documents whose contents are alleged in the complaint and whose

14  authenticity no party questions, but which are not physically attached to the

15  pleading."  *Loomis*, 420 F. Supp 3d at 1062 (internal quotation marks and citations

16  omitted).

17  **C.    Failure to State a Claim for Class Action Certification**

18          Plaintiffs bear the burden of demonstrating that the proposed class satisfies all

19  requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  *Ibe v. Jones*, 836

20  F.3d 516, 528 (5th Cir. 2016).   To maintain a class action, a plaintiff must

21  affirmatively demonstrate compliance with Rule 23.  *Wal-Mart Stores, Inc. v. Dukes*,

22  564 U.S. 338, 250 (2011).   Under Rule 23(a), the plaintiff must establish (1)

23  numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation.

24  Additionally, if seeking monetary damages, the plaintiff must satisfy the

25  predominance and superiority requirements of Rule 23(b)(3).  *Ibe*, 836 F.3d at 528.

26  ///

27

10

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
STRIKE AND DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**

### 1. *Numerosity*

Courts have determined that the failure to affirmatively demonstrate numerosity is fatal to a plaintiff's motion for class certification under Fed. R. Civ. P. 23. *Pagan v. Abbott Laboratories, Inc.*, 287 (E.D.N.Y. 2012) (citing *Spread Enterprises, Inc. v. First Data Merchant Services Corp.*, 298 F.R.D. 54, 72 (E.D.N.Y. 2014)). In *Pagan*, for instance, the plaintiffs attempted to establish numerosity based solely on the thousands of recall letters sent out concerning the defendant's product. However, there was no evidence presented to the court that all of the recall letters that were sent out were to consumers who actually purchased the product. *Pagan*, 287 F.R.D. at 147. Some were merely given samples of the product. *Id*. Consequently, the court denied the motion for class certification, specifying that numerosity cannot be established through assumptions or indirect evidence but must be supported by concrete proof demonstrating the size of the class. *Id*. at 148.

Likewise, Plaintiffs' proposed method for asserting membership in the putative class is overinclusive because it assumes that anyone who expressed interest in attending an event would, but for the alleged activities of the Defendants, inevitably attend the event. Within the Plaintiffs' own allegations, they admit that some individuals heard about the activity outside of the Synagogue secondhand. *See* Pls.' SAC at ¶ 16 ("Upon seeing *or being notified of* Defendants' riot, other members of the Proposed Class were intimidated from even approaching the Synagogue and were effectively forced from exercising their First Amendment right of religious freedom out of fear for their physical safety, since passage to and from the Synagogue was rendered unreasonably difficult or hazardous."). This invalidates the claim that every individual that signed up for the event and every member of the Synagogue would have attended the event but for the activities outside of the

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AND DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**

1  Synagogue because it assumes the apprehension allegedly experienced by each
2  putative class member was uniformly reasonable.  Yet, some were "notified" by a
3  third party, whose subjective perception and description of difficulty or hazard is not
4  something Defendants influenced.  Therefore, Plaintiffs have failed to meet their
5  burden to affirmatively demonstrate numerosity, and the class action certification
6  must be denied under Federal Rules of Civil Procedure.

7        **2.**    ***Commonality***

8        Even assuming that Plaintiffs have met Rule 23(a)(1)'s numerosity
9  requirement, Plaintiffs' motion for class certification would still fail, because the
10 Plaintiffs have not satisfied the commonality requirement of Rule 23(a)(2).  Fed. R.
11 Civ. P. 23(a)(2).  The Supreme Court has ruled that to satisfy the requirement of
12 commonality, plaintiffs must show that class members suffered the same specific
13 injury, not just a violation of the same legal provision.  *Spread Enterprises, Inc. v.*
14 *First Data Merchant Services Corp.*, 298 F.R.D. 54, 67 (E.D.N.Y. 2014)) (citing
15 *Wal-Mart Stores Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

16       In *Pagan*, the plaintiffs sought to establish commonality by showing that all
17 class members purchased the defective product.  *Pagan*, 287 F.R.D. at 149.
18 However, since only 1% of the products sold were defective, it was unlikely that
19 most class members were personally affected or harmed.  *Id*.  As a result, the court
20 denied class certification.  *Id*.

21       Similarly, the Plaintiffs argue that the putative class members share common
22 legal and factual questions, asserting that all members suffered the same injury.
23 However, this claim lacks factual basis, as the class includes individuals with
24 differing reasons for entering or attempting to enter the synagogue, some for prayer
25 services and others for a real estate event, and some whose alleged plans to enter or
26 attend changed upon "notification" by a third person, not directly as a result of the

27

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
STRIKE AND DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**

events.   These differing motivations undermine the assertion of a uniform injury, making commonality unattainable.  As in *Pagan*, merely showing that individuals expressed interest in the real estate event or entered or attempted to enter the synagogue does not prove they all shared the same reasons or beliefs.  It is a significant leap to assume they all suffered the same injury, or any injury at all, based solely on these actions.  Therefore, Plaintiffs have failed to meet their burden to affirmatively demonstrate commonality, and certification of the class action must be denied under Federal Rules of Civil Procedure.

