1  Thomas B. Harvey (SBN 287198)
   tbhlegal@proton.me
2  LAW OFFICES OF THOMAS B. HARVEY
   365 E. Avenida de Los Arboles
3  Suite 226
   Thousand Oaks, CA 91360
4  (805)768-4440

5  Attorney for Defendants
   PALESTINIAN YOUTH MOVEMENT
6  COURTNEY LENNA SCHIRF
   REMO IBRAHIM
7
                    UNITED STATES DISTRICT COURT
8         FOR THE CENTRAL DISTRICT OF CALIFORNIA
                        WESTERN DIVISION
9

10  RONEN HELMANN, on behalf of all          Case No. 2:24-cv-05704-SVW-PVC
    others similarly situated,
11
12            Plaintiffs,                      DEFENDANTS' PALESTINIAN
                                               YOUTH MOVEMENT,
13      v.                                     COURTNEY LENNA SCHIRF,
                                               AND REMO IBRAHIM'S, NOTICE
14                                             OF MOTION AND CORRECTED
    CODEPINK WOMEN FOR PEACE, a               MOTION TO DISMISS
15  California entity, CODEPINK ACTION        PLAINTIFFS' SECOND
    FUND, a California entity, HONOR          AMENDED COMPLAINT
16  THE EARTH, a Minnesota entity,
    COURTNEY LENNA SCHIRF, and
17  REMO IBRAHIM, d/b/a                        Judge:  Hon Stephen V. Wilson
    PALESTINIAN YOUTH                          Hearing Date:  MARCH 3, 2025
18  MOVEMENT, and JOHN AND JANE               Time:          1:30 p.m.
    DOES 1-20,                                 Courtroom:     10A
19
20
21            Defendants.
22
23
24
25
26
27
                                  i
28  DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
    NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
    TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on March 3, 2025, at 1:30 p.m. or as soon thereafter as this matter may be heard in Courtroom 10A of the above-entitled Court located at First Street Courthouse, 350 W. 1st Street, Courtroom 10A, 10th Floor, Los Angeles, CA 90012, Defendants PALESTINIAN YOUTH MOVEMENT, COURTNEY LENNA SCHIRF and REMO IBRAHIM, will and hereby do move the Court to dismiss Plaintiffs' Second Amended Complaint.

This motion is based upon this Notice of Motion, the attached Memorandum of Points & Authorities, the files and records in the case, and any evidence or argument that may be presented at a hearing on this matter.

Respectfully submitted,

Dated:  January 27, 2025          LAW OFFICES OF THOMAS B. HARVEY

By:   /s/    Thomas B. Harvey
             Thomas B. Harvey

Attorney for Defendants
PALESTINIAN YOUTH MOVEMENT
COURTNEY LENNA SCHIRF
REMO IBRAHIM

# **TABLE OF CONTENTS**

I.     INTRODUCTION AND FACTUAL BACKGROUND..........................1

II.    THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS BECAUSE
       THERE IS NO PERSONAL JURSIDICTION OVER DEFENDANTS.....2

       A.   Legal Standard....................................................................2

       B.   The Court Lacks General Personal Jurisdiction Over Defendants Schirf
            and PYM.......................................................................4

       C.   The Court Lacks Specific Personal Jurisdiction Over Defendants Schirf
            and PYM .......................................................................5

III.   THE COURT SHOULD DISMISS PLAINTIFFS' CLAIM ARISING
       UNDER THE FACE ACT (18 U.S.C. § 248)................................6

       A.   Legal standard..................................................................7

       B.   Plaintiffs' Claim Under the FACE Act Fails Under Rule 12(b)(6)......8

            1. Plaintiffs Fail to Plausibly Allege Defendants Used Force, Threats of
            Force, or Physical Obstruction to Interfere with Their Freedom of
            Religion.........................................................................8

            2. Plaintiffs Fail to Plausibly Allege Defendants Intended to Injure,
            Interfere with, or Intimidate Them Because of Their Freedom of
            Religion.........................................................................12

            3. Plaintiffs Have Alleged No Facts Allowing Them to Plausibly Claim
            That Defendants are Responsible for any Harmful Acts.................14

            4. Defendants' Alleged Activities Constitute Protected First
            Amendment Speech and Advocacy......................................14

IV.    THE COURT SHOULD DISMISS PLAINTIFFS' CLAIM ARISING
       UNDER THE KU KLUX KLAN ACT (42 U.S.C. § 1985(3))...............15

       A.   Legal Standards................................................................16

       B.   Plaintiffs' Claims Under 42 U.S.C. § 1985(3) Fail Under 12(b)(6).....18

            1. Plaintiffs Fail to Allege Specific Facts that Plausibly Show a
            Conspiracy by Defendants...................................................18

            Plaintiffs Fail to Allege Any Conspirator Was a State Actor, or That
            Conspiracy Was Aimed at State Action..................................19

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

2. Plaintiffs Do Not Plausibly Allege a Racial or Class-Based Animus…………………………………………………………..19

3. Plaintiffs Do Not Allege Harms That Are Fairly Traceable to Defendants……………………………………………………………20

V.    **PYM DEFENDANTS RESPECTFULLY JOIN IN THE MOTIONS FILED BY ANY CO-DEFENDANT TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT TO THE EXTENT THEY APPLY**…………………………………………………..**21**

VI.    **CONCLUSION**……………………………………………………**22**

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Alaska Right to Life Political Action Comm. v. Feldman,*
    504 F.3d 840 (9th Cir. 2007)……………………………………………...20

*Allen v. Wright,*
    468 U.S. 737 (1984)………………………………………………………17

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)……………………………………………………7,18

*Bancroft & Masters, Inc. v. Augusta Nat. Inc.,*
    223 F.3d 1082, 1086 (9th Cir. 2000)………………………………………4

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 868 (2009)………………..7,17

*Boschetto v. Hansing,*
    539 F.3d 1011, 1016 (9th Cir. 2008) ………………………………………6

*Bray v. Alexandria Women's Health Clinic,*
    506 U.S. 263, 113 S.Ct. 753 (1993)………………………………………16

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.,*
    137 S. Ct. 1773, 1779 (2017)………………………………………………3

