Mark Kleiman (SBN 115919)
mark@krlaw.us
KLEIMAN / RAJARAM
12121 Wilshire Blvd., Ste. 810
Los Angeles, CA  90025
Tel: 310-392-5455 / Fax: 310-306-8491

Collin Poirot (NY 5673405)
*(pro hac vice pending)*
cpoirot.law@gmail.com
2603 Oak Lawn, Suite 300
Dallas TX  75219
214-392-2281

Attorneys for Defendants
CODEPINK WOMEN FOR PEACE
CODEPINK ACTION FUND

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| RONEN HELMANN, on behalf of all others similarly situated, and,<br><br>Plaintiffs,<br><br>v.<br><br>CODEPINK WOMEN FOR PEACE, a California entity, CODEPINK ACTION FUND, a California entity, HONOR THE EARTH, a Minnesota entity, COURTNEY LENNA SCHIRF, and REMO IBRAHIM, d/b/a PALESTINIAN YOUTH MOVEMENT, and JOHN AND JANE DOES 1-20,<br><br>Defendants. | Case No. 2:24-cv-05704-SVW-PVC<br><br>DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION AND CORRECTED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT<br><br>Judge:  Hon Stephen V. Wilson<br>Hearing Date:   February 24, 2025<br>Time:                1:30 p.m.<br>Courtroom:      10A |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on February 24, 2025, at 1:30 p.m. or as soon thereafter as this matter may be heard in Courtroom 10A of the above-entitled Court located at First Street Courthouse, 350 W. 1st Street, Courtroom 10A, 10th Floor,  Los Angeles, CA 90012, Defendants CODEPINK WOMEN FOR PEACE and CODEPINK ACTION FUND, will and hereby do move the Court to dismiss Plaintiff's Second Amended Class Action Complaint pursuant to Fed.R.Civ.Proc. 12(b)(1) and Fed.R.Civ.Proc. 12(b)(6).

This motion is based upon this Notice of Motion, the attached Memorandum of Points & Authorities, the Declaration in Support thereof, the files and records in the case, and any evidence or argument that may be presented at a hearing on this matter.

Respectfully submitted,

Dated:  January 27, 2025          KLEIMAN / RAJARAM

By:_____
    /s/ Mark Kleiman
    Mark Kleiman

    Attorneys for Defendants
    CODEPINK WOMEN FOR PEACE
    CODEPINK ACTION FUND

# **TABLE OF CONTENTS**

                                                                                    Page

TABLE OF AUTHORITIES ................................................................5

I.   INTRODUCTION ....................................................................10

II.  FACTS ALLEGED ..................................................................11

  A.  Plaintiffs Fail to Tie CodePink to Any Alleged Harms............................11

III. STANDARDS OF REVIEW .........................................................12

  A,  Fed.R.Civ.Proc. 12(b)(1) Requires an Injury in Fact That is
      Fairly Traceable to the Defendants............................................12

  B.  Fed.R.Civ.Proc. 12(b)(6) Requires Facts Sufficient to Make a Claim
      Plausible ..................................................................13

IV.  ELEMENTS OF THE ALLEGED OFFENSES .......................................14

  A. The FACE Act (18 U.S.C. § 248) ..............................................14

  B. Ku Klux Klan Act (42 U.S.C. § 1985(3)).......................................15

V.   DEFENDANTS' MOTION TO STRIKE ............................................16

VI.  ARGUMENT .......................................................................17

  A. Plaintiff Cannot Satisfy the Requirements for
     Class Certification...........................................................17

  B. Plaintiff Fails to State a Claim Under the Pled Causes of Action and
     the Complaint Must be Dismissed Pursuant to Rule 12(b)(6)...................18

     1.  Plaintiff Fails to State a Claim Under the FACE Act.........................18

         a)  Plaintiff Fails to Plausibly Allege CodePink Intended to
             Injure, Interfere with, or Intimidate Them Because of Their
             Freedom of Religion ..................................................19

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION
AND CORRECTED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

b) Plaintiff Has Alleged No Facts Allowing Them to Plausibly Claim That CodePink is Responsible for any Harmful Acts ...................................................................20

c) CodePink's Alleged Activities Constitute Protected First Amendment Speech and Advocacy.................................22

d) Plaintiff Fails to Plausibly Allege CodePink Used Force, Threats of Force, or Physical Obstruction to Interfere with His Freedom of Religion ..............................................22

2. Plaintiff Fails to State a Claim Under 42 U.S.C. § 1985(3) ..................25

a) Plaintiff Fails to Allege Specific Facts that Plausibly Show a Conspiracy by Defendants................................................25

b) Plaintiff Fails to Allege Any Conspirator Was a State Actor, or That Conspiracy Was Aimed at State Action....................................26

c) Plaintiff Does Not Plausibly Allege a Racial or Class-Based Animus.........................................................26

d) Plaintiff Does Not Plausibly Allege Harms That Are Fairly Traceable to CodePink................................................27

C. This Court Lacks Jurisdiction to Shield and Facilitate the Commission of War Crimes in Violation of International Law, as Plaintiff Requests ...28

1. The United States is Party to the Fourth Geneva Convention Which Prohibits Confiscation of Land and Forcible Population Transfer .......29

2. Israel's Annexation, Confiscation, and Settlement Practices Constitute Crimes Against Humanity and War Crimes ......................30

VII. CONCLUSION ........................................................................31

L.R. 11-6.2 CERTIFICATE OF COMPLIANCE........................................32

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION AND CORRECTED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

Alaska Right to Life Political Action Comm. v. Feldman,

4

    504 F.3d 840 (9th Cir. 2007)...................................................................27

5

Allen v. Wright,

6

    468 U.S. 737 (1984) .......................................................................... 13

7

Ashcroft v. Iqbal,

8

    556 U.S. 662 (2009) .......................................................................13,31

9

Bank of Am., N.A. v. Knight,

10

    725 F.3d 815, 818 (7th Cir. 2013) ............................................... 12

11

Bell Atl. Corp. v. Twombly,

12

    550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 868 (2009)......................13,17,31

13

Blakemore v. Superior Ct.,

14

    (2005) 129 Cal. App. 4th 36, 53 .................................................. 18

15

Boquist v. Courtney,

16

    32 F.4th 764, 774 (9th Cir. 2022)...............................................27

17

Bray v. Alexandria Women's Health Clinic,

18

    506 U.S. 263, 113 S.Ct. 753 (1993) ............................................ 15

19

Carbon Fuel Co. v. UMW,

20

    444 U.S. 212 (1979) ..................................................................20,21

21

Clapper v. Amnesty Int'l.

