Thomas B. Harvey (SBN 287198)
tbhlegal@proton.me
LAW OFFICES OF THOMAS B. HARVEY
365 E. Avenida de Los Arboles
Suite 226
Thousand Oaks, CA 91360
(805)768-4440

Attorney for Defendants
PALESTINIAN YOUTH MOVEMENT
COURTNEY LENNA SCHIRF
REMO IBRAHIM

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| RONEN HELMANN, and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>CODEPINK WOMEN FOR PEACE, a California entity; CODEPINK ACTION FUND, a California entity; WESPAC FOUNDATION, a New York entity; HONOR THE EARTH, a Minnesota entity; COURTNEY LENNA SCHIRF; REMO IBRAHIM, d/b/a PALESTINIAN YOUTH MOVEMENT; PALESTINIAN YOUTH MOVEMENT; and DOES #1-100,<br><br>Defendants. | Case No. 2:24-cv-05704-SVW-PVC<br><br>DEFENDANTS PALESTINIAN YOUTH MOVEMENT, COURTNEY LENNA SCHIRF, AND REMO IBRAHIM'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT<br><br>Judge:  Hon Stephen V. Wilson<br>Hearing Date:  March 3, 2025<br>Time:          1:30 p.m.<br>Courtroom:    10A |

i
DEFS' PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

Defendant PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM ("PYM") respectfully submits this Reply Memorandum of Points and Authorities in support of its Motion to Dismiss Plaintiff's Second Amended Class Action Complaint ("SAC"), pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, and Rule 12(b)(6) for failure to state a claim.

Dated:  February 17, 2025            LAW OFFICES OF THOMAS B. HARVEY

By:__/s/___Thomas B. Harvey_____
     Thomas B. Harvey

Attorney for Defendants
PALESTINIAN YOUTH MOVEMENT
COURTNEY LENNA SCHIRF
REMO IBRAHIM

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES……………………………………………………….V

REPLY MEMORANDUM OF POINTS AND AUTHORITIES............................. 1

I.    Introduction....................................................................................................... 1

II.    Argument.......................................................................................................... 1

        A.    Plaintiff Still Fails to Establish Personal Jurisdiction…………………1

        B.    Plaintiff Still Cannot Justify the Complaint's Strikeable Content........................................................................................................ 2

        C.    Plaintiff Still Utterly Fails to Satisfy Standing Requirements................ 3

                1.    None Of The Harms Alleged Are Plausibly Traceable To PYM........................................................................................ 3

        D.    Plaintiff Still Fails to Allege a FACE Act Violation............................4

                1.    Plaintiff's Interpretation of the FACE Act Produces Absurd Results and Contradicts the Unambiguous Legislative Intent.............................................................................4

                2.    Plaintiff Still Fails to Plausibly Allege the Elements of a FACE Act Violation...........................................................7

                3.    The Only Specific Facts Alleged Against PYM Are Protected First Amendment Activity.................................................8

        E.    Plaintiff Still Fails to Allege a 42 U.S.C. § 1985(3) Violation...............8

                1.    Plaintiff Fails To Assert Any Facts Establishing A Conspiracy.................................................................................8

                2.    42 U.S.C. § 1985(3) Requires A State Actor for First And Fourteenth Amendment Violations……………………..9

DEFS' PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

      3.     Plaintiff Cannot Show Animus Because PYM's Motivation Was Clearly to Protest The Illegal Sale Of Occupied Land ........................................................................................ 10

III.   Conclusion ................................................................................................. 11

CERTIFICATE OF SERVICE ............................................................................. 12

L.R. 11-6.2 CERTIFICATE OF COMPLIANCE ................................................. 13

DEFS' PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

# TABLE OF AUTHORITIES

**Page**

**CASES**

Acquilina v. Certain Underwriters at Lloyd's Syndicate,
   407 F.3d 978 (D. Haw. 2019) ..................................................................…..4

Ashcroft v. Iqbal,
   556 U.S. 662 (2009)…………………………………………………………...7

Bell Atlantic Corporation v. Twombly,
   550 U.S. 554 (2007) .....................................................................……7

