1  Mark Kleiman (SBN 115919)
   mark@krlaw.us
2  KLEIMAN / RAJARAM
   12121 Wilshire Blvd., Ste. 810
3  Los Angeles, CA  90025
   Tel: 310-392-5455 / Fax: 310-306-8491
4
   Collin Poirot (NY 5673405)
5  (pro hac vice)
   cpoirot.law@gmail.com
6  2603 Oak Lawn, Suite 300
7  Dallas TX  75219
   214-392-2281
8
9  Attorneys for Defendants
   CODEPINK WOMEN FOR PEACE
10 CODEPINK ACTION FUND

11              UNITED STATES DISTRICT COURT
         FOR THE CENTRAL DISTRICT OF CALIFORNIA
12                   WESTERN DIVISION

13 RONEN HELMANN, on behalf of all          Case No. 2:24-cv-05704-SVW-PVC
14 others similarly situated,
15             Plaintiff,
16                                           DEFENDANTS' CODEPINK
        v.                                   WOMEN FOR PEACE AND
17                                           CODEPINK ACTION FUND REPLY
18 CODEPINK WOMEN FOR PEACE, a               MEMORANDUM IN SUPPORT OF
   California entity; CODEPINK ACTION        ITS MOTION TO DISMISS
19 FUND, a California entity; WESPAC         PLAINTIFF'S SECOND AMENDED
   FOUNDATION, a New York                    CLASS ACTION COMPLAINT
20 entity; HONOR THE EARTH, a
21 Minnesota entity; COURTNEY               Judge:  Hon Stephen V. Wilson
   LENNA SCHIRF; REMO                       Hearing Date:  March 3, 2025
22 IBRAHIM, d/b/a PALESTINIAN               Time:        1:30 p.m.
   YOUTH MOVEMENT;                          Courtroom:   10A
23 PALESTINIAN YOUTH
24 MOVEMENT; and DOES #1-100,
25
26             Defendants.
27
28

Defendant CODEPINK WOMEN FOR PEACE and CODEPINK ACTION FUND ("CODEPINK") respectfully submits this Reply Memorandum of Points and Authorities in support of its Motion to Dismiss Plaintiff's Second Amended Class Action Complaint ("FAC"), pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, and Rule 12(b)(6) for failure to state a claim.

KLEIMAN / RAJARAM

Dated: February 18, 2025          By:___/s/ Mark Kleiman
                                      Mark Kleiman

                                      Attorneys for Defendants
                                      CODEPINK WOMEN FOR PEACE
                                      CODEPINK ACTION FUND

DEFS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES .................................................................................... 5

REPLY MEMORANDUM OF POINTS AND AUTHORITIES .............................. 8

I.    Introduction ................................................................................................... 8

II.   Argument ....................................................................................................... 8

    A.    Plaintiff Still Cannot Justify the Complaint's Strikable
        Content ................................................................................................ 8

    B.    Plaintiff Still Utterly Fail to Satisfy Standing Requirements ............... 10

        1.    None Of The Harms Alleged Are Plausibly Traceable
            To CodePink ............................................................................ 10

    C.    Plaintiff Still Fails to Allege a FACE Act Violation .......................... 11

        1.    Plaintiff's Interpretation of the FACE Act Produces
            Absurd Results and Contradicts the Unambiguous
            Legislative Intent .................................................................... 11

        2.    Plaintiff Still Fails to Plausibly Allege the Elements
            of a FACE Act Violation ......................................................... 13

        3.    The Only Specific Facts Alleged Against CodePink Are
            Protected First Amendment Activity ........................................ 15

    D.    Plaintiff Still Fails to Allege a 42 U.S.C. § 1985(3) Violation ............. 15

        1.    Plaintiff Fails To Assert Any Facts Establishing A
            Conspiracy .............................................................................. 15

        2.    42 U.S.C. § 1985(3) Requires A State Actor for First And
            Fourteenth Amendment Violations ......................................... 16

