Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: 650-781-8000
Facsimile: 650-648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff*
And those similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONEN HELMANN, individually, and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>CODEPINK WOMEN FOR PEACE, a California entity, CODEPINK ACTION FUND, a California entity, COURTNEY LENNA SCHIRF, and REMO IBRAHIM, d/b/a PALESTINIAN YOUTH MOVEMENT, PALESTINIAN YOUTH MOVEMENT, and JOHN AND JANE DOES 1-20,<br>Defendants. | Case No.: 2:24-cv-05704-SVW-PVC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO CODE PINK'S MOTIONS TO DISMISS AND STRIKE** |

# TABLE OF CONTENTS

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 2

A. The TAC States a Claim Under the FACE Act ..... 2

B. Plaintiff Did Not Need to Plead Ratification ..... 2

C. Code Pink's First-Amendment Defenses Fail ..... 2

D. Code Pink's International-Law Arguments Are Irrelevant ..... 3

E. Standing and Personal Jurisdiction Remain Satisfied. ..... 3

F. The Motion to Strike Should be Denied ..... 3

G. Code Pink's Rule 23 Issues are Premature ..... 3

III. CONCLUSION ..... 4

## TABLE OF AUTHORITIES

**Cases**

*Gerber v. Herskovitz*, 14 F.4th 500 (6th Cir. 2021) .......... 2

*Planned Parenthood of the Columbia/Willamette, Inc. v. American Coalition of Life Activists*, 290 F.3d 1058 (9th Cir. 2002) .......... 1, 2

*Virginia v. Black*, 538 U. S. 343, 360 (2003) .......... 2

*White v. Lee*, 227 F.3d 1214, 1227-28 (9th Cir. 2000) .......... 3

**Statutes**

18 U.S. Code § 248 .......... 2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Code Pink seeks to relitigate issues this Court has already decided. Their corrected motion adds an extended argument international humanitarian law but does nothing to cure the pleading defects the Court identified in its June 13, 2025 order. Dkt. 105. (“Order”).

Viewed in context, Code Pink’s social-media post was the functional equivalent of the “GUILTY” and “WANTED” posters condemned in *Planned Parenthood of the Columbia/Willamette, Inc. v. American Coalition of Life Activists*, 290 F.3d 1058 (9th Cir. 2002). It singled out a precise location (Adas Torah), a fixed time (“12 p.m. sharp”), and a disfavored religious minority, then overlaid the posts with the red inverted-triangle symbol that Hamas supporters use as a digital cross-hair. Violence, including bear-spray assaults, physical obstruction, and antisemitic epithets, predictably followed. TAC ¶¶ 1-16, 242-263.

On June 13, 2025, the Court denied Code Pink’s motion to dismiss. On June 27, 2025, Plaintiff filed the Third Amended Class Action Complaint (“TAC”). In the Third Amended Complaint, Plaintiff did not remove any allegations against Code Pink and primarily added allegations against the other Defendants. Despite this, on July 21, 2025, Code Pink filed another motion to dismiss and strike. Dkt. 114. Plaintiff now opposes Code Pink’s second motion to dismiss and strike.

## II. ARGUMENT

### A. The TAC States a Claim Under the FACE Act

Code Pink argues that Plaintiff fails to state a claim under the FACE Act, 18 U.S. Code § 248. However, the Court already determined that Plaintiff successfully pled a FACE Act claim. Order at p. 17-22, 24.

### B. Plaintiff Did Not Need to Plead Ratification

Next, Code Pink argues that Plaintiff does not plead ratification. However, the Court already determined that it was not necessary for Plaintiff to plead ratification because Plaintiff successfully pleads that Code Pink violated the FACE Act. Order at p. 32.

### C. Code Pink's First-Amendment Defenses Fail

*Planned Parenthood,* 290 F.3d at 1074-79 rejected exactly the argument Code Pink makes: that conduct cannot be enjoined merely because it takes place in the context of otherwise protected political activity. Where speech and conduct merge in an intentional blockade, the conduct is unprotected. *Virginia v. Black*, 538 U. S. 343, 360 (2003) (cross burning "often" a threat).

Code Pink relies on *Gerber v. Herskovitz*, 14 F.4th 500 (6th Cir. 2021), but *Gerber* involved peaceful picketing on public sidewalks. Here, plaintiffs allege violent obstruction on private synagogue property. Further, the Court already found Code Pink's posts are plausibly true threats outside the protection of the First Amendment. Order, at p. 19-22.

**D. Code Pink's International-Law Arguments Are Irrelevant**

The FACE Act does not ask whether the underlying event is laudable; it asks only whether defendants used threats to impede religious exercise. Courts reject attempts to litigate foreign-policy grievances in domestic civil-rights cases. *White v. Lee*, 227 F.3d 1214, 1227-28 (9th Cir. 2000).

**E. Standing and Personal Jurisdiction Remain Satisfied**

Code Pink offers no new facts undermining the Court's prior standing on ruling and personal jurisdiction. The Court has already held that Plaintiff has standing. Order, at p. 7-9.

**F. The Motion to Strike Should be Denied**

The paragraphs Code Pink seeks to strike detail Code Pink's history of disruptive protests, directly relevant to intent and foreseeability. Courts disfavor striking allegations at the pleading stage. Plaintiff's allegations are detailed and well pled. Plaintiff is entitled to his preferred characterizations at the pleading stage.

**G. Code Pink's Rule 23 Issues are Premature**

Whether a class can be certified is resolved on a full Rule 23 record, not a Rule 12 motion. Code Pink does not explain what about the class would be impossible to certify at this stage. The presence of some individual facts does not necessarily mean that the factors will not be met at the class certification stage. Code Pink's authorities do not support the notion that class action allegations should be stricken at the pleading stage.

## III. CONCLUSION

For the foregoing reasons, Plaintiff requests that Code Pink's motions to dismiss and strike be denied.

Dated: July 23, 2025 Respectfully submitted

By: /s/ Mark L. Javitch
Mark L. Javitch (SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Tel: (650) 781-8000
Fax: (650) 300-0343

*Attorney for Plaintiff*
RONEN HELMANN
And all others similarly situated

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff certifies that this brief contains 1,069 words, which:

_X_ complies with the word limit of L.R. 11-6.1.

___ complies with the word limit set by court order dated

Dated: July 23, 2025 *__/s/ Mark L. Javitch__*
Mark L. Javitch

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN MATEO

At the time of service, I was over 18 years of age. I am employed in County of San Mateo, State of California. My business address is Javitch Law Office, 3 East 3rd Ave, Ste. 200, San Mateo, California, 94401.

I declare that I served a copy of this document via the Court's Electronic Filing System to all counsel of record.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 23, 2025 *__/s/ Mark L. Javitch__*
Mark L. Javitch