Mark Kleiman (SBN 115919)
mark@krlaw.us
KLEIMAN / RAJARAM
12121 Wilshire Blvd., Ste. 810
Los Angeles, CA 90025
Tel: 310-392-5455 / Fax: 310-306-8491

Collin Poirot (NY 5673405)
*(pro hac vice)*
cpoirot.law@gmail.com
2603 Oak Lawn, Suite 300
Dallas TX 75219
214-392-2281

Attorneys for Defendants
CODEPINK WOMEN FOR PEACE
CODEPINK ACTION FUND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| RONEN HELMANN, on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CODEPINK WOMEN FOR PEACE, a California entity, CODEPINK ACTION FUND, a California entity; and DOES 1-100,<br><br>Defendants. | CASE NO: 2:24-cv-05704-SVW-PVC<br><br>Honorable Stephen V. Wilson<br>Courtroom 10A<br><br>DEFENDANTS CODEPINK WOMEN FOR PEACE AND CODEPINK ACTION FUND NOTICE OF MOTION AND MOTION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)<br><br>Judge: Hon. Stephen V. Wilson<br>Hearing Date: September 29, 2025<br>Hearing Time: 1:30 PM<br>Place: Courtroom 10A |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on September 29, 2025, at 1:30 p.m. or as soon thereafter as this matter may be heard in Courtroom 10A of the above-entitled Court located at First Street Courthouse, 350 W. 1st Street, Courtroom 10A, 10th Floor, Los Angeles, CA 90012, Defendants CODEPINK WOMEN FOR PEACE and CODEPINK ACTION FUND, will and hereby do move the Court for Certification of an Interlocutory Appeal Under 28 U.S.C. § 1292(b).

This motion is based upon this Notice of Motion, the attached Memorandum of Points & Authorities, the files and records in the case, and any evidence or argument that may be presented at a hearing on this matter.

Respectfully submitted,

Dated: August 25, 2025

KLEIMAN / RAJARAM

By: ___/s/ Mark Kleiman______

Mark Kleiman

Attorneys for Defendants
CODEPINK WOMEN FOR PEACE
CODEPINK ACTION FUND

2

Defendants CodePink Women for Peace and CodePink Action Fund Notice of Motion and Motion for Certification of An Interlocutory Appeal Under 28 U.S.C. § 1292(b)

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ........................................................................4

MEMORANDUM OF POINTS AND AUTHORITIES........................................6

I. INTRODUCTION ..................................................................................6

II. BACKGROUND.....................................................................................7

A. 18 U.S.C. § 248(a)(2) Requires Specific Intent to Injure, Intimidate, or Interfere with a Person Because of Their Exercise of Religious Freedom..........................................................................7

B. Applying the Correct Pleading Requirements Would Be Dispositive and Require Dismissal ..........................................................................10

C. Applying the Incorrect Scienter Requirement May Well Necessitate a Retrial if This is Not Corrected Now ..........................................11

III. ARGUMENT .......................................................................................11

A. Applicable Standards for Interlocutory Appeals ...........................11

B. Certification is Merited So Long as There Are Substantial Grounds for a Difference of Judicial Opinion, Whether or Not Jurists Have Already Disagreed ......................................................................11

C. An Immediate Appellate Holding Will Likely Terminate the Litigation, But it Need Not Do So for Certification to Be Merited...............................12

IV. CONCLUSION ....................................................................................13

CERTIFICATE OF SERVICE .....................................................................14

L.R. 11-6.2 CERTIFICATE OF COMPLIANCE ........................................15

3

Defendants CodePink Women for Peace and CodePink Action Fund Notice of Motion and Motion for Certification of An Interlocutory Appeal Under 28 U.S.C. § 1292(b)

# TABLE OF AUTHORITIES

**Page(s)**

Arizona v. Ash Grove Cement Co., 459 U.S. 1190 (1983) .......... 12

Biederman v. FCA US LLC, 2025 U.S.Dist. LEXIS 83591, 2025 WL 1266907 (N.D. Cal., May 1, 2025) .......... 12

Church of Scientology of California v. U.S. Dept. of Justice, 612 F.2d 417 (9th Cir. 1979) .......... 8

Couch v. Telescope, Inc., 611 F.3d 629 (9th Cir. 2011) .......... 11

In re Cement Antitrust Litig., 673 F.2d 1020 (9th Cir. 1982) .......... 12

New Beginnings Ministries v. George, 2018 WL 11378829, *3 (S.D. Ohio, Sept. 28, 2018) .......... *passim*