### 3.    *Typicality*

The Plaintiffs have also failed to meet the typicality requirement under Rule 23(a)(3), largely for the same reasons they did not satisfy the commonality requirement.  The commonality and typicality requirements often overlap, as both assess whether maintaining a class action is efficient and whether the named plaintiff's claims are sufficiently aligned with those of the class to ensure fair representation.  *Pagan*, 287 F.R.D. at 150 (citing *Wal-Mart Stores Inc. v. Dukes*, 564 U.S. 338, 377 n. 5 (2011)).

In *Pagan*, the court explained that  some class  members had  not purchased the defective product  sold by the defendant.  *Pagan*, 287 F.R.D. at 150.  As a result, those individuals could not   have experienced the same type of injury  as the class members who had purchased the defective product.  *Id.*  Consequently, the court denied the motion to certify the class, concluding that the typicality requirement was not met.  *Id.*

Similar to *Pagan*, where the court found significant differences among class members that defeated typicality, the current case also reveals variations in the circumstances, motivations, and experiences of those allegedly harmed, undermining the assertion of identical harm across the class.  Plaintiffs assert that all

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AND DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**

putative class members suffered the same harm, specifically, that they attempted to enter the synagogue, but their attempts were obstructed by the defendants' actions. *See* Pls.' *SAC* at ¶ 361.  However, this claim lacks support, as the evidence and allegations suggest significant variations in the circumstances, motivations, and experiences of those present, undermining the assertion of identical harm across the class.    For instance, some accounts indicate that certain Jews arrived to support fellow worshippers, further highlighting the diverse reasons for attendance and undermining the claim of identical harm across the class. *See* Pls.' SAC at ¶ 220. Additionally, some members of the putative class did enter the Synagogue, and not all members were bear sprayed, further highlighting the lack of uniform injury among the class members.  Therefore, class action certification must be denied due to the lack of typicality within the putative class, as the members do not share similar purported injuries.

### 4.    *Adequacy of Representation*

The adequacy requirement under Rule 23(a) mandates that the interests of the class representatives align with those of the absent class members. Fed. R. Civ. P. 23(a)(4). However, Plaintiffs merely reference the general standard articulated in the rule and provides a bare recital of its elements, without demonstrating how the Plaintiffs' interests are substantively aligned with those of the putative class.

Furthermore, the claims set forth in the Plaintiffs' SAC would actually support the proposition that the Plaintiffs interests are not aligned with the putative class members. The putative class definition is overly broad, encompassing individuals who may have participated in the activity outside of the synagogue, thereby creating a conflict of interest within the proposed class. The burden rests on the Plaintiff to demonstrate that the interests of the proposed class do not conflict with those of the Plaintiff and that all the prerequisites set forth in Rule 23 are satisfied.  Fed. R. Civ.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AND DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**

1  P. 23(a)(4).  Since the plaintiff has not demonstrated that the putative class meets the

2  elements of Rule 23(a), the motion to certify the class must be denied.

3      **5.**      ***Federal Rules of Civil Procedure 23(b) Requirements***

4          Not only does the putative class fail to satisfy the prerequisites, but it is a poor

5  fit with any of the categories of classes. Under Rule 23(b)(1), there is no risk that by

6  not certifying the putative class members, that an incompatible standard of conduct

7  for HTE will be established. The two claims outlined in the SAC establish the

8  standards for calculating damages. There is nothing novel about the methodology

9  required to determine the damages incurred, nor is there any issue necessitating the

10  court's intervention to resolve potential variances.  Moreover, the alleged damages

11  do not present any unique characteristics that would render a uniform approach to

12  their calculation impractical or impossible.  Therefore, Plaintiff failed to meet the

13  requirement of Rule 23(b)(1) and the class cannot be certified on this basis.

14          Based on the allegations, Plaintiff has failed to show that the Defendants acted

15  on that grounds that apply generally to the class because, as argued above, the class

16  combines putative members who were allegedly present to attend the real estate

17  event with those there for other reasons, those who allegedly were deterred from

18  attending either the event or prayer services, and those who successfully entered the

19  Synagogue for one purpose or another.  A reasonableness analysis is required to

20  evaluate Plaintiffs' claims, and the different circumstances various Plaintiffs were in

21  becomes a necessary consideration. Therefore, Plaintiff failed to meet the

22  requirement of Rule 23(b)(2) and the class cannot be certified on this basis.