*Carbon Fuel Co. v. UMW,*
    444 U.S. 212 (1979) …………………………………………………..13,14

*Clapper v. Amnesty Int'l.*
    *USA*, 568 U.S. 398, (2013)………………………………………………..20

*Collins v. Jordan,*
    110 F.3d 1363 (9th Cir. 1996)……………………………………………15

*CollegeSource, Inc. v. AcademyOne, Inc.,*

653 F.3d 1066, 1073 (9th Cir. 2011)……………………………………………2

*Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.,*

235 F. Supp. 3d 1132 (E.D. Cal. 2017)……………………………15,16,18

*Conservation Force v. Salazar,*

646 F.3d 1240 (9th Cir. 2011)……………………………………………..8

*Coronado Coal Co. v. Mine Workers,*

268 U.S. 295 (1925)……………………………………………………13

*Counterman v. Colorado,*

600 U.S. 66 (2023)……………………………………………………10

*Cousins v. Lockyer,*

568 F.3d 1063 (9th Cir. 2009)………………………………………7,17,18

*Dahlia v. Rodriguez,*

735 F.3d 1060 (9th Cir. 2013)………………………………………..8,18

*Daimler AG v. Bauman,*

134 S. Ct. 746, 750-751 (2014)……………………………………….4

*Fabricant v. Elavon, Inc.,*

2:20-cv-02960-SVW-MAA, 12-13 (C.D.C.A. 2020)……………………..13

*Gaxiola v. City of Los Angeles,*

No. CV 10-6632 AHM (FMO), 2011 WL 13152832

(C.D. Cal. Aug. 30, 2011) ………..………………………………16

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*

564 U.S. 915, 918 (2011)………………………………………………..3

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*

466 U.S. 408, 415 (1984)………………………………………..…….4

*Karim-Panahi v. L.A. Police Dep't,*

839 F.2d 621, 626 (9th Cir. 1988)……………………………………..18

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

*Kindschy v. Aish*,

     412 Wis.2d 319 (Sup. Ct. Wis. 2024) ………..…………………………..10

*Kokkonen v. Guardian Life Ins. Co. of America*,

     511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed. 2d 391 (1994)……………………16

*Kristensen v. Credit Payment Servs. Inc.*,

     879 F.3d 1010 (9th Cir. 2018)…………………………………………………….13

*Lotierzo v. A Woman's World Med. Ctr.*,

     278 F.3d 1180 (11th Cir. 2002)……………………………………………………7

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,

     134 S. Ct. 1377 (2014)…………………………………………………………17

*Lujan v. Defenders of Wildlife*,

     504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed. 2d 351 (1992)……………………17

*Manistee Town Center v. City of Glendale*,

     227 F.3d 1090 (9th Cir. 2000)…………………………………………………16

*NAACP v. Clairborne Hardware Co.*,

     458 U.S. 886 (1982)……………………………………………………………10

*Native Village of Kivalina v. Exxon Mobil Corp.*,

     696 F.3d 849 (9th Cir. 2012)…………………………………………………17

*New Beginnings Ministries v. George*,

     2018 WL 11378829, *15 (S.D.O.H. 2018)………………………………...7

*Pasadena Republican Club v. W. Just. Ctr.*,

     985 F.3d 1161 (9th Cir. 2021)…………………………………………15-16

*Pavlovich v. Superior Court*,

     29 Cal.4th 262, 274-75 (2002)…………………………………………………5

*Planned Parenthood of Columbia/Willamette, Inc. v.*

vii
DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

*Am. Coal. of Life Activists*, 290 F.3d 1058, (9th Cir. 2002)…………………..9

*Preciado v. Freightliner Custom Chassis Corp.*,

    87 Cal. App. 5th 964 (Cal.App.4th 2023)…………………………………….3

*RK Ventures, Inc. v. City of Seattle*,

    307 F.3d 1045 (9th Cir. 2002)……………………………………………16

*Sanchez v. City of Santa Ana*,

    936 F.2d 1027, 1039 (9th Cir. 1991)…………………………………...18

*Security Farms v. International Broth. of Teamsters, Chauffeurs*,

    124 F.3d 999 (9th Cir. 1997)……………………………………………14

*Sever v. Alaska Pulp Corp.*,

    978 F.2d 1529 (9th Cir. 1992)…………………………………………16

*Schwarzenegger v. Fred Martin Mtr. Co.*,

    374 F.3d 797, 802 (9th Cir. 2004)……………………………………….6

*Simo v. Union of Needletrades, Indus. & Textile Emps.*,

    *Sw. Dist. Counci*l, 322 F.3d 602 (9th Cir. 2003)………………………13-14

*Sprewell v. Golden State Warriors*,

    266 F.3d 979 (9th Cir. 2001)………………………………………8,18

*Strasner v Touchstone Wireless Repair & Logistics, LP*,

    5 Cal. App. 5th 215, 231, 210 Cal. Rptr. 3d 16, 28-30 (2016)………………..5

*United Bhd. of Carpenters & Joiners*, *Local 61o,* AFL-CIO *v. Scott*,

    463 U.S. 825 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983)……………...15,16, 19

*Walden v. Fiore*,

    134 S. Ct. 1115, 1121-22 (2014)…………………………………………...3

*Williams v. Yamaha Motor Co.*,

    851 F.3d 1015 (9th Cir. 2017)……………………………………………13

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

**<u>STATUTES</u>**

18 U.S.C. § 248 ................................................................................................... 6

18 U.S.C. § 248(a)(2)………………………………………………………..7, 8

18 U.S.C. § 248(d)(1)………………………………………………………15

18 U.S.C. § 248(e)(4)………………………………………………………11

42 U.S.C. § 1985(3)………………………………………………..15,16,18,19, 21

**<u>OTHER AUTHORITIES</u>**

Art. III, U.S. Const………………………………………………………16

Fed.R.Civ.Proc. 12(b)(1)………………………………………………...16

Fed.R.Civ.Proc. 12(b)(2)…………………………………………………2

Fed.R.Civ.Proc. 12(b)(6)……………………………..…...7,8,11,17,18,20

H.R. Conf. Rep No. 103-488, 9 (1994)…………………………………11

Norris–LaGuardia Act § 6, 29 U.S.C. § 106…………………………………13

S. Rep. 117, 103d Cong. 1st Sess. 31 (1993)………………………………11

139 Cong. Rec. S15660, 1993 WL 470962 (Nov. 3, 1993)………………………8

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTON TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**

## I.     INTRODUCTION AND FACTUAL BACKGROUND

Defendants Palestinian Youth Movement (PYM), Courtney Schirf (Schirf), and Remo Ibrahim (Ibrahim) (collectively "Defendants") move to dismiss the instant complaint. Plaintiffs' Second Amended Complaint ("SAC") accuses Defendants of making social media posts encouraging supporters to protest the illegal sale of occupied Palestinian land, conspiring with Defendants Code Pink and Code Pink Fund ("Code Pink"), and controlling the actions of 100 Doe "rioters" who were present at the protest. The SAC relies extensively on generalized assertions and conclusory restatements of the elements of the pled causes of action. In sum, Plaintiffs seek to punish Defendants' protected First Amendment activity expressing support for Palestinians and principled opposition to Israel's illegal occupation of the West Bank and its ongoing genocide in Gaza.