22

    USA, 568 U.S. 398, (2013) ..........................................................27

23

Clausing v. San Francisco Unified School Dist.,

24

    (1990) 221 Cal.App.3d 1224, 1234 .............................................18

25

Collins v. Jordan,

26

    110 F.3d 1363 (9th Cir. 1996)......................................................22

27

Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.,

28

    235 F. Supp. 3d 1132 (E.D. Cal. 2017)......................................15,25,27

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION
AND CORRECTED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

Conservation Force v. Salazar,
    646 F.3d 1240 (9th Cir. 2011) ....................................................................14

Coronado Coal Co. v. Mine Workers,
    268 U.S. 295 (1925) ....................................................................................20

Counterman v. Colorado,
    600 U.S. 66 (2023) ......................................................................................24

Cousins v. Lockyer,
    568 F.3d 1063 (9th Cir. 2009) ....................................................................13

Dahlia v. Rodriguez,
    735 F.3d 1060 (9th Cir. 2013) ....................................................................13

Elhanafi v. Fox Television Stations, Inc.,
    2012 WL 6569341, *2 (Sup. Ct. Kings County, Dec. 17, 2012) ..............17

Fabricant v. Elavon, Inc.,
    2:20-cv-02960-SVW-MAA (C.D.C.A. 2020)............................................20

Gaxiola v. City of Los Angeles,
    No. CV 10-6632 AHM (FMO), 2011 WL 13152832
    (C.D. Cal. Aug. 30, 2011) ..........................................................................13

Gerber v. Herskovitz,
    14 F.4th 500, 504, 508-509 (6th Cir. 2021)................................................22

Harmston v. City & County of San Francisco,
    627 F.3d 1273 (9th Cir. 2010) ....................................................................27

In re Honest Co., Inc. Sec. Litig.,
    343 F.R.D. 147, 150 (C.D. Cal. 2022)........................................................16

Karim-Panahi v. L.A. Police Dep't,,
    839 F.2d 621, 626 (9th Cir. 1988) ..............................................................25

Kindschy v. Aish,
    412 Wis.2d 319 (Sup. Ct. Wis. 2024) ........................................................24

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION
AND CORRECTED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

Kokkonen v. Guardian Life Ins. Co. of America,
 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed. 2d 391 (1994) ............................12

Kristensen v. Credit Payment Servs. Inc.,
 879 F.3d 1010 (9th Cir. 2018) ....................................................................20

Laughon v. Int'l Alliance of Theatrical Stage Emples.,
 248 F.3d 931 (9th Cir. 2001) ......................................................................21

Lotierzo v. A Woman's World Med. Ctr.,
 278 F.3d 1180 (11th Cir. 2002) ..................................................................14

Lexmark Int'l, Inc. v. Static Control Components, Inc.,
 134 S. Ct. 1377 (2014) ...............................................................................13

Lujan v. Defenders of Wildlife,
 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed. 2d 351 (1992) .......................12,27

Manistee Town Center v. City of Glendale,
 227 F.3d 1090 (9th Cir. 2000) ....................................................................15

McCalden v. California Library Ass'n,,
 955 F.2d 1214, 1219 (9th Cir. 1990) ..........................................................27

NAACP v. Clairborne Hardware Co.,
 458 U.S. 886 (1982) ...................................................................................23

Native Village of Kivalina v. Exxon Mobil Corp.,
 696 F.3d 849 (9th Cir. 2012) ......................................................................13

New Beginnings Ministries v. George,
 2018 WL 11378829 (S.D.O.H. 2018) ........................................................14

Pasadena Republican Club v. W. Just. Ctr.,
 985 F.3d 1161 (9th Cir. 2021) .................................................................15,26

Planned Parenthood of Columbia/Willamette, Inc. v.
 Am. Coal. of Life Activists, 290 F.3d 1058 (9th Cir. 2002) .......................23

Prince v. CLS Transportation, Inc.,
 (2004) 118 Cal. App. 4th 1320, 1323–24 ...................................................18

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION
AND CORRECTED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

RK Ventures, Inc. v. City of Seattle,
        307 F.3d 1045 (9th Cir. 2002)........................................................................15

Sanchez v. City of Santa Ana,
        936 F.2d 1027, 1039 (9th Cir. 1991)...........................................................25

Scott v. Kuhlmann,
        746 F.2d 1377, 1378 (9th Cir. 1984)...........................................................27

Security Farms v. International Broth. of Teamsters, Chauffeurs,
        124 F.3d 999 (9th Cir. 1997).........................................................................21

Sever v. Alaska Pulp Corp.,
        978 F.2d 1529 (9th Cir. 1992).......................................................................15

Simo v. Union of Needletrades, Indus. & Textile Emps.,
        Sw. Dist. Council, 322 F.3d 602 (9th Cir. 2003) ......................................21

Sprewell v. Golden State Warriors,
        266 F.3d 979 (9th Cir. 2001).........................................................................13

Top Rank, Inc. v. Haymon,
        2015 U.S. Dist. LEXIS 164676, at *25-26 (C.D. Cal. Oct. 16, 2015)........12

United Bhd. of Carpenters & Joiners, Local 610 v. Scott,
        463 U.S. 825 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983) .......................15,26,27

Van Der Linden v. Khan,
        535 S.W.3d 179, 198 (Tex. App 2017) ........................................................17

Vavak v. Abbott Labs., Inc., No. SACV 10-1995 JVS (RZx),
        2011 U.S. Dist. LEXIS 111408, at *6 (C.D. Cal. June 17, 2011)..............17

Williams v. Yamaha Motor Co.,
        851 F.3d 1015 (9th Cir. 2017).......................................................................20

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION
AND CORRECTED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

## STATUTES

18 U.S.C. § 248 ................................................................................................. 14

18 U.S.C. § 248(a)(2) ................................................................................. 14,19,22

18 U.S.C. § 248(d)(1) ......................................................................................... 22

18 U.S.C. § 248(e) .............................................................................................. 19

18 U.S.C. § 248(e)(4) .......................................................................................... 25

42 U.S.C. § 1985(3) ........................................................................................ *passim*

Fed.R.Civ.Proc. 12(b)(1) ................................................................................... 12

Fed.R.Civ.Proc. 12(b)(6) ......................................................................... 13,18,27

Fed.R.Civ.Proc. 12(f) ........................................................................................ 16

## MISCELLANEOUS

29 U.S.C.S. § 185, the Taft-Hartley Act, § 301(b) ........................................... 20

139 Cong. Rec. S15660, 1993 WL 470962 (Nov. 3, 1993) ............................... 22

H.R. Conf. Rep No. 103-488, 9 (1994) ............................................................. 25

Norris–LaGuardia Act § 6, 29 U.S.C. § 106 .................................................... 20

S. Rep. 117, 103d Cong. 1st Sess. 31 (1993) .................................................... 25

Art. III, U.S. Const. .................................................................................. 13,27,31

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION
AND CORRECTED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

I.   **INTRODUCTION**

CodePink Defendants move to dismiss Plaintiff's Second Amended Complaint ("SAC"). In sum, Plaintiff dislikes CodePink's support for Palestinians and opposition to Israel's illegal occupation of the West Bank and ongoing genocide in Gaza. Plaintiff sued to punish CodePink for organizing a protest against real estate company My Home in Israel's ("MHI") illegal sale of occupied Palestinian land in the illegal, Jewish-only settlements; an event which never advertised nor claimed any religious character whatsoever. SAC ¶¶ 100, 104. MHI is being investigated by the New Jersey Division on Civil Rights for possible "discrimination on the basis of race, religion, ancestry, national origin and other protected characteristics" during the company's previous real estate events.[1] MHI events have drawn protests throughout the country, and it has repeatedly been accused of aiding and abetting apartheid and genocide. MHI's event in Los Angeles was no different.