Bray v. Alexandria Women's Health Clinic,
   506 U.S. 263 (1993)………………………………………………………10-11

Burns v. County of King,
   883 F.2d 819 (9th Cir. 1989).................................................................…9

Church of Scientology of California v. U.S. Dept. of Justice,
   612 F.2d 417 (9th Cir. 1979)................................................................….5

Clapper v. Amnesty Int'l USA,
   568 U.S. 398 (2013) ...............................................................................….3

Counterman v. Colorado,
   600 U.S. 66 (2023) ...............................................................................….8

Fabricant v. Elavon, Inc.,
   2:20- cv-02960-SVW-MAA (C.D.C.A. 2020)................................................….7

George v. Grossmont Cuyamaca Cmty. Coll. Dist. Bd.,
   No. 22-cv-0424-BAS-DDL (S.D. Cal. Nov. 29, 2022)....................………4

Gerber v. Herskovitz,
   14 F.4th 500 (6th Cir. 2021)..........................................................…..8

Griffin v. Breckenridge,
   403 U.S. 88 (1971) ................................................................................…9-10

Karim-Panahi v. Los Angeles Police Dep't.,
    839 F.2d 621 (9th Cir. 1988)......................................................................…..9

Lacey v. Maricopa,
    693 F.3d 896 (9th Cir. 2012)......................................................................…..9

Landau v. Corp. of Haverford College,
    No. CV 24-2044, 2025 WL 35469 (E.D. Pa. Jan. 6, 2025) ...................…..3

Murthy v. Missouri,
    603 U.S. 43 (2024) ............................................................................……4

NAACP v. Clairborne Hardware Co.,
    458 U.S. 886 (1982) ........................................................................……8

New Beginnings Ministries v. George,
    2018 WL 11378829 (S.D. Ohio, Sept. 28, 2018)...........................……6

Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists,
    290 F.3d 1058 (9th Cir. 2002).......................................................................8

Rieves v. Town of Smyrna,
    67 F.4th 856 (6th Cir. 2016).................................................................3-4

Sanchez v. Foley,
    972 F.3d 1 (1st Cir. 2020) ...........................................................……4

Sever v. Alaska Pulp Corp.,
    978 F.2d 1529 (9th Cir. 1992).................................................................…..9

Sharpe v. Console,
    123 F.Supp.2d 87 (N.D.N.Y. 2000) ..............................................……..5

Simo v. Union of Needletrades, Indus. & Textile Emps., Sw. Dist. Council,
    322 F.3d 602 (9th Cir. 2003).................................................................….7

Steshenko v. Albee,
    70 F. Supp. 3d 1002 (N.D. Cal. 2014) ...........................................……9

U.S. v. American Trucking Ass'ns,

310 U.S. 534 (1940) .................................................................................….5

U.S. v. Gregg,
  226 F.3d 253, 268 (3d Cir. 2000) ...................................................................4-5

United Bhd. of Carpenters & Joiners, Local 610 v. Scott,
  463 U.S. 825 (1983) ........................................................................................10-11

Williams v. Yamaha Motor Co.,
  851 F.3d 1015 (9th Cir. 2017) .........................................................................….7

**CONGRESSIONAL RECORD**

139 Cong. Rec. S15660, 1993 WL 470962 (Nov. 3, 1993. ................................…..6

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

The sheer amount of vitriol in Plaintiff's opposition speaks volumes about the weakness of their arguments which rest on conclusions untethered from facts and legal arguments that at best misunderstand the law and at worst veer into the disingenuous, highlighting Plaintiff's misuse of this court as a stage.

## II. Argument

### A. Plaintiff Fails to Establish Personal Jurisdiction

Plaintiffs fail again to show how this Court has personal jurisdiction over Defendants PYM and Schirf. Plaintiffs' opposition does not address Defendants' argument that California lacks general jurisdiction, but rather argues that specific jurisdiction exists. To meet the Ninth Circuit's three-part test to determine whether a court has specific jurisdiction, the Plaintiff must establish the first two prongs: (1) that the defendant "purposefully directed his activities" at the forum; and (2) that the plaintiff's claim "arises out of or relates to" those "forum-related activities". Schwarzenegger v Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). If Plaintiffs meet that burden, Defendants must show that exercising jurisdiction would not be fair or reasonable. Id.