DEFS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

       3.     Plaintiff Cannot Show Animus Because CodePink's
Motivation Was Clearly to Protest The Illegal Sale Of
Occupied Land ...................................................................... 17

    E.    Plaintiff's Claim is Barred by International Law and the
Political Question Doctrine Does Not Apply ........................ 18

III.    Conclusion ........................................................................................ 18

CERTIFICATE OF SERVICE ............................................................................ 20

L.R. 11-6.2 CERTIFICATE OF COMPLIANCE ............................................... 21

DEFS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

# TABLE OF AUTHORITIES

**Page**

## CASES

Acquilina v. Certain Underwriters at Lloyd's Syndicate,
    407 F.3d 978 (D. Haw. 2019)...................................................................11

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)......................................................................10,13,15

Bell Atlantic Corporation v. Twombly,
    550 U.S. 554 (2007).......................................................................13,14,15

Bray v. Alexandria Women's Health Clinic,
    506 U.S. 263 (1993)...................................................................................17

Burns v. County of King,
    883 F.2d 819 (9th Cir. 1989) ...................................................................16

Burri Law PA v. Skurla,
    35 F.4th 1207 (9th Cir. 2022) .....................................................................9

Carney v. Adams,
    592 U.S. 53 (2020)...................................................................................18

Church of Scientology of California v. U.S. Dept. of Justice,
    612 F.2d 417 (9th Cir. 1979) ...................................................................12

Clapper v. Amnesty Int'l USA,
    568 U.S. 398 (2013)...................................................................................10

Counterman v. Colorado,
    600 U.S. 66 (2023)...................................................................................15

Fabricant v. Elavon, Inc.,
    2:20- cv-02960-SVW-MAA (C.D.C.A. 2020)................................................14

George v. Grossmont Cuyamaca Cmty. Coll. Dist. Bd.,
    No. 22-cv-0424-BAS-DDL (S.D. Cal. Nov. 29, 2022).....................................11

DEFS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

Gerber v. Herskovitz,
    14 F.4th 500 (6th Cir. 2021) ...................................................................15

Griffin v. Breckenridge,
    403 U.S. 88 (1971) ...............................................................................17

Karim-Panahi v. Los Angeles Police Dep't.,
    839 F.2d 621 (9th Cir. 1988) ..................................................................16

Lacey v. Maricopa,
    693 F.3d 896 (9th Cir. 2012) ..................................................................16

Landau v. Corp. of Haverford College,
    No. CV 24-2044, 2025 WL 35469 (E.D. Pa. Jan. 6, 2025) ...........................8

Murthy v. Missouri,
    603 U.S. 43 (2024) ...............................................................................11

NAACP v. Clairborne Hardware Co.,
    458 U.S. 886 (1982) .............................................................................15

New Beginnings Ministries v. George,
    2018 WL 11378829 (S.D. Ohio, Sept. 28, 2018) .......................................13

Paul v. Watchtower Bible & Tract Soc'y of N.Y., Inc.,
    819 F.2d 875 (9th Cir. 1987) ...................................................................9

Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists,
    290 F.3d 1058 (9th Cir. 2002) ................................................................15

Rieves v. Town of Smyrna,
    67 F.4th 856 (6th Cir. 2016) ..................................................................10

Russello v. U.S.,
    464 U.S. 16 (1983) ...............................................................................12

Sanchez v. Foley,
    972 F.3d 1 (1st Cir. 2020) ......................................................................10

Serbian E. Orthodox Diocese for U.S. & Can. V. Milivojevich,
    426 U.S. 696 (1976) ...............................................................................9

DEFS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

Sever v. Alaska Pulp Corp.,
    978 F.2d 1529 (9th Cir. 1992) ............................................................16

Sharpe v. Console,
    123 F.Supp.2d 87 (N.D.N.Y. 2000)..................................................11,12

Simo v. Union of Needletrades, Indus. & Textile Emps., Sw. Dist. Council,
    322 F.3d 602 (9th Cir. 2003) ...............................................................14