Russello v. U.S., 464 U.S. 16 (1983) .......... 8

Sharpe v. Conole, 123 F.Supp.2d 87 (N.D.N.Y. 2000) .......... 7,8

U.S. v. American Trucking Ass'ns, 310 U.S. 534, 543 (1940) .......... 8

**STATUTES**

18 U.S.C. §248 ........................................................................................ *passim*

28 U.S.C. §1292(b) ................................................................................. *passim*

5

Defendants CodePink Women for Peace and CodePink Action Fund Notice of Motion and Motion for Certification of An Interlocutory Appeal Under 28 U.S.C. § 1292(b)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

One question that controls whether Plaintiff can claim the religious exercise protections of the FACE Act should be certified for immediate appeal under 28 U.S.C. §1292(b). CodePink respectfully moves for certification because resolving this question will materially affect the outcome of the litigation. The FACE Act is a specific intent statute that Defendant contends requires a showing that any prohibited acts were undertaken to intentionally interfere with Plaintiff's exercise of his religious freedom.

Whether the specific intent standard requiring that Plaintiff show CodePink intended to intimidate or interfere with him because of his religion is a controlling question upon which reasonable jurists can disagree. New Beginnings Ministries v. George, 2018 WL 11378829, *3 (S.D. Ohio, Sept. 28, 2018) (a violation of the FACE Act's religious exercise subsection therefore requires that Defendants act "*because* [Plaintiff] is exercising or is seeking to exercise his or her religious freedom"). Although there is room for disagreement, there is, frankly, no law conflicting with New Beginnings. The record in this case cites no prior decisions in which the religious exercise subsection of the act was applied without requiring, as an element of the offense, that the defendants acted *because* of the plaintiff's religious exercise. Yet in its two prior orders, this Court construed the FACE Act as a general intent statute, rather than as a specific intent offense. If a specific intent standard were applied, Plaintiff would be unable to meet the burden and the claim would be subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This central issue could be quickly resolved by the Ninth Circuit if certification is granted. Resolution will advance the termination of this litigation: If Plaintiffs are unable to plausibly allege that CodePink had an anti-Semitic motive, the FACE Act claim must be dismissed. And that is the only claim remaining.

6

Defendants CodePink Women for Peace and CodePink Action Fund Notice of Motion and Motion for Certification of An Interlocutory Appeal Under 28 U.S.C. § 1292(b)

The Court should therefore certify this question for immediate appeal under 28 U.S.C. § 1292(b).

## II. BACKGROUND

Because18 U.S.C. § 248(a)(2) is a specific intent crime , and Plaintiff must allege facts plausibly showing CodePink acted *because* of Plaintff's *exercise of religious freedom*. In its two prior orders, this Court construed the FACE Act as a general intent statute, rather than as a specific intent offense. As a result, the Court did not require Plaintiffs to plausibly allege that CodePink acted *because* of Plaintiffs' religious exercise. Dkt. 131 at 17, 24-5, fn. 2. If a specific intent standard, were applied, Plaintiff would be unable to meet his burden and the claim would be subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### A. 18 U.S.C. § 248(a)(2) Requires Specific Intent to Injure, Intimidate, or Interfere with a Person Because of Their Exercise of Religious Freedom

A claim for relief under 18 U.S.C. § 248(a)(2) requires Plaintiff to allege facts plausibly showing that Defendants intended to injure, intimidate, or interfere with him *because* of his exercise of freedom of religion. New Beginnings Ministries v. George, 2018 WL 11378829, *3 (S.D. Ohio, Sept. 28, 2018) (a violation of the FACE Act's religious exercise subsection therefore requires that Defendants act "*because* [Plaintiff] is exercising or is seeking to exercise his or her religious freedom"). The record in this case cites no prior decisions in which the religious exercise subsection of the act was applied without requiring, as an element of the offense, that the defendants acted *because* of the plaintiff's religious exercise.

Although the word "because" does not appear in the plain text of the religious freedom subsection of the FACE Act, the statute must nonetheless be construed as a specific intent offense in order to avoid absurd results. *See e.g.,* Sharpe v. Conole, 123 F.Supp.2d 87, 90-1 (N.D.N.Y. 2000) (considering the reproductive health subsection

of the FACE Act and finding that "Plaintiff's interpretation of FACE's *mens rea* standard (such that one only need show obstruction to prove intent) could lead to ridiculous results"); Sharpe v. Conole, 386 F.3d 482, 484 (2d Cir. 2004) (considering the reproductive health subsection of the FACE Act and finding that intent to injure, intimidate, or interfere, by itself will not suffice to make out a claim under § 248(a)(1). There must also be a showing that the injurious intent existed *because* of the motivation specified by the statute"). "The intent to injure, intimidate, or interfere is a separate intent requirement that must also be proved by a FACE Act plaintiff. But that intent alone will not suffice to make out a claim under § 248(a)(1) without a showing that the intent to injure, intimidate, or interfere existed because of the motivation specified by the statute").