23          The putative class is not cohesive enough to be certified.  "Common questions

24  of law and fact predominate when issues subject to generalized proof and applicable

25  to the class as a whole predominate over and are more substantial than issues that

26  are subject only to individualized proof." *Pagan*, 287 F.R.D. at 147 (citing *Myers v.*

27

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AND DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**

*Hertz Corp.*, 624 F.3d 537, 547 (2nd Cir. 2010)).  Here, generalized proof would not be applicable across the various class members, as questions of law and fact regarding interference with practice of religion vary wildly.  If Plaintiffs were somehow able to substantiate a claim based on a set of facts applicable to one class member it would be procedurally unfair to allow all class members to benefit financially from a set of facts, they would not be able to individually prove.

Furthermore, certifying the putative class is not a superior method of adjudication.  It is merely an opportunistic attempt to seek a share of prospective damages to be awarded without having suffered—and dodging the burden to prove having suffered—legally cognizable harm. As Plaintiffs have satisfied neither the prerequisites of Fed. R. Civ. P. 23(a) nor the specific requirements of Fed. R. Civ. P. 23(b), the Court must not certify the class.

**D.    Failure to State a Claim for Count I: 18 U.S.C. § 248(a)(2)**

Plaintiffs have failed to state a claim under 18 U.S.C. § 248(a)(2), which prohibits a person from "by force or threat of force or by physical obstruction, intentionally    injures,    intimidates or    interferes    with    or    attempts    to injure, intimidate or interfere with any person lawfully exercising or seeking to exercise the First Amendment right of religious freedom at a place of religious worship[.]"

In this context, physical obstruction is defined as "rendering impassable ingress to or egress from a facility that provides reproductive health services or to or from a place of religious worship, or rendering passage to or from such a facility or place of religious worship unreasonably difficult or hazardous."   18 U.S.C. § 248(e)(4).  Intimidate means "to place a person in reasonable apprehension of bodily harm to him- or herself or to another." 18 U.S.C. § 248(e)(3).  Interfere with means "to restrict a person's freedom of movement."  18 U.S.C. § 248(e)(2).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AND DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**

1    Reasonableness is key to the construction of this statute.  Moreover, 18 U.S.C.

2    § 248(d)(1) expressly provides that the statute shall not be construed "to prohibit any

3    expressive conduct (including peaceful picketing or other peaceful demonstration)

4    protected from legal prohibition by the First Amendment to the Constitution."  For

5    purposes of 18 U.S.C. § 248, whether a statement is considered a "threat" "is

6    governed by an objective standard–whether a reasonable person would foresee that

7    the statement would be interpreted by those to whom the maker communicates the

8    statement as a serious expression of intent to harm or assault."  *Muskan Food &*

9    *Fuel, Inc. v. City of Fresno*, 284 Cal. Rptr. 3d 453, 466 (Cal. Ct. App. 2021) (citing

10   *Planned Parenthood of the Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*,

11   290 F.3d 1058, 1074 (9th Cir. 2002)).

12   Here, the SAC lacks any factual allegations that HTE did anything by force

13   or threat of force to any of the Plaintiffs or promoted any activity outside those

14   expressly excluded from the statute's reach, namely peaceful demonstration.  18

15   U.S.C. § 248(d)(1).  The only factual information concerning HTE within the SAC

16   is that it served as a fiscal sponsor for PYM and promoted the event.  Nothing about

17   this information includes an expression by HTE of an intent to harm or assault

18   anyone.  The allegations regarding the use of inverted red triangles in Pls.' SAC ¶¶

19   207-209 do not follow from the sources cited.  *Compare, e.g.*, Pls.' SAC at ¶ 209

20   ("the inverted red triangle acts as a target designator to identify Jews and Jewish

21   targets for extermination") *with* SAC at ¶ 209 n.68 (citing a source that states that

22   the inverted red triangle "can be used innocuously in general pro-Palestine social

23   media posts").   The Court does not have to accept the thinly veiled assumptions in

24   these allegations when their inaccuracy is belied by the Plaintiffs' own source.  *See*

25   *Villamor v. Madera Cnty. Sheriff Dept.*, No. 1:12-cv-00644-AWI-MJS, 2013 WL

26   566385, at *1 (E.D. Cal. Jan. 11, 2013).

27

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AND DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**

1    As Plaintiffs have failed to allege sufficient facts to support a cognizable

2    theory that HTE violated 18 U.S.C. § 248(a)(2), said claim should be dismissed as

3    to HTE.