Plaintiffs seek to punish Defendants for posting about a protest against My Home in Israel's ("MHI") sale of occupied Palestinian land in the illegal, Jewish-only settlements in Occupied Palestine—an event that never mentioned religious obligations. (SAC at fns. 100, 104). The New Jersey Division on Civil Rights is investigating MHI for "discrimination on the basis of race, religion, ancestry, national origin, and other protected characteristics" during the previous events.[1] MHI has drawn protests throughout the country facing accusations of supporting apartheid and genocide. MHI's Los Angeles event Los Angeles was no different.[2]

---

[1] Arvind Dilawar, "Organizers of Israeli Real Estate Event in LA Under Investigation in New Jersey," September 4, 2024 (last accessed October 22, 2024) <https://lapublicpress.org/2024/09/israeli-real-estate-fair-housing-investigation/>.
[2] Id.

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

The SAC alleges that PYM's social media account shared a post giving the time of the sale "12 PM SHARP," saying "OUR LAND IS NOT FOR SALE" (SAC ¶¶210, 211) and "STAND AGAINST SETTLER EXPANSION AT SUNDAY'S REAL ESTATE EVENT SELLING HOMES TO BUILD 'ANGLO NEIGHBORHOODS' IN PALESTINE." *Id*. Plaintiffs seek damages for FACE Act and Civil Rights Act violations.

Plaintiffs lack standing to proceed and their complaint should be dismissed with prejudice. Plaintiffs' injuries are not fairly traceable to Defendants' alleged conduct. They are attributable to people over whom Defendants had no control. Plaintiffs' claims fail under both statutes because Defendants engaged in protected free speech activity. They also fail under the Civil Rights Act because Plaintiffs' entirely speculative alleged conspiracy was not motivated by racial animus.

The SAC should be dismissed against Schirf and PYM for lack of personal jurisdiction, as Schirf is a resident of Texas (SAC ¶ 82), and PYM has no corporate entity established in California. (SAC ¶ 39).

For these reasons and others discussed below, Plaintiffs' Second Amended Complaint should be dismissed with prejudice.

## II.    THE COURT SHOULD DISMISS PLAINTIFFS' CLAIMS BECAUSE PLAINTIFFS LACK PERSONAL JURSIDICTION OVER DEFENDANTS

### A. Legal Standard Fed.R.Civ.Proc. 12(b)(2)

Under Federal Rule of Civil Procedure 12(b)(2), a party may move to dismiss a complaint for lack of personal jurisdiction. The plaintiff bears the burden of making a *prima facie* "showing establishing that jurisdiction is proper." *CollegeSource, Inc. v. AcademyOne, Inc.,* 653 F.3d 1066, 1073 (9th Cir. 2011). A court may only exercise personal jurisdiction over a non-resident defendant if doing

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

1  so would comport with the Fourteenth Amendment's Due Process Clause because it

2  "exposes defendants to the State's coercive power." *Goodyear Dunlop Tires*

3  *Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011).

4      Personal jurisdiction is established either through general, i.e. "all purpose,

5  "jurisdiction derived from a defendant's establishment of the jurisdiction as its home

6  base, or specific, i.e. "case-linked," jurisdiction derived from a defendant's

7  jurisdictional contacts if sufficiently related to the claims at issue. *Bristol-Myers*

8  *Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773,

9  1779 (2017).

10      The specific personal jurisdiction inquiry is "defendant-focused," with an

11  emphasis "on the relationship among the defendant, the forum, and the litigation."

12  *Walden v. Fiore*, 134 S. Ct. 1115, 1121-22 (2014) (citation and quotation omitted).

13  "[T]he defendant's suit-related conduct must create a substantial connection with the

14  forum State." *Id.* at 1121. "When there is no such connection, specific jurisdiction

15  is lacking regardless of the extent of a defendant's unconnected activities in the

16  State." *Bristol-Myers Squibb Co. v. Superior Court of Calif.*, 137 S. Ct. 1773, 1781

17  (2017).

18      As recently articulated by a California appellate court in *Preciado v.*

19  *Freightliner Custom Chassis Corp*., 87 Cal. App. 5th 964, 977 (Cal.App.4th 2023):

20      For a state to have specific jurisdiction, the defendant "must take 'some
    act by which [it] purposefully avails itself of the privilege of conducting
21      activities within the forum State.'…The contacts must be the
    defendant's own choice and not 'random, isolated, or
22      fortuitous.'…They must show that the defendant deliberately 'reached
    out beyond' its home—by, for example, 'exploi[ting] a market' in the
23      forum State or entering a contractual relationship centered there…Yet
    even then—because the defendant is not 'at home'— the forum State
24      may exercise jurisdiction in only certain cases. The plaintiff's claims … 'must
25      arise out of or relate to the defendant's contacts' with the
    forum."….
26

27

28
DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

**B. <u>The Court Lacks General Personal Jurisdiction Over Defendants PYM and Schirf</u>**

For general jurisdiction to exist over a nonresident defendant, the corporate defendants must have "continuous and systematic general business contacts" that "approximate physical presence" in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984) (finding no general jurisdiction where defendant did not have a place of business in forum state and had never been licensed to do business in forum state, despite existence of other connections).