Plaintiff seeks damages from CodePink for violations of the Freedom of Access to Clinic Entrances ("FACE") Act and the Civil Rights Act. None of Plaintiff's pled injuries are fairly traceable to CodePink's alleged conduct, and they depend on third parties who were not subject to Defendants' control or authorization. The FACE Act prohibits liability based on protected free speech activity, and the Civil Rights Act requires a conspiracy to deny one's legal rights based on animus, as well as culpable acts going beyond mere protected speech.

---

[1] Arvind Dilawar, "Organizers of Israeli Real Estate Event in LA Under Investigation in New Jersey," Sept. 4, 2024 (last accessed Oct. 22, 2024) https://tinyurl.com/ysdkxc6r.

CodePink's speech is clearly protected First Amendment activity and Helman's claims of a "conspiracy" are purely speculative, so his third failed attempt at this complaint should be dismissed with prejudice.[2]

## II.    FACTS ALLEGED

### A. Plaintiff Fails to Tie CodePink to Any Alleged Harms

Plaintiff alleges that CodePink "organized, publicized, aided, and (on information and belief) funded" the demonstration, and that "upon information and belief, members of CodePink were among those who physically obstructed Plaintiff Helmann and Proposed Class Members from accessing the Synagogue on June 23, 2024." SAC ¶¶ 8, 36. Plaintiff alleges CodePink stated it believed the protest was "a peaceful protest against the illegal sale of stolen land in Palestine in a synagogue," that "Zionists attacked peaceful protestors [and] stole their phones," that "no religious services were scheduled at the time of the real estate sale," and that "[c]ontrary to what the media is falsely reporting, the entrance was never blocked by anyone," and made social media posts referring to some of the attendees as "our comrades." SAC ¶¶ 318-19, 323-4. Finally, Plaintiff states that "all three events continued at the Synagogue on June 23, 2024" but that, "upon information and belief," some members were unable to attend. SAC ¶ 293.

Relieved of legally conclusory language and mere restatements of the alleged offenses' elements, the facts asserted against CodePink boil down to First Amendment protected speech activity. None of the pled facts can support Plaintiff's

---

[2] The Plaintiff disingenuously tries to abandon the internally-contradictory citations included in the First Amended Complaint ("FAC"), by removing many of the footnotes that explicitly undermine their pleadings in the SAC. The FAC's admission that CodePink said to "[b]ring flags, posters and megaphones" has been deleted since it underscored CodePink's lawful and nonviolent intentions. FAC ¶ 25. *See*, Huey v. Honeywell, Inc., 82 F.3d 327, 333 (9th Cir. 1996) (Superseded portion of prior complaint "remains as a statement once seriously made by an authorized agent, and as such it is competent evidence of the facts stated, though controvertible.").

claims under the invoked statutes, and in fact, the SAC includes facts that make it impossible for Plaintiff to plead these causes of action. For these reasons, the complaint should be dismissed with prejudice.

Group pleading is impermissible. Allegations made against all "Named Defendants" which fail to allege specific facts plausibly showing a specific defendant's culpable behavior, and instead rely on blanket accusations, justify dismissal. *See* <u>Top Rank, Inc. v. Haymon</u>, 2015 U.S. Dist. LEXIS 164676, at *25-26 (C.D. Cal. Oct. 16, 2015) (granting motion to dismiss, because *inter alia* "allegations draw no meaningful distinctions between or among the nine defendants against whom they are collectively asserted"); <u>Bank of Am., N.A. v. Knight</u>, 725 F.3d 815, 818 (7th Cir. 2013) ("A contention that 'the defendants looted the corporation'—without any details about who did what—is inadequate. Liability is personal…Each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility must be dismissed…[including] allegations of conspiracy.").

## III.   <u>STANDARDS OF REVIEW</u>

### A. <u>Fed.R.Civ.Proc. 12(b)(1) Requires Injury in Fact That is Fairly Traceable to the Defendants</u>

Federal courts have limited jurisdiction and plaintiffs must prove their case lies within a court's jurisdiction. <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377-78 (1994). Plaintiff must establish he suffered an injury in fact, that is fairly traceable to the challenged conduct of the defendant. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-561 (1992). Plaintiff "bears the burden of establishing these elements" and "at the pleading stage, must clearly allege facts demonstrating each element." <u>Id</u>. (citation omitted). The injury pled must "be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." <u>Lujan</u>, 504 U.S. at 560-

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION AND CORRECTED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

61 (citation omitted). Further, "the line of causation between the [alleged] illegal conduct and injury" must not be "too attenuated." <u>Allen v. Wright</u>, 468 U.S. 737, 752 (1984) (concluding that a weak demonstration of causation precludes Article III standing), *overruled on other grounds by* <u>Lexmark Int'l, Inc. v. Static Control Components, Inc.</u>, 134 S. Ct. 1377, 1388 (2014). Since the line of causation must be more than attenuated, "where the causal chain 'involves third parties whose numerous independent decisions collectively have a significant effect on plaintiffs' injuries . . . the causal chain [is] too weak to support standing at the pleading stage.'" (citations and internal quotation marks omitted). <u>Native Village of Kivalina v. Exxon Mobil Corp</u>., 696 F.3d 849, 867 (9th Cir. 2012).

## B. <u>Fed.R.Civ.Proc. 12(b)(6) Requires Facts Sufficient to Make Claims Plausible</u>

A complaint "must plead enough facts to state a claim to relief that is plausible on its face." <u>Cousins v. Lockyer</u>, 568 F.3d 1063, 1067-68 (9th Cir. 2009) (internal quotation marks and citations omitted). A claim is facially plausible only when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, (2009) (internal quotation marks omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to avoid . . . dismissal." <u>Cousins</u>, 568 F.3d at 1067 (internal quotation marks omitted). A court may reject as implausible allegations that are too speculative to warrant further factual development. <u>Dahlia v. Rodriguez</u>, 735 F.3d 1060, 1076 (9th Cir. 2013). The allegations must be enough to raise a right to relief above the speculative level. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 548 (2009). Allegations that are merely conclusory, are unwarranted deductions, or unreasonable inferences need not be accepted. <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION AND CORRECTED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

When the guesses, conclusory language, and innuendo are stripped away, what remains of Plaintiff's allegations that are grounded in specific facts is this: (1) CodePink was one of several organizations which called for a demonstration to oppose a real estate event illegally offering land sales in the occupied West Bank; (2) CodePink's social media posts promoted the demonstration, and invited its supporters to "help advocate" against the illegal sale; (3) persons unknown acted threateningly and said frightening things; (4) unknown persons used "bear spray" and brandished "blunt objects"; and (5) CodePink later stated that it had no idea that a synagogue would be holding religious services on a Sunday, that the protest itself was peaceful, and that none of its members blocked the entrance. These few facts do not make plausible the theory that CodePink directed illegal acts. <u>Conservation Force v. Salazar</u>, 646 F.3d 1240, 1241-42 (9th Cir. 2011).