To determine whether a defendant purposefully directed its tortious activity toward the forum state, courts apply the "effects" test from Calder v. Jones, 465 U.S. 783, (1984). The effects test determines whether the defendant (1) committed an intentional act; (2) the act was expressly aimed at the forum state; and (3) the act caused harm the defendant knew would likely be suffered in the forum state. Id.

Plaintiffs rely on Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1230 (9th Cir. 2011) for the proposition that the Court has jurisdiction over defendants. That reliance is misplaced. In Mavrix, the Court found that placing copyrighted photos on a large business' website that garnered 70 million page views

1
DEFS' PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

monthly conferred specific jurisdiction because the site's "substantial California viewer base" was "an integral component of [defendant's] business model" and a central "part of its exploitation of the California market for its own commercial gain." Id. at 1229-30. Commercial exploitation was the "most salient fact" in the jurisdictional analysis. Id.

PYM is not a commercial enterprise relying on a California marketplace for its profitability. Nowhere do plaintiffs allege that PYM or Schirf regularly aim their actions at California. The complaint focuses on a single Instagram post alerting people in Los Angeles to a protest over an illegal land sale. This is simply not sufficient for personal jurisdiction.

Even if the Court were inclined to agree with Plaintiffs that the post was an intentional act aimed at Californians, thus satisfying the first and second prongs of the Calder effects test, Plaintiffs have not satisfied the third prong. To meet the Calder test to show purposeful direction, Plaintiffs have to show that Defendants knew the harm of their Instagram post was reasonably foreseeable to effect Defendants in California. If Plaintiffs in this suit were My Israel Home (MIH), the real estate company putting on the Lansdale event, the foreseeable harm argument would be considerably stronger. However, Plaintiffs do not even argue that Defendants knew the act of sharing an Instagram post about MIH's illegal land sale would harm Plaintiffs, failing the foreseeable harm analysis required to establish specific jurisdiction.

Because of the reasons stated above, the Court must dismiss the SAC for lack of personal jurisdiction.

### B. Plaintiff Still Cannot Justify the Complaint's Strikeable Content

Plaintiffs assert–without facts making it plausible–that the challenged sections of the FAC are relevant because they show anti-Semitism by PYM. Plaintiffs cynically distort past protests against Israel's war crimes into a fantasied campaign

of anti-Semitic terror. Their entire argument rests on the proposition that opposing Israel's illegal actions is per se anti-Semitic. This proposition is not supported by any existing case law, and Plaintiff's citations to Frankel and Bray are inadequate.

Plaintiffs wrongly rely on the Frankel which does not once mention anti-Zionism or anti-Semitism. It merely holds that UCLA students pled a sincerely held religious belief supporting Israel, and that under Title VI, UCLA could be preliminarily enjoined from permitting discrimination against those sincerely holding such a belief. Frankel v. Regents of the Univ. of Cal., No. 2:24-cv-04702-MCS-PD, 2024 U.S. Dist. LEXIS 146433, at *22 (C.D. Cal. Aug. 13, 2024). Title VI doctrine is irrelevant here as there is no state actor. Even if Frankel were applicable, it would not convert Defendants' opposition to Israel's war crimes into anti-Semitic animus. As held in Landau v. Corp. of Haverford College, such equivocation improperly sweeps "any and all criticism of Israel into the basket of antisemitism." No. CV 24-2044, 2025 WL 5469, at *1 (E.D. Pa. Jan. 6, 2025). Because prior protests against Israel's war crimes do not show anti-Jewish animus by PYM, the challenged FAC passages remain irrelevant, are only included to prejudice Defendants, and should be stricken.

C. **Plaintiff Still Utterly Fails to Satisfy Standing Requirements**

1. **No Alleged Harms Are Plausibly Traceable To PYM**

The Supreme Court warned against speculative causal links between a defendant's acts and harms caused by independent third parties. Clapper v. Amnesty Int'l USA, 568 U.S. 398, 412 (2013). Plaintiff's bald speculation that PYM incited a riot fails to satisfy Iqbal, which requires specific facts to make the alleged causation plausible. Instead, with no facts and finding no Ninth Circuit law to redeem their guesswork, Plaintiffs reach for cases never before cited in this Circuit.