Steshenko v. Albee,
    70 F. Supp. 3d 1002 (N.D. Cal. 2014)...................................................16

U.S. v. American Trucking Ass'ns,
    310 U.S. 534 (1940).............................................................................12

U.S. v. Gregg,
    226 F.3d 253, 268 (3d Cir. 2000) .........................................................11

United Bhd. of Carpenters & Joiners, Local 610 v. Scott,
    463 U.S. 825 (1983)........................................................................17,18

Williams v. Yamaha Motor Co.,
    851 F.3d 1015 (9th Cir. 2017) .............................................................14

**CONGRESSIONAL RECORD**

139 Cong. Rec. S15660, 1993 WL 470962 (Nov. 3, 1993. ..................................13

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction

The sheer amount of vitriol in Plaintiff's opposition speaks volumes about the weakness of his arguments which rest on conclusions untethered from facts and legal arguments that at best misunderstand the law and at worst veers into the disingenuous, highlighting Plaintiff's misuse of this court as a stage.

### II.    Argument

#### A.    Plaintiff Still Cannot Justify the Complaint's Strikable Content

Plaintiff asserts–without facts making it plausible–that the challenged sections of the SAC are relevant because they show anti-Semitism by CodePink. Plaintiff cynically distorts past protests against Israel's war crimes into a fantasied campaign of anti-Semitic terror. His entire argument rests on the proposition that opposing Israel's illegal actions is *per se* anti-Semitic. This proposition is not supported by any existing case law, and Plaintiff's citations to Frankel and Bray are inadequate.

Plaintiff is wrong to rely on the Frankel injunction as that decision does not and cannot support such a sweeping proposition. Frankel does not once mention anti-Zionism or anti-Semitism, and merely holds that the UCLA students pled a sincerely held religious belief supporting Israel, and that under the particular language of a particular statute (Title VI), UCLA could be preliminarily enjoined from permitting discrimination against those sincerely holding such a belief. Frankel v. Regents of the Univ. of Cal., No. 2:24-cv-04702-MCS-PD, 2024 U.S. Dist. LEXIS 146433, at *22 (C.D. Cal. Aug. 13, 2024). Title VI doctrine is irrelevant in our case where there is no allegation of state action. Even if Frankel were applicable, it would not convert Defendants' opposition to Israel's war crimes into anti-Semitic animus. As held in Landau v. Corp. of Haverford College, rejecting the Plaintiff's Title VI claims, such equivocation improperly sweeps "any and all criticism of Israel into the basket of antisemitism." No. CV 24-2044, 2025 WL 5469, at *1 (E.D. Pa. Jan. 6, 2025).

DEFS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

1    Furthermore, the U.S. Constitution does not permit this Court to find—as
2  Plaintiff asks it to—that buying land in Occupied Palestine is a core tenet of Judaism
3  such that political opposition to a real estate event can be considered antisemitic *per*
4  *se*. This Court can take judicial notice that many religious Jews have joined the
5  Palestine solidarity movement and clear reject Plaintiff's proffered interpretation of
6  their religion. The Establishment Clause therefore prohibits this court from finding
7  that Zionism or moving to Occupied Palestine is any more fundamental to Judaism
8  than solidarity with the Palestinian people. In plain violation of the Establishment
9  Clause, Plaintiff asks this Court to find that Zionism and buying land in Palestine is
10 essential to Judaism. The Ecclesiastical Abstention doctrine provides that "a civil
11 court may not adjudicate 'the correctness of an interpretation of canonical text or
12 some decision relating to government of the religious polity.'" <u>Burri Law PA v.</u>
13 <u>Skurla</u>, 35 F.4th 1207, 1212 (9th Cir. 2022) (quoting <u>Paul v. Watchtower Bible &</u>
14 <u>Tract Soc'y of N.Y., Inc.</u>, 819 F.2d 875, 878 n.1 (9th Cir. 1987)). The Constitution
15 prohibits court entanglement "in essentially religious controversies" or intervention
16 on behalf of a particular doctrine. <u>Serbian E. Orthodox Diocese for U.S. & Can. V.</u>
17 <u>Milivojevich</u>, 426 U.S. 696, 709 (1976). Plaintiff's own scriptural citations in the
18 SAC reveal the 'essentially religious' character of his argument. SAC ¶¶ 150-80,
19 fns. 53-61. This court *may not* make findings on the purely doctrinal question that
20 moving to Occupied Palestine is a core tenet of Judaism. It only has jurisdiction to
21 find that a specific litigant viewed it as such, and that Defendants did not.
22    Because prior protests against Israel's war crimes do not show anti-Jewish
23 animus by CodePink, the challenged SAC passages remain irrelevant, are only
24 included to prejudice Defendants, and should be stricken.
25 //
26 //
27 //
28 //