Although Sharpe interpreted the FACE Act's reproductive clinic subsection, the same logic applies here: Plaintiff's interpretation would create a private cause of action any time construction blocked a place of worship's entrances to repair the building; volunteer firefighters ordered congregants to evacuate for a fire drill; a nearby private event restricted public access to the building; a specific individual congregant was excluded due to prior misconduct; or in a litany of other common scenarios. Only a specific intent *mens rea* can protect the Act from absurd results.

Although Congress's use of a word in one subsection of a statute but not another is initially presumed to be intentional, Russello v. U.S. 464 U.S. 16 (1983), where a statute's plain text produces absurd results, the Court must look to the legislative history of the act to determine the correct interpretation of the text. Church of Scientology of California v. U.S. Dept. of Justice, 612 F.2d 417, 422 (9th Cir. 1979) (quoting U.S. v. American Trucking Ass'ns, 310 U.S. 534, 543 (1940) (when the plain text of a statute "led to absurd or futile results… this Court has looked beyond the words to the purpose of the act. Frequently…even when the plain meaning

8

Defendants CodePink Women for Peace and CodePink Action Fund Notice of Motion and Motion for Certification of An Interlocutory Appeal Under 28 U.S.C. § 1292(b)

did not produce absurd results but merely an unreasonable one plainly at variance with the policy of the legislation as a whole, this Court has followed that purpose, rather than the literal words." (internal quotations omitted)).

In this case, the FACE Act's legislative history makes it clear that the religious expression subsection was intended to require a specific intent *mens rea*. As one federal court noted, "there are no legislative findings related to the religious liberties provision…in an official congressional report. Instead, all that exist are Senator Hatch's statements made when he proposed the religious access amendment." New Beginnings Ministries v. George, 2018 WL 11378829, *6 (S.D. Ohio, Sept. 28, 2018). Senator Hatch (the amendment's sponsor), explained: "the religious liberty amendment that I am offering is very straightforward. It would ensure that the first amendment right of religious liberty receives the same protection from interference that [FACEA] would give abortion…Through this amendment, religious liberty would also be protected against private intrusion-in exactly the same way that [FACEA] would protect abortion."139 Cong. Rec. S15660, 1993 WL 470962 (Nov. 3, 1993).

The only legislative history clearly dictates that the religious exercise subsection must be construed as equal in scope to the reproductive health subsection—that it should be interpreted and applied "exactly the same way." There is no record of any congressional debate or discussion that would support construing one subsection as a specific intent violation, and the second as applicable to any and all conduct that obstructs entry to any space used for religious worship, for any reason whatsoever.

The FACE Act's religious liberties subsection must be construed as a specific intent offense for another reason as well, which is that the motive is a key element distinguishing protected and innocent conduct from culpable conduct. A violation of the FACE Act's religious exercise subsection therefore requires that Defendants act

9

Defendants CodePink Women for Peace and CodePink Action Fund Notice of Motion and Motion for Certification of An Interlocutory Appeal Under 28 U.S.C. § 1292(b)

"*because* [Plaintiff] is exercising or is seeking to exercise his or her religious freedom." New Beginnings Ministries v. George, 2018 WL 11378829 *3.

This Court therefore erred when it construed 18 U.S.C. 248(a)(2) as a general intent offense, and as a result did not require Plaintiff to plausibly allege that CodePink actions were motivated by an intent to keep the plaintiff from exercising his freedom of religion. This is material and dispositive here because Plaintiff has failed to plausibly allege such a motive, and has in fact admitted the motive is not present.

B. **Applying the Correct Pleading Requirements Would Be Dispositive and Require Dismissal**

Plaintiff has repeatedly failed to plausibly allege Defendants protested the real estate sale event *because* of Plaintiff's *exercise of religious freedom*. Plaintiff does not allege CodePink even mentioned prayer, worship, Jews or Judaism, called for violence, physical force, or intimidation. Plaintiff's only specific facts pled against CodePink are that the organization announced a "Mega Zionist Real Estate Event," and encouraged supporters to "HELP US ADVOCATE THE STOP OF HOMES BEING SOLD ON STOLEN PALESTINIAN LAND." and that one single slide featured an inverted red triangle with the synagogue's address. TAC ¶¶ 144-5, 321. No pled facts plausibly show CodePink intended to injure, restrict movement, or threaten violence against people coming to exercise religious freedom.