4    **E.    Failure to State a Claim for Count II: 42 U.S.C. § 1985(3)**

5    Plaintiffs fail to allege facts that support a claim against HTE under 42 U.S.C.

6    § 1985(3).  "[42 U.S.C.§ 1985(3)] prohibits conspiracies to deprive a person of equal

7    protection of the laws.  In order to state a claim under § 1985(3), plaintiff must

8    establish that a conspiracy existed to deprive him of equal protection of the law *and*

9    *that the conspiracy was based on discriminatory hostility toward the protected*

10   *class*."  *Wilkins v. Gonzales*,  No. 2:16-cv-0347 KJM KJN P, 2017 WL 1192106 at

11   *1 (E.D. Cal. Mar 30, 2017) (citing *Nielson v. Legacy Health Sys.*, 230 F. Supp. 2d

12   1206, 1210 (D. Ore. 2011); *Usher v. Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987))

13   (emphasis added).

14   Here, Plaintiffs fail to state a colorable conspiracy claim under § 1985(3)

15   because they: (1) fail to allege facts demonstrating that HTE conspired with anyone

16   to deprive any Plaintiffs of the equal protection of the law; (2) fail to allege any facts

17   demonstrating that HTE conspired for anyone to wear a mask, as opposed to a

18   keffiyeh, a cultural garment that identifies rather than obscures the identity of the

19   wearer; (3) fail to allege facts demonstrating that HTE committed any acts based

20   upon antisemitism or a discriminatory hostility toward Jewish people, and in fact

21   admit that "not all Jews adhere to  the above concepts and beliefs"; and (4) fail to

22   allege facts demonstrating that HTE committed any act which caused injury to any

23   Plaintiff. Again, the only factual allegation against HTE is that it served as a fiscal

24   sponsor of PYM.

25   ///

26   ///

27

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AND DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**

1    The SAC alleges that the real estate event was religious in nature and part of

2    a "religious commandment to emigrate to Israel" while admitting it was "host[ed]"

3    by "*a real-estate company* known as 'My Home in Israel . . . .'" *See* Pls.' SAC at ¶

4    190 (emphasis added).  The SAC exalts the real estate event without acknowledging

5    that other perspectives on the history of conflict between Israel and Palestine are

6    allowed in secular society.  By further failing to acknowledge the distinction

7    between the real estate event and ordinary religious activities, Plaintiffs seek to

8    expand their revised claims to cover more and different individuals.  *See* Pls.' SAC

9    at ¶ 338 and Fed. R. Civ. P. 12(b)(6) argument, *supra*.  But in so doing, they advance

10   an internally inconsistent theory.  The Plaintiffs' allegations in the SAC  make clear

11   that, regardless of Plaintiffs' purported beliefs, it was the "real estate" aspect that

12   prompted expression of different views.  *See, e.g.*, Pls.' SAC ¶¶ 197-216.  HTE

13   should not be a party to this case at all for the reasons noted above, nor does it follow

14   from the allegations in the SAC that HTE was involved with any conspiracy to

15   interfere or act of interference with anyone's religious freedom.  Plaintiffs have not

16   established and cannot establish that "discriminatory hostility toward Jewish people"

17   is inherently present in, much less at the heart of, opposition to a real estate event

18   focused on sales in a controversial region of the world.

19   As Plaintiffs have failed to allege sufficient facts to support a cognizable

20   theory that HTE violated 42 U.S.C. § 1985(3), said claim should be dismissed as to

21   HTE.

22   ///

23   ///

24   ///

25   ///

26   ///

27

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AND DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**

## V.    CONCLUSION

Based on the foregoing, Defendant Honor the Earth requests that the Court grant its Motion to Strike and Dismiss the Plaintiffs' Second Amended Class Action Complaint as to Defendant Honor the Earth.  Defendant Honor the Earth requests that it be dismissed from this matter without leave to amend, as amendment would be futile.

Dated: January 9, 2025                                Respectfully Submitted,

**ZAVALA LAW GROUP, P.C.**


*/s/ N. Joe Inumerable*
_____
JOE INUMERABLE, Esq.
Attorney for Defendant
HONOR THE EARTH

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AND DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**

## PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is:

**ZAVALA LAW GROUP, P.C.**
811 W. 7th Street, Suite 1200
Los Angeles, CA 90017

On January 9, 2025, I served the foregoing document described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HONOR THE EARTH'S MOTION TO STRIKE AND DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT** on the interested parties in this action via CM/ECF system following the Central District of California Local Rules for service upon the parties listed below:

Mark L. Javitch (CA SBN 323729)
Javitch Law Office
East 3rd Ave. Ste. 200
San Mateo, CA 94401
Email: mark@javitchlawoffice.com
Attorney for Plaintiffs

Dated: January 9, 2025                    _____ *auren Stiles*

---