The standard for obtaining general personal jurisdiction, even over a corporation, is "demanding." *Daimler AG v. Bauman*, 134 S. Ct. 746, 750-751 (2014). For a corporation, "the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction." *Id.* at 760 (internal quotations and citations omitted). Only in an "exceptional case" is general jurisdiction available elsewhere. *Id.* at 751 n.19. An "exceptional case" exists only if a defendant's contacts in the state are "substantial" or "continuous." *Bancroft & Masters, Inc. v. Augusta Nat. Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 104 S. Ct. 1868 (1984)).

The SAC includes no specific allegation that PYM spent funds on this protest ("attack was organized, publicized, aided, and (upon information and belief) funded by Defendants," SAC, ¶ 8). The SAC fails to even clearly and definitively allege that PYM members were present at the protest ("Upon information and belief, members of PYM were among those who blocked Plaintiff Helmann and Proposed Class Members from accessing the Synagogue on June 23, 2024" SAC ¶ 49).

The SAC alleges nothing that would justify the exercise of general jurisdiction over PYM or Schirf. Plaintiffs do not identify any act in California taken

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

by Schirf that might be said to give rise or relate to their claims. It alleges no actual contacts with California for Schirf and admits Schirf is a resident of Texas.

PYM is an unincorporated entity with operations across the country and no principal place of business. The SAC alleges limited contact with the state, via a social media posting it shared. Nothing in the SAC establishes contacts with California that are "substantial" or "continuous."

### C. <u>The Court Lacks Specific Personal Jurisdiction Over Defendants PYM and Schirf</u>

Plaintiffs do not allege that Schirf took any action that was purposefully directed at California residents. Thus, it cannot be said that any alleged injury arose out of relevant actions by Schirf. As such, there is no remotely colorable basis to exercise specific jurisdiction

Plaintiffs simply allege that Schirf controls PYM's social media – an entity that does not have a place of business in California and operates around the world – and conclude that constitutes purposeful direction of activities at California. Plaintiffs have cited no authority to support that contention. Plaintiffs do not allege that Schirf was ever in California or that she posted the notice in question about the illegal land sale sponsored by MHI.

Similarly, Plaintiffs do not allege that PYM did anything other than share the post calling attention to the illegal landsale. *See Strasner v Touchstone Wireless Repair & Logistics, LP*, 5 Cal. App. 5th 215, 231, 210 Cal. Rptr. 3d 16, 28-30 (2016) ("Nor has [plaintiff] identified any authority in which a court found specific jurisdiction without sufficient evidentiary support establishing that the defendant's conduct was targeted at the forum state with knowledge that the act would cause harm in the state."); citing *Pavlovich v. Superior Court*, 29 Cal.4th 262, 274-75 (2002) (posting on a passive website insufficient to establish purposeful availment

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

when defendant did not know his conduct would cause harm to plaintiff in California; "the fact that a defendant's actions in some way set into motion events which ultimately injured a California resident cannot, by itself, confer jurisdiction over that defendant").

As to the second element, Plaintiffs do not specifically allege that PYM, Schirf (or for that matter Ibrahim) spent money on the protest in California or were even present at the protest, let alone that they blocked entrance to the landsale. Plaintiffs have failed to plead that their alleged injuries arose from any actions taken by Schirf, Ibrahim, or PYM.

Finally, the SAC fails to satisfy the third element of the specific jurisdiction analysis: the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable. *See Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008); *Schwarzenegger v. Fred Martin Mtr. Co.*, 374 F.3d 797, 802 (9th Cir. 2004). It would be entirely unreasonable to exercise personal jurisdiction over Schirf because she (i) has no residence or presence in California, (ii) and is not alleged to have sent any funds to California or done anything else in California. Similarly, the SAC makes no allegations that PYM owns property in California, has filed lawsuits in California, filed taxes in California, or has done anything other than sharing a social media post to purposefully avail itself of the protection of California's laws.

### III.  THE COURT SHOULD DISMISS PLAINTIFFS' CLAIM ARISING UNDER THE FACE ACT (18 U.S.C. § 248)

The Freedom of Access to Clinic Entrances Act (FACE Act) was passed in 1994, when women's health clinics were being bombed and doctors who worked there were being murdered. A far less-known provision in the bill protects places of worship. The law's "place of worship" cause of action has been seldom litigated and

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

caselaw interpreting the civil suit provision is scarce. Defendants are aware of no cases from the 9th Circuit where such a suit has been brought.

Other circuits, however, have identified four elements required to plead a violation of 18 U.S.C. § 248(a)(2): "Plaintiffs must demonstrate that Defendants used or attempted to use (1) force, threat of force, or physical obstruction; (2) with the intent to; (3) injure, intimidate, or interfere with a person; (4) because that person is exercising or is seeking to exercise his or her right of religious freedom at a place of religious worship." *New Beginnings Ministries v. George*, 2018 WL 11378829, *15 (S.D.O.H. 2018) (citing *Lotierzo v. A Woman's World Med. Ctr.*, 278 F.3d 1180, 1182 (11th Cir. 2002) (citations omitted)).

The "place of worship" subsection of the FACE Act has not been addressed by this Court in any published decision. Plaintiffs fail to allege facts that can plausibly show a violation of the statute.

## A.    Legal Standard Fed.R.Civ.Proc. 12(b)(6)

A district court must dismiss a claim if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although "a complaint need not contain detailed factual allegations . . . it must plead enough facts to state a claim to relief that is plausible on its face." *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009) (internal quotation marks and citations omitted). A claim is facially plausible only when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal quotation marks omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to avoid . . . dismissal" under this standard. *Cousins*, 568 F.3d at 1067

(internal quotation marks omitted). A court may reject as implausible allegations that are too speculative to warrant further factual development. *Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013). The allegations must be enough to raise a right to relief above the speculative level. *Twombly* at 548. The court need not accept allegations that are merely conclusory, are unwarranted deductions, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

When the guesses, conclusory language, and innuendo are stripped away, what remains of Plaintiffs' allegations that are grounded in specific facts is this: (1) PYM was one of several organizations that informed the public about a real estate event offering land sales in the occupied West Bank; (2) PYM promoted the demonstration, and invited its supporters to attend; and (3) persons unknown acted threateningly and said frightening things, and (4) some unknown persons used "bear spray". From these crumbs, Plaintiffs build a mountain of surmise to insist that PYM Defendants must have directed these activities, along with other defendants. These are not facts sufficient to make a cognizable legal theory plausible. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011).