## IV.   **ELEMENTS OF THE ALLEGED OFFENSES**

### A. **The FACE Act (18 U.S.C. § 248)**

The FACE Act was passed in 1994, when women's health clinics were being bombed and their doctors murdered. A far lesser-known provision in the bill protects places of worship. The law's "religious freedom" cause of action has so seldom been invoked that caselaw interpreting this provision is scarce. Defendants found no Ninth circuit cases where such a suit has been brought. Other circuits, however, have identified four elements required to plead a violation of 18 U.S.C. § 248(a)(2): "Plaintiffs must demonstrate that Defendants used or attempted to use (1) force, threat of force, or physical obstruction; (2) with the intent to; (3) injure, intimidate, or interfere with a person; (4) because that person is exercising or is seeking to exercise his or her right of religious freedom at a place of religious worship." <u>New Beginnings Ministries v. George</u>, 2018 WL 11378829, *15 (S.D.O.H. 2018) (citing <u>Lotierzo v. A Woman's World Med. Ctr.</u>, 278 F.3d 1180, 1182 (11th Cir. 2002) (citations omitted)).

1

### B. <u>Ku Klux Klan Act (42 U.S.C. § 1985(3))</u>

Under 42 U.S.C. § 1985(3), Plaintiff must prove "(i) a conspiracy; (ii) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (iii) an act in furtherance of this conspiracy; (iv) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." <u>Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp</u>., 235 F. Supp. 3d 1132, 1185 (E.D. Cal. 2017).

This cause of action requires a state actor. Indeed, the Supreme Court has held that "'an alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless it is proved that the State is involved'" or that the conspiracy's aim is to influence state actors. <u>Pasadena Republican Club v. W. Just. Ctr.</u>, 985 F.3d 1161, 1171 (9th Cir. 2021) (citing <u>United Bhd. Of Carpenters & Joiners, Local 610 v. Scott</u>, 463 U.S. 825, 830 (1983).

To plead such a claim, Plaintiff must also plausibly allege that the intended deprivation was "'motivated by some racial, or… other[ ] class-based' animus." <u>Comm. to Protect our Agric. Water</u>, 235 F. Supp. 3d at 1185 (citing <u>Sever v. Alaska Pulp Corp.</u>, 978 F.2d 1529, 1536 (9th Cir. 1992); *see also* <u>Manistee Town Center v. City of Glendale</u>, 227 F.3d 1090 (9th Cir. 2000); <u>Gaxiola v. City of Los Angeles</u>, No. CV 10-6632 AHM (FMO), 2011 WL 13152832, at *9 (C.D. Cal. Aug. 30, 2011) (§ 1985(3) is not a general federal tort law, and requires some racial or other class-based discriminatory motivation (citing <u>Bray v. Alexandria Women's Health Clinic</u>, 506 U.S. 263, 268 (1993)); *see also* <u>RK Ventures, Inc. v. City of Seattle</u>, 307 F.3d 1045, 1056 (9th Cir. 2002). 42 U.S.C. § 1985(3) does not extend to "conspiracies motivated by bias towards others on account of their economic views, status, or activities." <u>United Bhd. of Carpenters and Joiners of Am, Local 610, AFL-CIO</u>, 463 U.S. at 837.

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION AND CORRECTED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

1   **V.    DEFENDANTS' MOTION TO STRIKE**

2        The Court may strike any "redundant, immaterial, impertinent, or scandalous

3   matter" from a complaint. Fed.R.Civ.Proc. 12(f). This is proper where doing so is

4   "necessary to avoid prejudice or will further the interests of judicial efficiency." In

5   re Honest Co., Inc. Sec. Litig., 343 F.R.D. 147, 150 (C.D. Cal. 2022).

6        The SAC contains scandalous and impertinent allegations against CodePink

7   and co-defendant PYM wholly unrelated to the causes of action here. Their only

8   purpose is to prejudice Defendants before the Court and the public by scandalously

9   maligning them as antisemitic terrorism supporters.[3] Defendants move to strike the

10  following:

11      a.  Paragraph 8's text: "(two organizations that seek to destroy the Jewish State

12          of Israel)." No facts are plead showing CodePink "seek[s] to destroy" Israel;

13          this smear is included to scandalize and prejudice Defendants, has nothing to

14          do with the plead causes of action and is irrelevant.

15      b.  Paragraph 30's text: "that supports the terrorist organization Hamas and

16          opposes the State of Israel." This is strikeable for the same reasons.

17      c.  Paragraphs 33-35 entirely. These paragraphs broadly allege CodePink "has

18          long supported terrorists" calling to annihilate Jewish people. These rest on

19          CodePink's allegedly attending a conference and meeting with Palestinian

20          elected officials. These accusations are scandalous and defamatory.

21      d.  Paragraphs 43-48 entirely. These paragraphs accuse PYM of "terrorizing

22          Jews" and supporting terrorism—all for participating in a conference. These

23          claims have nothing to do with the elements of the plead causes of action and

24          only serve to malign and prejudice the Defendants.

25

26  [3] For example, Plaintiff alleges that CodePink members are long-time supporters of
    Hamas and have met with Hamas "several times." SAC ¶ 35. This conflates meeting
27  with elected officials from Hamas to gather information on the one hand, and
    actively supporting it on the other.
28

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION
AND CORRECTED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

e.  Paragraphs 55-80 entirely. These describe other unrelated protests CodePink
and PYM allegedly supported via social media, and argue these protests
required additional security and were disruptive. These allegations are
irrelevant to the causes of action and included solely to malign and prejudice
Defendants. No facts show Defendants are even responsible for them.

f.  Paragraph 214, entirely. Plaintiff alleges "[u]pon information and belief, the
phrase 'BELLY OF THE BEAST' refers to a synagogue." SAC ¶¶ 213-4. The
<u>Twombly</u> plausibility standard permits Plaintiff to plead facts alleged upon
information and belief where those facts "are peculiarly within the possession
and control of the defendant, or where the belief is based on factual
information that makes the inference" plausible. <u>Vavak v. Abbott Labs., Inc.</u>,
No. SACV 10-1995 JVS (RZx), 2011 U.S. Dist. LEXIS 111408, at *6 (C.D.
Cal. June 17, 2011). Plaintiff's allegation is facially implausible, solely to
malign Defendants as antisemites, and is impertinent and prejudicial.