In Rieves v. Town of Smyrna two local law enforcement agencies and county prosecutors met repeatedly, conspiring to raid and padlock twenty-three businesses

selling CBD, ignoring state police laboratory warnings that the product was likely legal. 67 F.4th 856, 862 (6th Cir. 2016). When the state police warned of likely civil lawsuits, the conspiring prosecutor said, "[w]e will put off the court dates, attorneys will get tired of coming to court and settle." Id. at 860. Rieves' strong evidence of multiple meetings and legal encouragement to conduct illegal seizures made those injuries a "predictable effect" of the conspiracy, which is a far cry from Plaintiff's utter lack of specific factual allegations.

Sanchez v. Foley is even more readily distinguishable. In that case, three state police officers were found liable for conspiring to violate the plaintiff's civil rights. 972 F.3d 1 (1st Cir. 2020). These co-defendants are demonstrably not "independent third parties" as described in Clapper. Sanchez's conspiracy finding rested on "communication among officers before the alleged unlawful conduct occurred" and a story jurors could conclude was fabricated to cover up the conspiracy. Id. at 12. Sanchez involved three defendants in the same police agency, the same barracks, in the same room. Not a single fact here even remotely approximates this.

Nor can Plaintiff glide past their "burden to establish standing by setting forth specific facts" plausibly alleging causation. Murthy v. Missouri, 603 U.S. 43, 67 n.7 (2024). Plaintiff attempts to evade this burden through shotgun-style group pleading, in violation of Fed.R. Civ. Pro. 8 entitling Defendants to know specifically what it did that harmed them. Acquilina v. Certain Underwriters at Lloyd's Syndicate 407 F.3d 978, 997 (D. Haw. 2019); George v. Grossmont Cuyamaca Cmty. Coll. Dist. Bd., No. 22-cv-0424-BAS-DDL (S.D. Cal. Nov. 29, 2022). Plaintiffs blamed the same harms and alleged acts on CodePink, PYM, WESPAC, Honor the Earth, Ibrahim, and Schirf without explaining what each of these six defendants individually did.

Plaintiff incorrectly cites U.S. v. Gregg to say that standing under the FACE Act does not require individual traceability because liability is joint and several.

4
DEFS' PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

Doc. 109 at 9. <u>Gregg</u> is irrelevant and does not remove the need for individualized allegations; the Court only interpreted the compensatory damages subsection of the Act and narrowly held that those damages were to be awarded jointly and severally among Defendants "who participated in the violation." 226 F.3d 253, 268 (3d Cir. 2000). Plaintiffs must still allege facts showing each Defendant participated in the violation. The protest itself was not a violation, and mere attendance, without participating in threats, force, or obstruction, does not render someone liable.

### D. **Plaintiff Still Fails to Allege a FACE Act Violation**

#### 1. **Plaintiff's Interpretation of the FACE Act Produces Absurd Results and Contradicts Unambiguous Legislative Intent**

Plaintiff insists the FACE Act does not require specific intent, but fail to cite a single case in support. They interpret the provision in an entirely novel and overly-broad manner with no legal support, and directly contradictory to legislative history.

First, Plaintiff's interpretation requires an absurd result, which the Court should not follow. *See e.g.*, <u>Sharpe v. Console</u>, 123 F.Supp.2d 87, 90-1 (N.D.N.Y. 2000) (finding "Plaintiff's interpretation of FACE's *mens rea* standard (such that one only need show obstruction to prove intent) could lead to ridiculous results."). Although Sharpe interpreted the FACE Act's reproductive clinic subsection, the same is true here: Plaintiff's interpretation creates a private cause of action any time construction blocked entrances to repair places of worship; congregants evacuated for a fire drill; or a nearby private event restricted public access. Only a specific intent *mens rea* can protect the Act from absurd results.