DEFS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

**B.**   **Plaintiff Still Utterly Fails to Satisfy Standing Requirements**

**1.**   **None Of The Harms Alleged Are Plausibly Traceable To CodePink**

The Supreme Court warned against speculative causal links between a defendant's acts and harms caused by independent third parties. <u>Clapper v. Amnesty Int'l USA</u>, 568 U.S. 398, 412 (2013). Plaintiff's bald speculation that CodePink incited a riot fails to satisfy <u>Iqbal</u>, which requires specific facts to make the alleged causation plausible. Instead, with no facts and finding no Ninth Circuit law to redeem his guesswork, Plaintiff reaches for cases never before cited in this Circuit.

In <u>Rieves v. Town of Smyrna</u> two local law enforcement agencies and county prosecutors met repeatedly, conspiring to raid and padlock twenty-three businesses selling CBD, ignoring state police laboratory warnings that the product was likely legal. 67 F.4th 856, 862 (6th Cir. 2016). When the state police warned of likely civil lawsuits, the conspiring prosecutor said, "[w]e will put off the court dates, attorneys will get tired of coming to court and settle." Id. at 860. Rieves' strong evidence of multiple meetings and legal encouragement to conduct illegal seizures made those injuries a "predictable effect" of the conspiracy, which is a far cry from Plaintiff's utter lack of specific factual allegations.

<u>Sanchez v. Foley</u> is even more readily distinguishable. In that case, three state police officers who booked the plaintiff were found liable for conspiring to violate his civil rights. 972 F.3d 1 (1st Cir. 2020). These co-defendants are demonstrably not "independent third parties" as described in <u>Clapper</u>. Even further, <u>Sanchez</u>'s conspiracy finding rested on "evidence of communication among officers before the alleged unlawful conduct occurred, coupled with a story that the jury could conclude was fabricated to justify or cover up the original actions." Id. at 12. <u>Sanchez</u> involved three defendants in the same police agency, in the same barracks, in the same room. Not a single fact here even remotely approximates this.

//

Nor can Plaintiff glide past his "burden to establish standing by setting forth specific facts" plausibly alleging causation. <u>Murthy v. Missouri</u>, 603 U.S. 43, 67 n.7 (2024). Plaintiff attempts to evade this burden through shotgun-style group pleading, in violation of Fed.R. Civ. Pro. 8 which entitles each Defendant to know specifically what it did that harmed him. <u>Acquilina v. Certain Underwriters at Lloyd's Syndicate</u> 407 F.3d 978, 997 (D. Haw. 2019); <u>George v. Grossmont Cuyamaca Cmty. Coll. Dist. Bd.</u>, No. 22-cv-0424-BAS-DDL (S.D. Cal. Nov. 29, 2022). Plaintiff blames the same harms and alleged acts on CodePink, PYM, WESPAC, Honor the Earth, Ibrahim, and Schirf without explaining what each of these six defendants individually did to cause him harm.