Plaintiff's own footnoted sources in the SAC show that the real estate event advertisement never mentioned religion, prayer, worship, nor even *Aliyah*. The event is described as a real estate opportunity, with discounts offered for participants. FAC n. 11, video. Nothing in the advertisement suggests the event was religious, and sources in the TAC show that Defendants were *unaware*, believing that "no religious services were scheduled" at the time. TAC ¶ 328. At most, Plaintiff's allegations

might show CodePink intended to advocate against the real estate sale, and to oppose an ongoing genocide.

The facts pled make it impossible for Plaintiff to plausibly allege that CodePink intended to injure, intimidate, or interfere with them because of his religious exercise, and an application of the correct pleading requirement of specific intent would be dispositive in this case.

C. **Applying the Incorrect *Scienter* Requirement May Well Necessitate a Retrial if This is Not Corrected Now.**

Continuing to construe §248(a)(2) as a general intent statute will lead to a set of jury instructions radically different from the instructions for specific intent offenses. If this error is not corrected until a post-trial appeal the parties and this Court will have gone through extensive pretrial discovery and a contentious trial for nothing, and retrying the case after a Ninth Circuit correction will only increase the costs to the parties and the drain on judicial resources.

## III. ARGUMENT

### A. Applicable Standards for Interlocutory Appeals

Under 1292(b), a district court may certify a matter for immediate review if it meets three standards. (1) It must be a 'controlling question of law'; (2) there must be substantial grounds for difference of opinion; and (3) immediate resolution may materially affect the outcome of the litigation.

### B. Certification is Merited So Long as There Are Substantial *Grounds* for a Difference of Judicial Opinion, Whether or Not Jurists Have Already Disagreed.

Certification is justified if a novel and difficult question of first impression is presented. Couch v. Telescope, Inc. 611 F.3d 629, 633 (9th Cir. 2011). This is so even if the disagreement is nascent, rather than in full bloom. This Court, for example, did

not expressly distinguish or disagree with New Beginnings Ministries v. George but the difference of opinion is manifest, and that difference is enough. Biederman v. FCA US LLC, 2025 U.S.Dist. LEXIS 83591, 2025 WL 1266907 (N.D. Cal., May 1, 2025)

**C. An Immediate Appellate Holding Will Likely Terminate the Litigation, But it Need Not Do So for Certification to Be Merited.**

If the Court of Appeals agrees with CodePink that the FACE Act's specific intent standard should be applied here, the abundant evidence, acknowledged by Plaintiff, that the event was advertised as a real estate promotion, and Plaintiff's admission that CodePink protested it as one, should certainly resolve the case.

But even if it does not, and Plaintiff alleges the requisite *mens rea*, the case will have been changed forever. A controlling question of law need not terminate the litigation so long as it materially affects the outcome of the litigation in the district court. 28 U.S.C. §1292(b); In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982), *aff'd sub nom.* Arizona v. Ash Grove Cement Co., 459 U.S. 1190 (1983).

Even if a Ninth Circuit ruling did not bar Plaintiff from subsequently pleading the requisite *mens rea*, the absence of facts supporting such a charge would at least lead to termination on summary judgement.

//

//

//

//

//

//

//

//

## IV. CONCLUSION

Because the three statutory elements are met here, certification is warranted. The motion for certification of an interlocutory appeal should be granted.

Respectfully Submitted,

KLEIMAN RAJARAM

Dated: August 25, 2025

/s/ Mark Kleiman

Mark Kleiman (SBN 115919)
mark@krlaw.us
KLEIMAN / RAJARAM
12121 Wilshire Blvd., Ste. 810
Los Angeles, CA 90025
Tel: 310-392-5455 / Fax: 310-306-8491

Collin Poirot (NY 5673405)
(pro hac vice)
cpoirot.law@gmail.com
2603 Oak Lawn, Suite 300
Dallas TX 75219
214-392-2281

Attorneys for Defendants
CODEPINK WOMEN FOR PEACE
CODEPINK ACTION FUND

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF System.

Participants in the case who are registered CM/ECF Users will be served by the CM/ECF System.

Dated: August 25, 2025

___/s/ Mark Kleiman______

Mark Kleiman

14

Defendants CodePink Women for Peace and CodePink Action Fund Notice of Motion and Motion for Certification of An Interlocutory Appeal Under 28 U.S.C. § 1292(b)

**L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant CODEPINK certifies that this brief contains 2,102 words, which complies with the word limit of L.R. 11-6.1.

KLEIMAN RAJARAM

Dated: August 25, 2025

/s/ Mark Kleiman

Mark Kleiman

Attorney for Defendants
CODEPINK WOMEN FOR PEACE
CODEPINK ACTION FUND