## B.   Plaintiffs' Claim Under the FACE Act Fails Under Rule 12(b)(6)

### 1.   Plaintiffs Fail to Plausibly Allege Defendants Used Force, Threats of Force, or Physical Obstruction to Interfere with Their Freedom of Religion

Plaintiffs do not plausibly allege that Defendants used force, threats of force, or physical obstruction against them as required under 18 U.S.C. § 248(a)(2). In its legislative history, 18 USC § 248(a)(2)'s sponsor stated the proposal would "do no more than give religious liberty the same protection that [the FACE Act] would give abortion," and would address recent violence, including a protest where activists entered a facility during prayer and threw things at the congregants, and a series of

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

arson attacks against churches. 139 Cong. Rec. S15660, 1993 WL 470962 (Nov. 3, 1993).

A large, outspoken demonstration (and a viciously brutal counterprotest) bear little resemblance to the violent acts contemplated by the statute. Plaintiffs have not pled any fact that could plausibly show that defendants used physical force against them—the only alleged physical force was used by unidentified people.

Furthermore, Plaintiffs' own pleading shows that any force or threats of force that may have occurred were not at the direction of Defendants but resulted from clashes provoked by the pro-Israel counter-protesters. According to sources cited in the First Amended Complaint, "clashes started when pro-Israeli protesters arrived… things turned violent," and the only person arrested for violence during the protest was a pro-Israel counter-protestor carrying a spiked pole (FAC fn. 2). The SAC links to a Yahoo News article which includes an interview with a physician and volunteer medic who was treating injured people at the event. The physician explains that the pro-genocide counter-protesters clashed with the anti-war crimes protesters for more than an hour, while the Los Angeles Police Department formed a line that prevented any of the anti-war crimes protesters from dispersing to their vehicles; "the protesters were effectively 'sandwiched' between the counter-protesters and the police" (SAC at fn. 100). The source provided in the SAC further states that "a pro-Israel demonstrator who was carrying a spiked pole was arrested." *Id.* Another source quoted in the article stated that it was in fact "a handful of LAPD officers" who were "standing at the entrance of the synagogue," obstructing entry, not the anti-genocide protesters. *Id.* These facts do not plausibly show that Defendants intended or used force or violence, and in fact suggest that the demonstration was nonviolent up until the counter-protesters arrived with weapons.

Plaintiffs have also failed to plausibly allege that Defendants used a *threat* of force against them. The First Amendment protects "offensive and coercive speech," including "the use of speeches, marches, and threats of social ostracism." *Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 290 F.3d 1058, 1070 (9th Cir. 2002), *as amended* (July 10, 2002) (citing *NAACP v. Clairborne Hardware Co.*, 458 U.S. 886, 933 (1982)). Where Plaintiffs rely on a "threat of force" to plead a violation of the FACE Act, they must show that the threat was a "true threat." 290 F.3d 1073 (providing that "FACE on its face requires that 'threat of force' be defined and applied consistent with the First Amendment").

Under the Supreme Court's true threat doctrine, Defendants' speech was not a "threat," as speech only qualifies as a "true threat" where "in the entire context and under all the circumstances, a reasonable person would foresee [it] would be interpreted by those to whom the statement is communicated as a serious expression of intent to inflict bodily harm upon that person." *Id.* at 1077. The Supreme Court recently recognized a recklessness *scienter* requirement for culpable true threats, such that the Defendant must have "consciously disregarded a substantial risk that his communications would be viewed as threatening violence." *Counterman v. Colorado*, 600 U.S. 66, 69 (2023). Although *Counterman* arose in the context of a criminal charge, the *scienter* requirement that it recognized has also been applied to civil causes of action based on threats. *Id.*, at 80-81. *See also, e.g. Kindschy v. Aish*, 412 Wis.2d 319, 333 (Sup. Ct. Wis. 2024) (directly applying *Counterman's scienter* rule to a civil dispute).

In this case, Plaintiffs do not plausibly allege that Defendants' statements are true threats such that they are unprotected by the First Amendment. Plaintiffs do not allege that Defendants' statements could be interpreted as a serious expression of intent to inflict bodily harm upon them, nor that Defendants were aware of any

substantial risk of their communications being viewed as a threat of violence. As such, Plaintiffs fail to plausibly allege that any of the Defendants used a threat of force against them.

Plaintiffs allege that some protesters called for indiscriminate violence against Jewish people (SAC at ¶229). Even if Plaintiffs were to somehow plead that Defendants controlled those protesters, the article linked in support of that particular allegation provides no support whatsoever—in fact, the only call for indiscriminate violence mentioned in the source is a pro-Israel chanter who shouted "we have the bullets, you have the blood" (SAC at fn. 74).

Plaintiffs also fail to plausibly allege that Defendants engaged in physical obstruction. To plead violation based on physical obstruction, Plaintiffs must specifically show that the alleged obstruction rendered ingress and egress to the facility impossible or unreasonably difficult or hazardous. 18 U.S.C. § 248(e)(4); *see also* S. Rep. 117, 103d Cong. 1st Sess. 31 (1993) (explaining that "physical obstruction" would include blockades, "chaining people and cars to entrances with bicycle locks," strewing nails on public roads leading to clinics, and "blocking entrances with immobilized cars"); H.R. Conf. Rep No. 103-488, 9 (1994) (clarifying that physical obstruction would include, for example "physically blocking access to a church or pouring glue in the locks of a synagogue").

Finally, Plaintiffs fail to plausibly allege that Defendants physically made ingress or egress unreasonably hazardous; only that they called for a political demonstration outside of the facility, and that there were eventually clashes between some unidentified individuals in the crowd. This could not be further from the church burnings and intentional, coordinated physical violence against parishioners that the FACE Act was intended to prevent.

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiffs have therefore failed to allege any facts that can plausibly show Defendants used force, threats of force, or physical obstruction to interfere with their freedom of religion under the FACE Act, and the claim must be dismissed under Rule 12(b)(6).