These sections of the SAC seek to defame Defendants as avowed terrorism
supporters, which is directly prejudicial to Defendants. *See, e.g.* <u>Van Der Linden v.</u>
<u>Khan</u>, 535 S.W.3d 179, 198 (Tex. App 2017) ("Khan alleges that falsely accusing
someone of having admitted that he provided financial support to terrorists
constitutes defamation per se. We agree."); <u>Elhanafi v. Fox Television Stations, Inc.</u>,
2012 WL 6569341, *2 (Sup. Ct. Kings County, Dec. 17, 2012) (finding possible
defamation where the public "might infer that plaintiffs are terrorists and/or terrorist
sympathizers/abettors").These scandalous and impertinent allegations are irrelevant
to the SAC's claims, prejudicial to Defendants, and should be stricken.

## VI.  <u>ARGUMENT</u>

### A. <u>Plaintiff Cannot Satisfy the Requirements for Class Certification</u>

Class allegations may be dismissed where "there is no reasonable possibility
that the plaintiffs could establish a community of interest among the potential class

members and that individual issues predominate over common questions of law and fact." Blakemore v. Superior Ct., (2005) 129 Cal. App. 4th 36, 53, citing Clausing v. San Francisco Unified School Dist. (1990) 221 Cal.App.3d 1224, 1234. Where each class member's ability to recover depends on facts unique to them, there is no reasonable possibility the named Plaintiff can plead a prima facie community of interests among class members. Prince v. CLS Transportation, Inc., (2004)118 Cal. App. 4th 1320, 1323–24. Where each claim requires individually determining each potential class member's right to recover, there is no community of interest, commonality or typicality among potential members. Id.

The SAC demonstrates the need for individualized facts determining each class member's recovery right. Plaintiff Helmann alleges being confronted by Jane Does yelling at him, scaring him such that he ultimately decided to go home. SAC ¶¶ 12-4. SCLJ Member #1 alleges no threats, yelling or intimidation, but used a side entrance after learning of it on Whatsapp. SAC ¶¶ 261-4. SCLJ Member #6 attended morning prayers before the protests, remained inside, but when the protests began could not focus on the Torah because of the commotion outside. SAC ¶¶ 288-9. These are just a few examples of the widely varying individual experiences and facts that nullify the purported class's commonality and typicality, and make it impossible for Plaintiff to plead a prima facie community of interests among class members.

## B. **Plaintiff Fails to State a Claim Under the Pled Causes of Action So the Complaint Must Be Dismissed Under Rule 12(b)(6)**

### 1. **Plaintiff Fails to State a Claim Under the FACE Act**

Plaintiff fails to allege facts that plausibly show a FACE Act violation. Although the "religious exercise" subsection of the FACE Act has not been addressed in this Circuit, the plain language does not encompass real estate sales events.

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION AND CORRECTED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

1

### a) **Plaintiff Fails to Plausibly Allege CodePink Intended to Injure, Interfere with, or Intimidate Them From the Free Exercise of Religion**

A claim for relief under 18 U.S.C. § 248(a)(2) requires Plaintiff to allege facts plausibly showing that Defendants intended to injure, intimidate, or interfere with him because of his exercise of religion. The statute defines "intimidate" as placing one in "reasonable apprehension of bodily harm," and "interfere with" as restricting a person's freedom of movement. 18 U.S.C. § 248(e). Plaintiff fails to allege facts plausibly showing CodePink intended to interfere with his religious exercise by seeking to injure him, restrict his freedom of movement, or make him reasonably apprehensive of bodily harm, much less that they intended to do so *because* of Plaintiff's exercise of religion.

Plaintiff does not allege CodePink even mentioned prayer, worship, Jews or Judaism, called for violence, physical force, or intimidation. Plaintiff's only specific facts pled against CodePink are that the organization announced a "Mega Zionist Real Estate Event," and encouraged supporters to "HELP US ADVOCATE THE STOP OF HOMES BEING SOLD ON STOLEN PALESTINIAN LAND." SAC ¶¶ 202-3.  No pled facts plausibly show CodePink intended to injure, restrict movement, or threaten violence against people coming to exercise religious freedom.

Plaintiff's sources in the SAC show that the real estate event advertisement real estate made no mention of religion, prayer, worship, nor even of *Aliyah*. The event is described as a real estate opportunity, with discounts offered for participants. FAC n. 11, video. Nothing in the advertisement suggests the event was religious, and the SAC shows that Defendants were *unaware*, believing that "no religious services were scheduled" at the time. SAC ¶ 324. At most, Plaintiff's allegations might show CodePink intended to make the real estate event attendees

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION AND CORRECTED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

uncomfortable, to discourage people from attending the event, and to oppose an ongoing genocide.

The facts pled make it impossible for Plaintiff to plausibly allege that CodePink intended to injure, intimidate, or interfere with them because of his religious exercise.

### b) Plaintiff Alleges No Facts Showing CodePink is Responsible for any Harmful Acts

Plaintiff implicitly relies on an imputed agency relationship to hold CodePink liable for unidentified individuals' acts. Yet Plaintiff fails to allege facts making it plausible that CodePink had "the right to substantially control [these alleged agent's] activities," Williams v. Yamaha Motor Co., 851 F.3d 1015, 1024 (9th Cir. 2017), nor how CodePink did or knew these things. Fabricant v. Elavon, Inc., 2:20-cv-02960-SVW-MAA, 12-13 (C.D.C.A. 2020). Even where the principal ratifies an act without knowing material facts of the agent's acts, the principal is not liable unless it choose to ratify the act while aware it lacked such knowledge. Fabricant, 2:20-cv-02960-SVW-MAA at 13-14, quoting Kristensen v. Credit Payment Servs. Inc., 879 F.3d 1010, 1014 (9th Cir. 2018).