Where, as here, the plain text of the statute produces an absurd or unreasonable result, the Court should not follow it and should instead look to legislative history to discern the statute's purpose. <u>Church of Scientology of California v. U.S. Dept. of Justice</u>, 612 F.2d 417, 422 (9th Cir. 1979) (quoting <u>U.S. v. American Trucking Ass'ns</u>, 310 U.S. 534, 543 (1940) (when the plain text of a statute "led to absurd or futile results… this Court has looked beyond the words to

the purpose of the act" (internal quotations omitted)). Plaintiff's only argument to the contrary relies on <u>Russello v. U.S</u>. for the presumption that where Congress uses a word in one subsection of a statute but not another, it is assumed to be intentional. 464 U.S. 16 (1983). Even if <u>Russello</u>'s presumption applied it would not outweigh the absurdity produced by Plaintiff's statutory construction.

Second, this subsection's legislative history renders Plaintiff's interpretation untenable. "[T]here are no legislative findings related to the religious liberties provision…in an official congressional report. Instead, all that exist are Senator Hatch's statements." <u>New Beginnings Ministries v. George</u>, 2018 WL 11378829, *6 (S.D. Ohio, Sept. 28, 2018). Senator Hatch (the amendment's sponsor), explained: "the religious liberty amendment that I am offering is very straightforward. It would ensure that the first amendment right of religious liberty receives the same protection from interference that [FACEA] would give abortion…Through this amendment, religious liberty would also be protected against private intrusion-in exactly the same way that [FACEA] would protect abortion."139 Cong. Rec. S15660, 1993 WL 470962 (Nov. 3, 1993). The legislative history dictates that the subsection be construed as equal in scope to the reproductive health clause—that it should be interpreted and applied "exactly the same way." There is no record of any debate or discussion that would support Plaintiff's implausible contention that Congress intended one subsection to be a specific intent violation, and for the second to apply to any and all conduct obstructing entry to religious spaces.

Because Plaintiff's interpretation produces absurd and impracticable results, and because there is no evidence supporting their interpretation in the Congressional record, this interpretation is untenable. A violation of the Act's religious exercise subsection clearly requires that Defendants act "*because* [Plaintiff] is exercising or is seeking to exercise his or her religious freedom." <u>New Beginnings Ministries v. George</u>, 2018 WL 11378829 *3. Plaintiff fails to plausibly allege Defendants

6
DEFS' PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

protested the real estate sale because of Plaintiff's exercise of religious freedom.

### 2. Plaintiff Still Fails to Plausibly Allege the Elements of a FACE Act Violation

To survive the motion to dismiss stage, a complaint must have sufficient facts to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570 (2007)). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. The SAC is exactly what Twombly/Iqbal prohibits. With no facts showing Defendants did anything other than promote protesting a real estate sale, Plaintiff has failed to meet their burden.

Plaintiff tries to distract the court with spurious accusations with zero facts to plausibly show Defendants incited a riot, or that Defendant's activities should be stripped of their First Amendment protection. Without evidence, Plaintiff states PYM "organiz[ed], assist[ed], incite[d], and fund[ed] of a riot," but fail to plead a single fact showing PYM did anything more than encourage people to attend a protest. Doc. 108 at 13. The Plaintiff cites no video showing PYM members at the scene. Plaintiff pleads no facts showing Defendants participated or incited any violence. Plaintiff fails to rebut the fact that liability for an unknown individual's acts may only attach where Plaintiff shows PYM had "the right to substantially control [these alleged agent's] activities," Williams v. Yamaha Motor Co., 851 F.3d 1015, 1024 (9th Cir. 2017); see also Fabricant v. Elavon, Inc., 2:20- cv-02960-SVW-MAA, 12-13 (C.D.C.A. 2020). Plaintiff points to no evidence whatsoever—much less "clear proof"—of PYM's participation in, authorization of, or ratification of the alleged members' activities. Simo v. Union of Needletrades, Indus. & Textile Emps., Sw. Dist. Council, 322 F.3d 602, 620 (9th Cir. 2003).