Plaintiff incorrectly cites <u>U.S. v. Gregg</u> to say that standing under the FACE Act does not require individual traceability because liability is joint and several. Doc. 109 at 9. <u>Gregg</u> is irrelevant and does not remove the need for individualized allegations; the Court only interpreted the compensatory damages subsection of the Act and narrowly held that those damages were to be awarded jointly and severally among Defendants "who participated in the violation." 226 F.3d 253, 268 (3d Cir. 2000). Plaintiff must still allege facts showing each Defendant participated in the violation. The protest itself was not a violation, and mere attendance, without participating in threats, force, or obstruction, does not render someone liable.

## C.    **Plaintiff Still Fails to Allege a FACE Act Violation**

### 1.    **Plaintiff's Interpretation of the FACE Act Produces Absurd Results and Contradicts the Unambiguous Legislative Intent**

Plaintiff insists the FACE Act does not require specific intent, but fails to cite to a single case in support of his plainly absurd interpretation. He asks this Court to interpret the provision in an entirely novel and overly-broad manner with no legal support, in a manner that directly contradicts the Act's legislative history.

First, Plaintiff's interpretation requires an absurd and impracticable result, which the Court should not follow. *See e.g.*, <u>Sharpe v. Console</u>, 123 F.Supp.2d 87,

90-1 (N.D.N.Y. 2000) (finding "Plaintiff's interpretation of FACE's *mens rea* standard (such that one only need show obstruction to prove intent) could lead to ridiculous results" and providing examples including when a covered facility is shuttered for public safety reasons). Although <u>Sharpe</u> interpreted the FACE Act's reproductive clinic subsection, the same is true here: Plaintiff's interpretation would create a private cause of action any time construction blocked a place of worship's entrances to repair the building; volunteer firefighters ordered congregants to evacuate for a fire drill; a nearby private event restricted public access to the building; a specific individual congregant was excluded due to prior misconduct; or in a litany of other common scenarios. Only a specific intent *mens rea* can protect the Act from absurd results.

Where, as here, the plain text of the statute produces an absurd or unreasonable result, the Court should not follow it and should instead look to legislative history to discern the statute's purpose. <u>Church of Scientology of California v. U.S. Dept. of Justice</u>, 612 F.2d 417, 422 (9th Cir. 1979) (quoting <u>U.S. v. American Trucking Ass'ns</u>, 310 U.S. 534, 543 (1940) (when the plain text of a statute "led to absurd or futile results… this Court has looked beyond the words to the purpose of the act. Frequently…even when the plain meaning did not produce absurd results but merely an unreasonable one plainly at variance with the policy of the legislation as a whole, this Court has followed that purpose, rather than the literal words." (internal quotations omitted)). Plaintiff's only argument to the contrary relies on <u>Russello v. U.S.</u> for the presumption that where Congress uses a word in one subsection of a statute but not another, it is assumed to be intentional. 464 U.S. 16 (1983). Even if <u>Russello</u>'s presumption applied it would not outweigh the absurdity produced by Plaintiff's statutory construction.

Second, this subsection's legislative history makes Plaintiff's proposed interpretation untenable. As one federal court noted, "there are no legislative findings related to the religious liberties provision…in an official congressional

report. Instead, all that exist are Senator Hatch's statements made when he proposed the religious access amendment." <u>New Beginnings Ministries v. George</u>, 2018 WL 11378829, *6 (S.D. Ohio, Sept. 28, 2018). Senator Hatch (the amendment's sponsor), explained: "the religious liberty amendment that I am offering is very straightforward. It would ensure that the first amendment right of religious liberty receives the same protection from interference that [FACEA] would give abortion…Through this amendment, religious liberty would also be protected against private intrusion-in exactly the same way that [FACEA] would protect abortion."139 Cong. Rec. S15660, 1993 WL 470962 (Nov. 3, 1993). The only legislative history clearly dictates that the subsection be construed as equal in scope to the reproductive health clause—that it should be interpreted and applied "exactly the same way." There is no record of any debate or discussion that would support Plaintiff's implausible contention that Congress intended one subsection to be a specific intent violation, and for the second to apply to any and all conduct that obstructs entry to any space used for religious worship for any reason whatsoever.