### 2. **Plaintiffs Fail to Plausibly Allege Defendants Intended to Injure, Interfere with, or Intimidate Them Because of Their Freedom of Religion**

Plaintiffs' only specific facts pled against PYM are that PYM's social media shared a post  asking people to show up at "12 PM SHARP " saying that "OUR LAND IS NOT FOR SALE" (SAC ¶¶210, 211). The SAC further alleges that PYM posted "STAND AGAINST SETTLER EXPANSION AT SUNDAY'S REAL ESTATE EVENT SELLING HOMES TO BUILD 'ANGLO NEIGHBORHOODS' IN PALESTINE." *Id*. Plaintiffs further allege "upon information and belief" that "Named Defendants" distributed keffiyehs at the protest (SAC ¶226).

Plaintiffs do not allege any facts that could plausibly show any of the PYM Defendants intended to injure Plaintiffs, restrict their freedom of movement, or threaten bodily harm, much less that they intended to do so *because* of Plaintiffs' exercise of freedom of religion. Plaintiffs do not allege any mention of prayer, worship, Jewish people, or Judaism, nor any call for violence, physical force, or intimidation. There are also no facts pled that could plausibly show the PYM Defendants intended to injure, restrict the bodily movement of, or threaten violence against people coming to exercise their religious freedom at the synagogue. Plaintiffs' sources in the SAC show that the published advertisement for the Real Estate event made no mention whatsoever of religion, prayer, worship, nor even of *Aliyah*; the event is described as a real estate opportunity, with discounts offered in

exchange for participation (FAC, video in fn. 11). There is no information in the
advertisement from which Defendants could have known this was a religious event.

The facts pled therefore make it impossible for Plaintiffs to plausibly allege
that Defendants intended to injure, intimidate, or interfere with them because of
their exercise of freedom of religion.

### 3. Plaintiffs Have Alleged No Facts Allowing Them to Plausibly Claim That Defendants are Responsible for any Harmful Acts

Plaintiffs implicitly rely on an imputed agency relationship to hold
Defendants liable for the acts of the unidentified individuals. Yet Plaintiffs fail to
allege facts making it plausible that Defendants had "the right to substantially
control [these alleged agent's] activities," *Williams v. Yamaha Motor Co.*, 851 F.3d
1015, 1024 (9th Cir. 2017), nor how they did these things or knew these things.
*Fabricant v. Elavon, Inc.*, 2:20-cv-02960-SVW-MAA, 12-13 (C.D.C.A. 2020).
Even where the principal ratifies an act without knowledge of material facts of the
agent's acts, the principal must still choose to ratify the act while aware that they
lack such knowledge to be liable for the act. *Fabricant*, 2:20-cv-02960-SVW-MAA
at 13-14, quoting *Kristensen v. Credit Payment Servs. Inc.*, 879 F.3d 1010, 1014
(9th Cir. 2018).

Even if the unidentified Does *were* PYM members (which is only alleged
upon information and belief) PYM can only be responsible under some *respondeat
superior* theory.  Other national organizations (for example, labor unions) are only
responsible for members' actions if common law *respondeat superior* doctrines
apply. To hold a union responsible for an agent's acts under the common law "'it
must be clearly shown . . . that what was done was done by their agents in
accordance with their fundamental agreement of association.'" *Carbon Fuel Co. v.*

13

*UMW*, 444 U.S. 212, 217 (1979), quoting *Coronado Coal Co. v. Mine Workers*, 268 U.S. 295, 304 (1925). Statutes governing labor-management relations imported common law *respondeat superior* doctrine, *see generally* 29 U.S.C.S. § 185, the Taft-Hartley Act, § 301(b), Norris–LaGuardia Act § 6, 29 U.S.C. § 106, making a union liable for its members' acts only where there is "clear proof" of participation, authorization, or ratification. *Simo v. Union of Needletrades, Indus. & Textile Emps., Sw. Dist. Council,* 322 F.3d 602, 620 (9th Cir. 2003). Thus, even courts invoking these statutes rely upon traditional agency law. Liability turns on the nature and extent of the actual control an international union exercises over a local union and the local's degree of autonomy. *Laughon v. Int'l Alliance of Theatrical Stage Emples.*, 248 F.3d 931, 935 (9th Cir. 2001). Without evidence a union has instigated, supported, encouraged, or ratified acts by its subdivision union, there is no proof of an agency relationship, and thus a union cannot be held liable for the subdivision union's acts. *Carbon Fuel Co*, 444 U.S. at 218; *see also Simo*, 322 F.3d at 620. Even where an individual serves a double role as both the local and international union official, looking to the organization being served at the time of the conduct, courts "do not impute the conduct, or knowledge of the conduct, to the international solely by virtue of the individual's double role." *Laughon*, 248 F.3d at 937. Even participating in negotiations and reporting to the international's representative on the local's progress fails to demonstrate the international controlled the local to impute liability. *Security Farms v. International Broth. of Teamsters, Chauffeurs,* 124 F.3d 999, 1012-1013 (9th Cir. 1997).

Here, Plaintiffs make broad, sweeping, and completely factually unsupported allegations against Defendants without pointing to a single fact showing how Defendants did the things it is accused of or how it knew of these things. There are no facts to support that Defendants controlled any individuals present at the event,

14

nor any facts supporting that Defendants instigated, authorized, ratified or even encouraged any of the acts named in the complaint. With no facts to support its broad sweeping allegations, Plaintiffs have failed to sufficiently plead Defendants' liability via vicarious liability in a principal-agent relationship.

### 4.  Defendants' Alleged Activities Constitute Protected First Amendment Speech and Advocacy

Demonstrations, marches, and picketing are undeniably protected First Amendment activities. *Collins v. Jordan* 110 F.3d 1363, 1371 (9th Cir. 1996). Even where protected First Amendment speech becomes intertwined with someone's later possibly illegal conduct is to punish the conduct, not the speech. *Id*. The FACE Act explicitly forbids construing its language to capture "expressive conduct (including peaceful picketing or other peaceful demonstration) protected from legal prohibition by the First Amendment to the Constitution[.]" 18 U.S.C. § 248(d)(1). Plaintiffs therefore cannot plausibly allege a violation of either statute based on Defendants' protected speech.

### IV.  THE COURT SHOULD DISMISS PLAINTIFFS' CLAIM ARISING UNDER THE KU KLUX KLAN ACT (42 U.S.C. § 1985(3))

To state a claim under 42 U.S.C. § 1985(3), "plaintiffs must allege and prove four elements: (i) a conspiracy; (ii) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (iii) an act in furtherance of this conspiracy; (iv) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.,* 235 F. Supp. 3d 1132, 1185 (E.D. Cal. 2017).