It is never alleged that the unidentified Does *were* CodePink members. Even if it were, CodePink can only be responsible if common law respondeat superior doctrines apply. National unions for example are not responsible for agent's acts under the common law unless it is "'clearly shown . . . that what was done was done by their agents in accordance with their fundamental agreement of association.'" Carbon Fuel Co. v. UMW, 444 U.S. 212, 217 (1979), quoting Coronado Coal Co. v. Mine Workers, 268 U.S. 295, 304 (1925). Statutes governing labor-management relations imported common law *respondeat superior* doctrine, *see generally* 29 U.S.C.S. § 185, the Taft-Hartley Act, § 301(b), Norris–LaGuardia Act § 6, 29 U.S.C. § 106, making a union liable for its members' acts only where there is "clear

proof" of participation, authorization, or ratification. <u>Simo v. Union of Needletrades, Indus. & Textile Emps., Sw. Dist. Council</u>, 322 F.3d 602, 620 (9th Cir. 2003). Thus, even courts invoking these statutes rely upon traditional agency law. Liability turns on the nature and extent of the actual control an organization such as an international union exercises over a local and the local's degree of autonomy. <u>Laughon v. Int'l Alliance of Theatrical Stage Emples</u>., 248 F.3d 931, 935 (9th Cir. 2001). Without evidence a national union has instigated, supported, encouraged, or ratified acts by its subdivision, there is no proof of an agency relationship, and thus a union cannot be held liable for the subdivision's acts. <u>Carbon Fuel Co</u>, 444 U.S. at 218; *see also* <u>Simo</u>, 322 F.3d at 620. Even where an individual serves a double role as both the local and international union official, courts "do not impute the conduct, or knowledge of the conduct, to the international solely by virtue of the individual's double role." <u>Laughon</u>, 248 F.3d at 937. Even participating in negotiations and reporting to the international on the local's progress fails to demonstrate the international controlled the local in order to impute liability. <u>Security Farms v. International Broth. of Teamsters, Chauffeurs</u>, 124 F.3d 999, 1012-1013 (9th Cir. 1997).

Finally, the FACE Act does not establish separate conspiracy liability for a civil cause of action. Plaintiff must show that his injuries are fairly traceable to the specific alleged conduct of the particular defendants. Merely alleging that Defendants conspired ahead of time, without specific facts to show that Defendants each took actions causing Plaintiff's specific injuries, is insufficient.

Plaintiff's sweeping allegations are also devoid of any facts showing how CodePink did what it is accused of doing, nor knew what it is accused of knowing. No facts support that CodePink controlled any individuals at the event, instigated, authorized, ratified or even encouraged any of the acts alleged. Without facts

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION AND CORRECTED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

1  supporting these sweeping allegations, Plaintiff has failed to sufficiently plead

2  CodePink's vicarious liability.

3  **c)  CodePink's Alleged Activities Constitute Protected**

4  **First Amendment Speech and Advocacy**

5  Demonstrations, marches, and picketing are undeniably protected First

6  Amendment activities. Collins v. Jordan 110 F.3d 1363, 1371 (9th Cir. 1996). This

7  includes protests far more aggressive than this one. Gerber v. Herskovitz, 14 F.4th

8  500, 504, 508-509 (6th Cir. 2021) (First Amendment protected regular, prolonged

9  protests in front of a synagogue routinely held during scheduled worship, even with

10  inflammatory signs saying "Resist Jewish Power.").

11  Even where protected First Amendment speech becomes intertwined with

12  someone's later illegal conduct, the solution is to punish the conduct, not the speech.

13  Id. The FACE Act forbids construing its language to capture "expressive conduct

14  (including peaceful picketing or other peaceful demonstration) protected from legal

15  prohibition by the First Amendment." 18 U.S.C. § 248(d)(1). Plaintiff cannot

16  plausibly allege a violation based on CodePink's protected speech.

17  **d)  Plaintiff Fails to Plausibly Allege CodePink Used**

18  **Force, Threats of Force, or Physical Obstruction to**

19  **Interfere with His Freedom of Religion**

20  Plaintiff does not plausibly allege that Defendants' social media posting used

21  force, threats of force, or physical obstruction as required under 18 U.S.C. §

22  248(a)(2). In its legislative history, 18 U.S.C. § 248(a)(2)'s sponsor stated the

23  proposal would "do no more than give religious liberty the same protection that [the

24  FACE Act] would give abortion," and would address recent violence, including a

25  protest where activists entered a facility during prayer and threw things at the

26  congregants, and a series of arson attacks against churches. 139 Cong. Rec. S15660,

27  1993 WL 470962 (Nov. 3, 1993).

28

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION
AND CORRECTED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

1    A large, outspoken demonstration bears little resemblance to the violent acts

2    contemplated by the statute. Plaintiff have pled nothing plausibly showing that

3    CodePink used physical force against him—the only that force was used by

4    unidentified people.

5    Furthermore, Plaintiff's own pleading shows that any force or threats of force

6    that may have occurred resulted from clashes provoked by the pro-Israel counter-

7    protesters. The SAC links to a Yahoo News article which includes an interview with

8    a physician who explains that the pro-genocide counter-protesters clashed with the

9    anti-war crimes protesters for more than an hour, while the LAPD formed a line

10    preventing any of the anti-war crimes protesters from dispersing; "the protesters

11    were effectively 'sandwiched' between the counter-protesters and the police." SAC

12    n. 100, ¶ 389. The doctor further states that "a pro-Israel demonstrator who was

13    carrying a spiked pole was arrested." Id. Another quoted source stated it was in fact

14    "a handful of LAPD officers" who were "standing at the entrance of the

15    synagogue," obstructing entry, not the anti-genocide protesters. Id. Plaintiff cannot

16    plausibly show that CodePink intended or used force or violence, and their own

17    sources show that the demonstration was nonviolent until counter-protesters—over

18    whom CodePink has no power—arrived with weapons.

19    Plaintiff has also failed to plausibly allege that CodePink used a *threat* of

20    force against him. The First Amendment protects "offensive and coercive speech,"

21    including "the use of speeches, marches, and threats of social ostracism." <u>Planned</u>

22    <u>Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists</u>, 290 F.3d

23    1058, 1070 (9th Cir. 2002), *as amended* (July 10, 2002) (citing <u>NAACP v.</u>

24    <u>Clairborne Hardware Co</u>., 458 U.S. 886, 933 (1982)). Where Plaintiff relies on a

25    "threat of force" to plead a FACE Act violation, he must show that it was a "true

26    threat," not subject to the First Amendment's protection. <u>Planned Parenthood</u>, 290

27

28

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION
AND CORRECTED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

F.3d 1073 ("FACE on its face requires that 'threat of force' be defined and applied consistent with the First Amendment").

Under the Supreme Court's true threat doctrine, Defendant's speech was not a "true threat" sufficient to remove it from the First Amendment's protection. Speech only qualifies as a "true threat" where "in the entire context and under all the circumstances, a reasonable person would foresee [it] would be interpreted by those to whom the statement is communicated as a serious expression of intent to inflict bodily harm upon that person." Id. at 1077. The Supreme Court recently recognized a recklessness *scienter* requirement for culpable true threats, such that the Defendant must have "consciously disregarded a substantial risk that his communications would be viewed as threatening violence." Counterman v. Colorado, 600 U.S. 66, 69 (2023). Although Counterman arose in the context of a criminal charge, its *scienter* requirement has also been applied to civil cases. Id. at 80-81. *See also* Kindschy v. Aish, 412 Wis.2d 319, 333 (Sup. Ct. Wis. 2024) (applying Counterman's *scienter* rule to a civil dispute).