Having tried and failed to establish that PYM incited a riot, Plaintiff also fails

to plausibly allege that Defendants used force, threats of force, or physical obstruction. Plaintiff's reliance on PYM's social media posts to establish a threat of force ignores that speech only qualifies as a "true threat" where "in the entire context and under all the circumstances, a reasonable person would foresee [it] would be interpreted by those to whom the statement is communicated as a serious expression of intent to inflict bodily harm upon that person." <u>Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists</u>, 290 F.3d 1058, 1077 (9th Cir. 2002). Plaintiff alleges no true threats by PYM because they have not shown that it "consciously disregarded a substantial risk that [its] communications would be viewed as threatening violence." <u>Counterman v. Colorado</u>, 600 U.S. 66, 69 (2023).

### 3. The Only Specific Facts Alleged Against PYM Are Protected First Amendment Activity

In addition to failing the Twombly/Iqbal standard, Plaintiff cites no law countering Defendant's arguments that this "aggressive" protest is protected by the First Amendment. <u>Gerber v. Herskovitz</u>, 14 F.4th 500, 504, 508-509 (6th Cir. 2021) Doc. 98 at 22. Plaintiff also fails to counter Defendant's argument that "offensive and coercive" speech is First Amendment protected activity, including "the use of speeches, marches, and threats of social ostracism." <u>Planned Parenthood</u>, 290 F.3d at 1070, as amended (July 10, 2002) (citing <u>NAACP v. Clairborne Hardware Co.</u>, 458 U.S. 886, 933 (1982)); Doc. 98 at 24.

### E. Plaintiff Still Fails to Allege a 42 U.S.C. § 1985(3) Violation

#### 1. Plaintiff Fails To Assert Facts Establishing A Conspiracy

Plaintiff asserts no specific facts showing a conspiracy among the "named defendants." SAC ¶¶ 5-9, 146-147, 197-201, 400-405. Plaintiff's position seems to be that mere generalized conspiracy assertions, with no specific facts, are enough to survive a motion to dismiss. This is incorrect. Plaintiff must allege something more than legal conclusions dressed up as factual guesses. Under § 1985(3), Plaintiff must

state "specific facts to support the existence of the claimed conspiracy." <u>Burns v. County of King</u>, 883 F.2d 819, 821 (9th Cir. 1989). "[A] mere allegation of conspiracy without factual specificity is insufficient" for § 1985(3) liability. <u>Karim-Panahi v. Los Angeles Police Dep't</u>., 839 F.2d 621, 626 (9th Cir. 1988).

Even accepting Plaintiff's assertions as true, there are no specific factual allegations of a conspiracy between Defendants. Plaintiff does not allege that Defendants ever spoke, exchanged an email, or even drafted a social media post together. When reduced to its core, Plaintiff alleges that CodePink and PYM both informed their supporters of an illegal land sale in Los Angeles. Police, protesters and counterprotestors prevented Plaintiff from attending the illegal land sale. Inside prayer groups were interrupted by noise. That is not enough to plausibly show a violation of § 1985(3). Plaintiff has failed to state any specific facts showing a meeting of the minds or agreement to plausibly allege a conspiracy under § 1985, and the SAC should be dismissed. <u>Lacey v. Maricopa</u>, 693 F.3d 896, 937 (9th Cir. 2012) ("The conclusory conspiracy allegations ... do not define the scope of any conspiracy involving [Defendants], what role [they] had, or when or how the conspiracy operated."); see also <u>Steshenko v. Albee</u>, 70 F. Supp. 3d 1002, 1015 (N.D. Cal. 2014) ("Plaintiff has not alleged sufficient specific facts regarding the alleged conspiracy, including: (1) a specific agreement between [Defendants]; (2) the scope of the conspiracy; (3) the role of [the Defendants] in the conspiracy; [and] ... (4) ... how the conspiracy operated.").

### 2. 42 U.S.C. § 1985(3) Requires A State Actor for First And Fourteenth Amendment Violations

Congress created 42 U.S.C. § 1985(3) "to protect individuals—primarily blacks—from conspiracies to deprive them of their legally protected rights" in the reconstruction-era Ku Klux Klan Act of 1871, now codified as 42 U.S.C. § 1985(3). See <u>Sever v. Alaska Pulp Corp.</u>, 978 F.2d 1529, 1536 (9th Cir. 1992). <u>Griffin v. Breckenridge</u> removed the state actor requirement. 403 U.S. 88 (1971). Although