Because Plaintiff's interpretation produces absurd and impracticable results, and because there is no evidence supporting his interpretation in the Congressional record, this interpretation is untenable. A violation of the Act's religious exercise subsection clearly requires that Defendants act "*because* [Plaintiff] is exercising or is seeking to exercise his or her religious freedom." <u>New Beginnings Ministries v. George</u>, 2018 WL 11378829 *3. Plaintiff fails to plausibly allege Defendants protested the real estate sale because of Plaintiff's exercise of religious freedom.

## 2. <u>Plaintiff Still Fails to Plausibly Allege the Elements of a FACE Act Violation</u>

To survive the motion to dismiss stage, a complaint must have sufficient facts to "'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 554, 570 (2007)). This plausibility standard "asks for more than a sheer possibility that a

defendant has acted unlawfully. Where a complaint pleads facts that are 'merely
consistent with' a defendant's liability, it 'stops short of the line between possibility
and plausibility of 'entitlement to relief.'" Id. The SAC is exactly what
Twombly/Iqbal prohibits. With no facts showing Defendants did anything other than
promote protesting a real estate sale, Plaintiff has failed to meet their burden.

Plaintiff tries to distract the court with spurious accusations with zero facts to
plausibly show Defendants incited a riot, or that Defendant's activities should be
stripped of their First Amendment protection. Without evidence, Plaintiff states
CodePink "organiz[ed], assist[ed], incite[d], and fund[ed] of a riot," but fails to
plead a single fact showing CodePink did anything more than encourage people to
attend a protest. Doc. 94 at 8. The only facts Plaintiff alleges are that "videos depict
CodePink members at the scene while the riot was in progress" and that CodePink
advertised the Adas Torah protest marking the spot with "an inverted red triangle," a
typical navigation and traffic symbol. Doc. 94 at 7. Plaintiff pleads no facts showing
Defendants participated or incited any violence, and the mere presence of CodePink
members is not enough; Plaintiff fails to rebut the fact that liability for an unknown
individual's acts may only attach where Plaintiff shows CodePink had "the right to
substantially control [these alleged agent's] activities," Williams v. Yamaha Motor
Co., 851 F.3d 1015, 1024 (9th Cir. 2017); see also Fabricant v. Elavon, Inc., 2:20-
cv-02960-SVW-MAA, 12-13 (C.D.C.A. 2020). Plaintiff points to no evidence
whatsoever—much less "clear proof"—of CodePink's participation in, authorization
of, or ratification of the alleged members' activities. Simo v. Union of Needletrades,
Indus. & Textile Emps., Sw. Dist. Council, 322 F.3d 602, 620 (9th Cir. 2003).
Plaintiff's only evidence is that protestors arrived in groups, and that videos
appeared to show CodePink members present. SAC ¶ 227-8; Doc. 94 at 7.

Having tried and failed to establish that CodePink incited a riot, Plaintiff also
fails to plausibly allege another required element of a FACE violation: that
Defendants used force, threats of force, or physical obstruction. Plaintiff's reliance

on CodePink's social media posts to establish a threat of force ignores the fact that speech only qualifies as a "true threat" where "in the entire context and under all the circumstances, a reasonable person would foresee [it] would be interpreted by those to whom the statement is communicated as a serious expression of intent to inflict bodily harm upon that person." Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists, 290 F.3d 1058, 1077 (9th Cir. 2002). Plaintiff alleges no true threats by CodePink because he has not shown that it "consciously disregarded a substantial risk that [its] communications would be viewed as threatening violence." Counterman v. Colorado, 600 U.S. 66, 69 (2023).