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

The cause of action under 42 U.S.C. § 1985(3) "requires at least one of the wrongdoers in the alleged conspiracy to be a state actor. Indeed, the Supreme Court has held that 'an alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless it is proved that the State is involved in the conspiracy'" or that the aim of the conspiracy is to influence state actors. *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1171 (9th Cir. 2021) (citing *United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 830 (1983).

To plead a claim under 42 U.S.C. § 1985(3), a plaintiff must also plausibly allege that the intended deprivation was "'motivated by some racial, or ... other[ ] class-based' animus." *Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1185 (E.D. Cal. 2017) (citing *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992); *see also Manistee Town Center v. City of Glendale*, 227 F.3d 1090 (9th Cir. 2000); *Gaxiola v. City of Los Angeles*, No. CV 10-6632 AHM (FMO), 2011 WL 13152832, at *9 (C.D. Cal. Aug. 30, 2011) ("To avoid interpreting § 1985(3) as a general federal tort law, the Supreme Court has emphasized that, as under §1981, the plaintiff must prove as an element of the cause of action 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action'" (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993)); *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002) (To bring a cause of action successfully under § 1985(3), a plaintiff must demonstrate a deprivation of a right motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action"). 42 U.S.C. § 1985(3) does not extend to "conspiracies motivated by bias towards others on account of their economic views, status, or activities." *United Bhd. of Carpenters and Joiners of Am, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 837 (1983).

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

## A. Legal Standards

### 1. Fed.R.Civ.Proc. 12(b)(1) and the Attendant Standing Requirements

Federal courts have limited jurisdiction *see*, Art. III, U.S. Const., and Plaintiffs must prove their case lies within a court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377-78 (1994). Plaintiffs must establish they have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). Plaintiff "bears the burden of establishing these elements" and "at the pleading stage, [he] must clearly allege facts demonstrating each element." Id. (citation omitted). The injury pled must "be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560-61 (citation omitted). Further, "the line of causation between the [alleged] illegal conduct and injury" must not be "too attenuated." *Allen v. Wright*, 468 U.S. 737, 752 (1984) (concluding that a weak demonstration of causation precludes Article III standing), *overruled on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1388 (2014). Rather, the line of causation must be more than attenuated, and "where the causal chain 'involves third parties whose numerous independent decisions collectively have a significant effect on plaintiffs' injuries . . . the causal chain [is] too weak to support standing at the pleading stage.'" (citations and internal quotation marks omitted). *Native Village of Kivalina v. Exxon Mobil Corp.*, 696 F.3d 849, 867 (9th Cir. 2012).

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

### 2. **Fed.R.Civ.Proc. 12(b)(6) Requires Facts Sufficient to Make a Claim Plausible**

A district court must dismiss a claim if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although "a complaint need not contain detailed factual allegations . . . it must plead enough facts to state a claim to relief that is plausible on its face." *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009) (internal quotation marks and citations omitted). A claim is facially plausible only when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal quotation marks omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to avoid . . . dismissal" under this standard. *Cousins*, 568 F.3d at 1067 (internal quotation marks omitted). A court may reject as implausible allegations that are too speculative to warrant further factual development. *Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013). The allegations must be enough to raise a right to relief above the speculative level. *Twombly* at 548. The court need not accept allegations that are merely conclusory, are unwarranted deductions, or unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### B. **Plaintiffs' 42 U.S.C. 1985(3) Claims Fail Under Rule 12(b)(6)**

### 1. **Plaintiffs Fail to Allege Specific Facts that Plausibly Show a Conspiracy by Defendants**

A claim under 42 U.S.C. § 1985(3) requires specific factual allegations that plausibly show the Defendants conspired to violate the statute. *Comm. to Protect our Agric. Water,* 235 F. Supp. 3d at 1185. Plaintiff must "allege facts to support the

allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988); *see also Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1991). Plaintiff has failed to do so in this case.

Rather than alleging specific facts that plausibly show a conspiracy among the Defendants, the SAC relies on blanket generalized assertions that "Named Defendants conspired with each other and then acted in concert" (SAC ¶9; *see also* SAC ¶¶146, 356). Plaintiffs allege that "Named Defendants agreed among themselves to organize the riot" (SAC ¶400) without alleging any specific facts as to who agreed, what was agreed to, when it was agreed to, by what means such agreement was communicated, nor even what said alleged agreement included. Without specific factual allegations that make a conspiracy plausible, the blanket assertion that 'Defendants conspired to organize a riot' is insufficient to plead a claim. 235 F. Supp. 3d at 1185.

### 2. <u>Plaintiffs Fail to Allege Any Conspirator Was a State Actor, or that Conspiracy Was Aimed at a State Action</u>

Plaintiffs fail to allege a state actor was part of any conspiracy, or that Defendants was intending to influence state action. To state a claim under 42 U.S.C. § 1985(3), Plaintiffs must plausibly allege that one or more of the conspirators is a state actor, or that the conspiracy was intended to influence state action. *Pasadena Republic Club v. Western Justice Center*, 985 F.3d 1161, 1171 (9th Cir. 2021) (citing *United Bhd. Of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 830 (1983) ("an alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless it is proved that the State is involved in the conspiracy."). The SAC contains none of this.

### 3. <u>Plaintiffs Do Not Plausibly Allege a Racial or Class Based Animus</u>

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiffs allege that Defendants called on supporters to help advocate against the sale of illegally occupied land (SAC ¶¶210-211). These pled facts cannot plausibly show a racial or class-based animus on the part of PYM when it encouraged supporters to attend the rally.

Sources cited in the Second Amended Complaint instead show that Defendants were motivated by a desire to oppose "the illegal sale of stolen, occupied land in Palestine" (SAC at fn. 90). Even if Defendants had animus towards people who sought to attend the specific real estate event in order to purchase a house in Occupied Palestine, that would amount to an economic animus, which is specifically *not* a basis for a claim under 42 U.S.C. §1985(3). *United Bhd. of Carpenters and Joiners of Am, Local 610, AFL-CIO v. Scott,* 463 U.S. at 837 (42 U.S.C. § 1985(3) does not extend to "conspiracies motivated by bias towards others on account of their economic views, status, or activities").