In this case, Plaintiff cannot plausibly allege that CodePink's statements are true threats such that they are unprotected by the First Amendment. Plaintiff does not allege that CodePink's statements could be interpreted as a serious expression of intent to inflict bodily harm, nor that CodePink knew of any substantial risk of their communications being misinterpreted as a threat of violence. Plaintiff therefore fails to plausibly allege CodePink used a threat of force against him.

Not only did Plaintiff fail to plead that CodePink controlled those protesters, the very article cited in support of that allegation describes the only call for indiscriminate violence came from a pro-Israel chanter who shouted, "we have the bullets, you have the blood." SAC n. 74, ¶ 229.

Plaintiff also fails to plausibly allege that CodePink physically obstructed him. A violation based on physical obstruction requires Plaintiff show that the

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION AND CORRECTED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

Defendants created an obstruction rendering ingress and egress impossible or unreasonably difficult or hazardous. 18 U.S.C. § 248(e)(4); *see also* S. Rep. 117, 103d Cong. 1st Sess. 31 (1993) (explaining "physical obstruction" would include blockades, "chaining people and cars to entrances with bicycle locks," strewing nails on public roads leading to clinics, and "blocking entrances with immobilized cars"); H.R. Conf. Rep No. 103-488, 9 (1994) (clarifying physical obstruction would include "physically blocking access to a church or pouring glue in the locks of a synagogue."). Plaintiff shows only that CodePink called for a demonstration outside the synagogue, and that unidentified individuals clashed there.

Plaintiff fails to plausibly allege CodePink physically made ingress or egress unreasonably hazardous or used or threatened force, and the FACE ACT claim must be dismissed.

### 2. Plaintiff Fails to State a Claim Under 42 U.S.C. § 1985(3)

#### a) There Are No Specific Facts Plausibly Showing a Conspiracy by Defendants

A claim under 42 U.S.C. § 1985(3) requires specific factual allegations plausibly showing the Defendants conspired to violate the statute. Comm. to Protect our Agric. Water, 235 F. Supp. 3d at 1185. Plaintiff must "allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988); *see also* Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1991).

Rather than alleging specific facts plausibly showing Defendants conspired, the SAC relies on blanket generalized assertions that "Named Defendants conspired with each other and then acted in concert." SAC ¶ 9; *see also* SAC ¶¶ 146, 356. Plaintiff alleges that "Named Defendants agreed among themselves to organize the riot" without alleging who agreed, when, to what, by what means such agreement

was communicated, nor even what said alleged agreement included. SAC ¶ 400. Without specific factual allegations that make a conspiracy plausible, the assertion that "Defendants conspired to organize a riot" is insufficient to plead a claim. 235 F. Supp. 3d at 1185.

### b) __Plaintiff Fails to Allege Any Conspirator Was a State Actor, or That Conspiracy Was Aimed at State Action__

A claim under 42 U.S.C. § 1985(3) requires Plaintiff plausibly allege that one or more of the conspirators is a state actor, or that the conspiracy was intended to influence state action. Pasadena Republic Club v. Western Justice Center, 985 F.3d 1161, 1171 (9th Cir. 2021) (citing United Bhd. Of Carpenters & Joiners, Local 610, 463 U.S. at 830 ("alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless it is proved that the State is involved in the conspiracy."). The SAC contains no such allegation whatsoever.

### c) __Plaintiff Does Not Plausibly Allege a Racial or Class-Based Animus__

Plaintiff only alleges that CodePink stated "that 'A Mega Zionist Real Estate Event is in LA This Week,'" and called upon supporters to help advocate against the sale of illegally occupied land. SAC ¶¶ 202-3. CodePink further clarified that, as far as it was aware, "no religious services were scheduled" at the time of the protest. SAC ¶ 324. These allegations cannot plausibly show the required racial or class-based animus by CodePink.

Sources cited in the SAC instead show CodePink was motivated by a desire to oppose "the illegal sale of stolen, occupied land in Palestine." SAC n. 90. CodePink flatly denounced the allegation that their activities were motivated by any antisemitic animus, and labelled that accusation a lie. SAC nn. 90, 92. Even animus towards people who sought to attend the real estate event to purchase land in Occupied Palestine would not amount to the animus required for § 1985(3) claim.

<u>United Bhd. of Carpenters and Joiners of Am, Local 610, AFL-CIO,</u> 463 U.S. at 837
(42 U.S.C. § 1985(3) does not extend to "conspiracies motivated by bias towards
others on account of their economic views, status, or activities."). Plaintiff has not
and cannot point to a single CodePink statement or action establishing a plausible
factual basis for racial or class-based animus. In fact, Plaintiff has provided ample
basis for finding this motivation *im*plausible.

Where pleadings include citation to Defendants' clear, consistent statements
of their motivation, the Court cannot ignore these facts and should treat them as true
under Rule 12(b)(6). Although affirmative defenses may not be raised by motion to
dismiss, <u>Scott v. Kuhlmann</u>, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam), a
complaint may be dismissed when the allegations give rise to an affirmative defense
that clearly appears on the face of the pleading. <u>McCalden v. California Library
Ass'n</u>, 955 F.2d 1214, 1219 (9th Cir. 1990) (superseded by rule on other grounds as
stated in <u>Harmston v. City & County of San Francisco</u>, 627 F.3d 1273 (9th Cir.
2010); <u>Boquist v. Courtney</u>, 32 F.4th 764, 774 (9th Cir. 2022).

### d)  **Plaintiff Does Not Plausibly Allege Harms Fairly Traceable to CodePink**

None of Plaintiff's pled injuries are fairly traceable to any of CodePink's
alleged conduct. Article III standing requires Plaintiff to demonstrate a concrete
injury that is fairly-traceable to the complained-of conduct. <u>Alaska Right to Life
Political Action Comm. v. Feldman</u>, 504 F.3d 840, 848 (9th Cir. 2007) (quoting
<u>Lujan</u>, 504 U.S. at 560-561. Standing theories resting on speculation of independent
actors' decisions are disfavored. <u>Clapper v. Amnesty Int'l. USA</u>, 568 U.S. 398, 414
(2013).

Plaintiff's pled injuries are that he tried to enter the synagogue through the
front entrance but was "blocked by the angry mob," "was unable to enter the
synagogue safely," and ultimately "decided to return home" of his own accord. SAC

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION
AND CORRECTED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

¶¶ 12-4. These injuries are not fairly traceable to any alleged conduct by CodePink. No facts pled suggest CodePink controlled, directed, or even encouraged, John Does 1-100, nor the rest of "the mob" that scared Plaintiff, only that CodePink encouraged supporters to attend the anti-genocide demonstration and to help advocate against a war crime.

Plaintiff's injuries are therefore not fairly-traceable to the alleged conduct of CodePink, but rather depend on the acts of unidentified third parties, including the individual who allegedly sprayed others with mace, the individuals who allegedly photographed houses and cars, the counter-protesters who—according to the SAC—started the violent clash, and the police and private security who kettled crowd members near the front door and failed to sufficiently control the resulting conflict. Video footage cited in the FAC shows that the anti-genocide protesters were the smaller of the various groups involved, were attacked by the pro-Israel counter-protesters, and were surrounded and kettled by security. FAC n. 11, embedded video at 12:42-14:09. CodePink had no control over any of these actors, and Plaintiff fails to plausibly allege otherwise.