the Court extended § 1985 to protect Black people against racist violence by private actors, it later clarified that a state actor was still required for First and Fourteenth Amendment violations: "[a]n alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless it is proved that the State is involved in the conspiracy or the aim of the conspiracy is to influence the activity of the State." United Bhd. of Carpenters & Joiners, Local 610 v. Scott, 463 U.S. 825, 830 (1983). Here, Plaintiffs claim infringement of First and Fourteenth Amendment rights to practice their religion without a state actor. SAC ¶ 403. Instead, they incorrectly claim that Griffin eliminated the state actor requirement entirely, when the Court has repeatedly held that First and Fourteenth Amendment claims require a state actor.

### 3. **Plaintiff Cannot Show Animus Because PYM's Motivation Was Clearly to Protest The Illegal Sale Of Occupied Land**

Plaintiff similarly fails to show that PYM had the requisite class-based animus under 42 U.S.C. § 1985(3). To prove a private conspiracy in violation of 42 U.S.C. § 1985(3), a plaintiff must show "some racial, or perhaps otherwise class-based invidiously discriminatory animus lay behind the conspirators' action" Griffin, 403 U.S. at 102. Although the Court considered other types of class-based animus, it was careful not to turn § 1985 into "general federal tort law." Id.

In Bray v. Alexandria Women's Health Clinic, a case Plaintiff mistakenly relies upon, the Court discussed class-based animus in a case invoking § 1985(3) against abortion protesters blocking access to clinics. 506 U.S. 263 (1993). The Court ruled that because opposition to abortion was not analogous to the invidious, race-based discrimination the statute originally sought to protect, the allegations did not meet the class-based animus requirement. The Court rejected Plaintiff's arguments because they required that either "(1) opposition to abortion can reasonably be presumed to reflect sex-based intent, or (2) that intent is irrelevant, and a class-based animus can be determined solely by effect." Id. at 270. Neither proposition was tenable.

10
DEFS' PALESTINIAN YOUTH MOVEMENT, COURTNEY SCHIRF, AND REMO IBRAHIM'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

As in Bray, Plaintiff here makes an untenable analogy between opposing the illegal sale of occupied land and religious based animus. Plaintiff does not cite a single statement by PYM expressing such an animus and every statement they cite shows that PYM was unambiguously protesting the sale of stolen land, not Judaism. SAC ¶¶ 210-213. None of these statements can plausibly support a claim of the class-based animus required by § 1985, and purely economic animus is insufficient. United Bhd. Of Carpenters, 463 U.S. at 837.

### III. Conclusion

As this Court noted during oral argument on the fiscal sponsors' motions to dismiss, the only facts alleged against CODEPINK and PYM are that their social media posts invited followers and members of the public to protest a land sale. Not a single fact alleged can deprive those posts of First Amendment protections. Nor is a single fact alleged that makes plausible Plaintiff's wild accusations of anti-Semitism. Plaintiff's retreat to the spurious argument that even unintentional disruption violates the FACE Act betrays how weak this house of cards really is.  This case must be dismissed.

Respectfully submitted,

Dated: February 17, 2025

LAW OFFICES OF THOMAS B. HARVEY

By:__/s/___Thomas B. Harvey_____
    Thomas B. Harvey

Attorney for Defendants
PALESTINIAN YOUTH MOVEMENT
COURTNEY LENNA SCHIRF
REMO IBRAHIM

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF System.

Participants in the case who are registered CM/ECF Users will be served by the CM/ECF System.

LAW OFFICES OF THOMAS B. HARVEY

By:__/s/___Thomas B. Harvey_____
    Thomas B. Harvey

Attorney for Defendants
PALESTINIAN YOUTH MOVEMENT
COURTNEY LENNA SCHIRF
REMO IBRAHIM

# L.R. 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant PYM certifies that this brief contains 3,417 words, which complies with the word limit of L.R. 11-6.1.

Dated: February 17, 2025              LAW OFFICES OF THOMAS B. HARVEY

By:__/s/___Thomas B. Harvey_____
    Thomas B. Harvey

Attorney for Defendants
PALESTINIAN YOUTH MOVEMENT
COURTNEY LENNA SCHIRF
REMO IBRAHIM