### 3.  The Only Specific Facts Alleged Against CodePink Are Protected First Amendment Activity

In addition to failing the Twombly/Iqbal standard, Plaintiff cites no law countering Defendant's arguments that this "aggressive" protest is protected by the First Amendment. Gerber v. Herskovitz, 14 F.4th 500, 504, 508-509 (6th Cir. 2021) (First Amendment protected regular, prolonged protests in front of a synagogue routinely held during scheduled worship, even with inflammatory signs saying "Resist Jewish Power."); Doc. 88 at 22. Plaintiff also fails to counter Defendant's argument that "offensive and coercive" speech is First Amendment protected activity, including "the use of speeches, marches, and threats of social ostracism." Planned Parenthood, 290 F.3d at 1070, as amended (July 10, 2002) (citing NAACP v. Clairborne Hardware Co., 458 U.S. 886, 933 (1982)); Doc. 98 at 24.

### D.  Plaintiff Still Fails to Allege a 42 U.S.C. § 1985(3) Violation

### 1.  Plaintiff Fails To Assert Any Facts Establishing A Conspiracy

Plaintiff asserts no facts showing a conspiracy among the "named defendants." FAC ¶¶ 9, 156, 366, 413. Plaintiff's position seems to be that mere generalized conspiracy assertions, with no specific facts, is enough to survive a motion to dismiss. This is incorrect. Plaintiff must allege something more than legal

conclusions dressed up as factual guesses. Under § 1985(3), Plaintiff must state "specific facts to support the existence of the claimed conspiracy." Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989). "[A] mere allegation of conspiracy without factual specificity is insufficient" for § 1985(3) liability. Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 626 (9th Cir. 1988).

Even accepting Plaintiff's assertions as true, there are no specific factual allegations of a conspiracy between Defendants. Plaintiff does not allege that Defendants ever spoke, exchanged an email, or even drafted a social media post together. When reduced to its core, Plaintiff alleges that CodePink and PYM both informed their supporters of an illegal land sale in Los Angeles. Police, protesters and counterprotestors prevented Plaintiff from attending the illegal land sale. Inside prayer groups were interrupted by noise. That is not enough to plausibly show a violation of § 1985(3). Plaintiff has failed to state any specific facts showing a meeting of the minds or agreement to plausibly allege a conspiracy under § 1985, and the SAC should be dismissed. Lacey v. Maricopa, 693 F.3d 896, 937 (9th Cir. 2012) ("The conclusory conspiracy allegations ... do not define the scope of any conspiracy involving [Defendants], what role [they] had, or when or how the conspiracy operated."); see also Steshenko v. Albee, 70 F. Supp. 3d 1002, 1015 (N.D. Cal. 2014) ("Plaintiff has not alleged sufficient specific facts regarding the alleged conspiracy, including: (1) a specific agreement between [Defendants]; (2) the scope of the conspiracy; (3) the role of [the Defendants] in the conspiracy; [and] ... (4) ... how the conspiracy operated.").

## 2. 42 U.S.C. § 1985(3) Requires A State Actor for First And Fourteenth Amendment Violations

Congress created 42 U.S.C. § 1985(3) "to protect individuals—primarily blacks—from conspiracies to deprive them of their legally protected rights" in the reconstruction-era Ku Klux Klan Act of 1871, now codified as 42 U.S.C. § 1985(3). See Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992). Hostile

Supreme Court decisions undermined these protections until 1971, when <u>Griffin v. Breckenridge</u> removed the state actor requirement. 403 U.S. 88 (1971). Although the Court extended § 1985 to protect Black people against racist violence by private actors, it clarified that a state actor was still required for First and Fourteenth Amendment violations: "[a]n alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless it is proved that the State is involved in the conspiracy or the aim of the conspiracy is to influence the activity of the State." <u>United Bhd. of Carpenters & Joiners</u>, Local 610 v. Scott, 463 U.S. 825, 830 (1983). Here, Plaintiff claims infringement of their First and Fourteenth Amendment rights to practice their religion without even attempting to allege the involvement of a state actor. SAC ¶ 403. Instead, he incorrectly claims that <u>Griffin</u> eliminated the state actor requirement, when the Court has repeatedly held that claims under the First and Fourteenth Amendment such as Plaintiff's do still require a state actor.

### 3. **Plaintiff Cannot Show Animus Because CodePink's Motivation Was Clearly to Protest The Illegal Sale Of Occupied Land**

Plaintiff similarly fails to show that CodePink had the requisite class-based animus under 42 U.S.C. § 1985(3). To prove a private conspiracy in violation of 42 U.S.C. § 1985(3), Plaintiff must show "some racial, or perhaps otherwise class-based invidiously discriminatory animus lay behind the conspirators' action" <u>Griffin</u>, 403 U.S. at 102. Although the Courts have considered other types of class-based animus, they are careful not to turn § 1985 into "general federal tort law." Id.

In <u>Bray v. Alexandria Women's Health Clinic</u>, a case Plaintiff mistakenly relies upon, the Court discussed class-based animus in a case invoking § 1985(3) against abortion protesters blocking access to clinics. 506 U.S. 263 (1993). The Court ruled that because opposition to abortion was not analogous to the invidious, race-based discrimination the statute originally sought to protect, the allegations did not meet the class-based animus requirement. The Court rejected Plaintiff's

arguments because they required that either "(1) opposition to abortion can reasonably be presumed to reflect sex-based intent, or (2) that intent is irrelevant, and a class-based animus can be determined solely by effect." Id. at 270. Neither proposition was tenable.

As in <u>Bray</u>, Plaintiff here makes an untenable analogy between opposing illegal sale of occupied land and religious based animus. Plaintiff does not cite a single statement by CodePink expressing such an animus; every statement cited in the SAC shows that CodePink was unambiguously in opposition to the sale of stolen land, not to Judaism. SAC ¶¶ 318-324. None of these statements can plausibly show the class-based animus required by § 1985, and purely economic animus is insufficient. <u>United Bhd. Of Carpenters</u>, 463 U.S. at 837.

### E.  Plaintiff's Claim is Barred by International Law and the Political Question Doctrine Does Not Apply

Plaintiff attempts to dismiss Israel's crimes by misrepresenting Defendant's international law argument. Defendants do not ask this court to make a finding that Israel's settlement regime constitutes a war crime because this finding has already been made. Both the U.S.'s position at the time of filing and the ICJ's 2024 ruling declare Israel's settlement regime illegitimate under international law. The U.S.'s position at the time of the SAC's filing controls, as Plaintiff "bears the burden of establishing standing as of the time [s]he brought th[e] lawsuit and maintaining it thereafter." <u>Carney v. Adams</u>, 592 U.S. 53, 59 (2020). Defendants ask this court not to disturb these findings as international law binds the court's jurisdiction.

### III.  Conclusion

As this Court noted during oral argument on the fiscal sponsors' motions to dismiss, the only facts alleged against CODEPINK and PYM are that their social media posts invited followers and members of the public to protest a land sale. Not a single fact alleged can deprive those posts of First Amendment protections. Nor is a single fact alleged that makes plausible Plaintiff's wild accusations of anti-

Semitism. Plaintiff's retreat to the spurious argument that even unintentional disruption violates the FACE Act betrays how weak this house of cards really is.  This case must be dismissed.

KLEIMAN / RAJARAM

Dated: February 18, 2025          By:___/s/ Mark Kleiman
                                  Mark Kleiman

                                  Attorneys for Defendants
                                  CODEPINK WOMEN FOR PEACE
                                  CODEPINK ACTION FUND

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 18, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF System.

Participants in the case who are registered CM/ECF Users will be served by the CM/ECF System.

KLEIMAN / RAJARAM

Dated: February 18, 2025                    By:___/s/ Mark Kleiman
                                                      Mark Kleiman

Attorneys for Defendants
CODEPINK WOMEN FOR PEACE
CODEPINK ACTION FUND

DEFS' CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

## L.R. 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant CODEPINK certifies that this brief contains 3,635 words, which complies with the word limit of L.R. 11-6.1.

KLEIMAN / RAJARAM

Dated: February 18, 2025          By:____/s/ Mark Kleiman
                                        Mark Kleiman

Attorneys for Defendants
CODEPINK WOMEN FOR PEACE
CODEPINK ACTION FUND