Plaintiffs have not set forth—and cannot point to a single statement or action by Defendants that establishes—a plausible factual basis for finding a racial or class-based animus, and in fact have provided the court with specific reasons to find such a motivation *im*plausible.

Where, as here, the pleadings include citation to clear, consistent statements by the Defendants regarding their motivation, the Court cannot ignore these facts and should treat them as true under Rule 12(b)(6). Ordinarily, affirmative defenses may not be raised by motion to dismiss. *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam). But a complaint may be dismissed when the allegations of the complaint give rise to an affirmative defense that clearly appears on the face of the pleading. *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990) (superseded by rule on other grounds as stated in *Harmston v. City &*

1  *County of San Francisco*, 627 F.3d 1273 (9th Cir. 2010); *Boquist v. Courtney*, 32

2  F.4th 764, 774 (9th Cir. 2022).

3        **4.   Plaintiffs Do Not Plausibly Allege Harms That Are**

4             **Traceable to Defendants**

5        Standing under Article III requires Plaintiff to demonstrate a concrete injury

6  that is fairly-traceable to the complained-of conduct. *Alaska Right to Life Political*

7  *Action Comm. v. Feldman*, 504 F.3d 840, 848 (9th Cir. 2007) (quoting *Lujan*, 504

8  U.S. at 560-561. Courts are reluctant to endorse standing theories that rest

9  on speculation about the decisions of an independent actor. *Clapper v. Amnesty*

10  *Int'l. USA*, 568 U.S. 398, 414 (2013).

11       None of Plaintiffs' pled injuries are fairly traceable to any of Defendants

12  alleged conduct. Plaintiff Helmann's pled injuries are that he tried to enter the

13  synagogue through the front entrance but was "blocked by the angry mob," "was

14  unable to enter the synagogue safely," and ultimately "decided to return home" of

15  his own accord (SAC ¶12-4). These injuries are not fairly-traceable to any alleged

16  conduct by Defendants. There are no facts plead that can plausibly show that

17  Defendants controlled or directed, nor even encouraged, John Does 1-100, nor the

18  rest of "the mob" that scared Plaintiff Helmann, only that Defendants encouraged

19  supporters to attend the anti-genocide demonstration and to help advocate against a

20  war crime.

21       Plaintiffs' injuries are therefore not fairly-traceable to the alleged conduct of

22  Defendants, but rather depend on the acts of unidentified third parties, including the

23  individual who allegedly sprayed other people with mace, the individuals who

24  allegedly took photographs of houses and cars, the counter-protesters who—

25  according to the sources in the Second Amended Complaint—started the violent

26  clash, and the police and private security who failed to sufficiently control the

27

28
DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

crowd. Video footage cited in the First Amended Complaint shows that the anti-genocide protesters were the smaller of the various groups involved, were attacked by the pro-Israel counter-protesters, and were surrounded and kettled by security (FAC fn. 11, embedded video at 12:42-14:09). Defendants had no control over any of these actors, and Plaintiffs fail to offer a single fact that can plausibly suggest otherwise.

As such, because Plaintiffs' injuries depend upon the acts of independent third parties and are not fairly traceable to the alleged acts of Defendants, Plaintiffs have no standing to bring this suit under 42 U.S.C. § 1985(3).

## V.    PYM DEFENDANTS RESPECTFULLY JOIN IN THE MOTIONS FILED BY ANY CO-DEFENDANT TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT TO THE EXTENT THEY APPLY

PYM Defendants note that other defendants filed motions to dismiss and motions to strike the Second Amended Complaint raising other arguments common to all defendants, including, without limitation, those relating to Plaintiffs' lack of standing, lack of jurisdiction under principles of international and humanitarian law, Motion to Strike, and the failure to meet the requirements for class certification. PYM Defendants respectfully join those arguments.

## VI.    CONCLUSION

The Court has a gate-keeping function, even at the pleading stage. That function is perhaps most needed when political actors dress as litigants and demand that judges turn their courtrooms into stages for ideological or even theological disputes. That is why *Iqbal* and *Twombly* demand that the rhetoric must be tethered to facts, and that grant theories be supported by enough of those facts to at least make the theories plausible.

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

Those guardrails have been entirely breached here. Several groups called for a demonstration. PYM asked its supporters to help advocate against the illegal sale of illegally occupied land, and it had no knowledge that religious services were scheduled at the synagogue that day—a Sunday, not a notable day for Jewish religious gatherings. Yet in this hyperbolic atmosphere a constitutionally protected call for legal protest has been recast as a campaign of terror.

The law requires more of a plaintiff than hyperbole. First, a court must have jurisdiction over defendants, and the complaint fails to establish that with respect to PYM and Schirf. There must be at least a nod to the reality-based community—a latticework of facts and inferences that are plausible. The plaintiffs have utterly failed at even this most basic requirement. There are no facts showing PYM intended to obstruct religious services, no facts showing it called on anyone to do so, no facts showing state actors were involved, and no facts showing even the faintest link between a call for advocacy and the chaotic scene that eventually arose when armed counter-protestors arrived and spent hours antagonizing the anti-genocide demonstrators.

Plaintiffs have already amended their Complaint twice and still fail to identify a single specific fact making their claims against PYM plausible or establishing Article III standing. Because the Plaintiffs have thrice failed to plausibly plead their invoked causes of action, and because further amendment would be a futile waste of the Court's resources, this complaint should be dismissed with prejudice.

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

Respectfully submitted,

Dated: January 27, 2025         LAW OFFICES OF THOMAS B. HARVEY

By: /s/ Thomas B. Harvey
Thomas B. Harvey

Attorney for Defendants
PALESTINIAN YOUTH MOVEMENT
COURTNEY LENNA SCHIRF
REMO IBRAHIM

DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S
NOTICE OF MOTION AND MEMORANDUM ON POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

L.R. 11–6.2 Certificate of Compliance

The undersigned counsel of record for Defendants certifies that this brief contains 6819 words, which complies with the word limit of L.R. 11–6.1.

Dated:  January 27, 2025          LAW OFFICES OF THOMAS B. HARVEY

By:_/s/ Thomas B. Harvey
Thomas B. Harvey

Attorney for Defendants
PALESTINIAN YOUTH MOVEMENT
COURTNEY LENNA SCHIRF
REMO IBRAHIM