Because Plaintiff's injuries depend upon the acts of independent third parties and are not fairly traceable to CodePink, Plaintiff has no standing to bring this suit under 42 U.S.C. § 1985(3).

## C. This Court Lacks Jurisdiction to Shield and Facilitate the Commission of War Crimes in Violation of International Law, as Plaintiff Requests

This Court may take judicial notice that all nations are subject to international humanitarian law (the law of war/armed conflict) and human rights law, and particularly to customary international law regardless of their signatory status. U.N. member states including the U.S. are bound to abide by and refrain from aiding and

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION AND CORRECTED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

abetting violations of these international principles.[4] This includes an obligation not to permit misusing its legal system to shield the wrongful act.[5]

When Defendants labelled the MHI real estate sale an international war crime, this was not hyperbole, but invoked established international law principles. As the International Court of Justice ruled in 2024, Israel's occupation of Gaza and the West Bank, along with the associated settlement regime, annexation, and use of natural resources, is unlawful.[6]

1.  **The United States is Party to the Fourth Geneva Convention Prohibiting Confiscating Land and Forcibly Transferring Populations**

The Fourth Geneva Convention, to which the U.S. is a party, prohibits forcibly confiscating or annexing land or transferring populations into and out of the territory.[7] The Geneva Conventions and the Hague Regulations are customary international law and thus universally binding.[8] Plaintiff demands that this Court obstruct accountability for violations of the Geneva Conventions. He would have this Court abrogate the United States' obligations as a High Contracting Party per Common Article 1.[9]

---

[4] United Nations Charter, Art. 1(1)-(3), https://tinyurl.com/5n7fdwvc..
[5] International Law Commission, *Articles on State Responsibility, Art. 16*, available at https://tinyurl.com/53d6p6f8.
[6] United Nations, OHCHR, Press Release, "Experts hail ICJ declaration on illegality of Israel's presence in the occupied Palestinian territory as 'historic' for Palestinians and international law," July 30, 2024, available at https://tinyurl.com/4bptuzka.
[7] The Fourth Geneva Convention Relative to the Protection of Civilian Persons in Time of War, 1949, Art. 47, available at https://tinyurl.com/2aa2ujy6; Id. at Art. 49, available at https://tinyurl.com/32htsmyz; Id. at Art. 147, available at https://tinyurl.com/3xt43az6.
[8] International Committee of the Red Cross ("ICRC"), *Customary International Humanitarian Law*, available at https://tinyurl.com/k2at4v4c.
[9] The Fourth Geneva Convention, 1949, Art. 1, available at https://tinyurl.com/mttw42sh.

### 2. Israel's Annexation, Confiscation, and Settlement Practices Constitute Crimes Against Humanity and War Crimes

Israel's settlement practice constitutes a war crime and a crime against humanity, violating international humanitarian law principles prohibiting establishing settlements in occupied territories to confiscate occupied land.[10] The 1907 Hague Regulations IV, to which the U.S. is a party, prohibits land annexation and confiscating private property, and requires the occupying state to only administer and usufruct occupied territory to safeguard their capital.[11] Rule 130 of the ICRC's customary international law database provides that "[s]tates may not deport or transfer parts of their own civilian population into a territory they occupy," and this prohibition is binding customary international law.[12]

In addition to constituting war crimes and crimes against humanity under international humanitarian law, Israel's settlement regime also violates numerous international human rights law treaties.[13] The 1973 U.N. Convention on the Suppression and Punishment of the Crime of Apartheid deems Apartheid an entirely separate crime against humanity.[14] Israel's settlement project violates these long-standing customary international humanitarian and human rights law principles by

---

[10] ICRC, *Customary International Humanitarian Law*, available at https://tinyurl.com/k2at4v4c.

[11] 1907 Hague Regulations IV, Respecting the Laws and Customs of War on Land and its Annex: Regulations Concerning the Laws and Customs of War on Land, available at https://tinyurl.com/2hwzu7h5.

[12] ICRC, *International Humanitarian Law Database*, Rule 130, available at https://tinyurl.com/yay4rddd.

[13] The International Convention on the Elimination of All Forms of Racial Discrimination ("ICERD"), to which the U.S. is a party, Article 1 prohibits racial discrimination and condemns racial segregation and apartheid. ICERD, 1965, available at https://tinyurl.com/fjzy2c59.

[14] Convention on the Suppression and Punishment of the Crime of Apartheid, 1976, Art. 1, available at https://tinyurl.com/yc7kfj9x.

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION AND CORRECTED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

forcibly transferring its occupying population to the Occupied Territories via its settlements, and by enforcing a regime of racial apartheid.

In conclusion, this Court cannot legally shield or facilitate violations of international law in such a way as to render itself culpable. As such an exercise of jurisdiction would be *ultra vires*, the SAC must be dismissed.

## VII.  <u>CONCLUSION</u>

The Court has a gate-keeping function, even at the pleading stage. That function is most needed when political actors dress as litigants and demand that judges turn their courtrooms into stages for ideological or even theological disputes. That is why <u>Iqbal</u> and <u>Twombly</u> demand that Plaintiff's rhetoric be tethered to enough facts to at least make the theories plausible. Those guardrails have been entirely breached here, where Plaintiff's hyperbole recasts a constitutionally protected call for legal protest against an illegal real estate event as a campaign of terror. The law requires more of Plaintiff than hyperbole. There must be at least a nod to the reality-based community. Plaintiff has utterly failed at even this most basic requirement, and fails to identify facts making their claims plausible or establishing Article III standing.

Because Plaintiff has thrice failed to plausibly plead his invoked causes of action, and because further amendment would be a futile waste of the Court's resources, this complaint should be dismissed with prejudice.

Respectfully submitted,

Dated:  January 27, 2025            KLEIMAN / RAJARAM

By:   /s/ Mark Kleiman
      _____
      Mark Kleiman

Attorneys for Defendants
CODEPINK WOMEN FOR PEACE
CODEPINK ACTION FUND

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION AND CORRECTED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

## **L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record for Defendants CODEPINK WOMEN FOR PEACE and CODEPINK ACTION FUND, certifies that this brief contains 6,572 words, which complies with the word limit of L.R. 11-6.1.

Dated: January 27, 2025                                      KLEIMAN / RAJARAM


                                                                    /s/ Mark Kleiman
                                                      By:_____
                                                                    Mark Kleiman

                                                      Attorneys for Defendants
                                                      CODEPINK WOMEN FOR PEACE
                                                      CODEPINK ACTION FUND

DEFENDANTS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND, NOTICE OF MOTION
AND CORRECTED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT