Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
mark@javitchlawoffice.com

*Attorney for Plaintiff*
and the Putative Class

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONEN HELMANN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CODEPINK WOMEN FOR PEACE, a California entity; and CODEPINK ACTION FUND, a California entity,<br><br>Defendants. | Case No.:  2:24-cv-05704-SVW-PVC<br><br>**PLAINTIFF'S MOTION TO SET ASIDE VOLUNTARY DISMISSAL OF THE CODEPINK DEFENDANTS AND FOR ENTRY OF FINAL JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: August 3, 2026<br>Time: 1:30 p.m.<br>Courtroom: 10A, 1st Street Courthouse<br>Judge: Hon. Stephen V. Wilson |

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on August 3, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Stephen V. Wilson, Plaintiff Ronen Helmann will and hereby does move the Court for an order: (1) setting aside, under Federal Rule of Civil Procedure 60(b), the stipulated voluntary dismissal of the CodePink Defendants entered without prejudice on December 29, 2025 [ECF No. 132]; (2) dismissing Plaintiff's claims against the CodePink Defendants with prejudice; and (3) directing entry of final judgment under Federal Rule of Civil Procedure 58 resolving all claims as to all parties.

This Motion is made on the ground that the without-prejudice voluntary dismissal, although effective when filed, has the unintended consequence of defeating appellate jurisdiction over the Court's prior dismissal with prejudice of the Palestinian Youth Movement Defendants, and that converting the CodePink dismissal to one with prejudice will perfect a final, appealable judgment without prejudice to any party.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the records and files in this action, and any argument the Court may entertain.

This Motion is made following counsel's efforts to confer pursuant to Local Rule 7-3, as set forth in the accompanying Declaration of Mark L. Javitch.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Court should set aside the without-prejudice dismissal of the CodePink Defendants and enter a dismissal with prejudice, thereby producing a final, appealable judgment that disposes of every claim against every party. This Court has already dismissed Plaintiff's claims against the Palestinian Youth Movement Defendants ("PYM Defendants") with prejudice. The parties then stipulated to dismiss the remaining CodePink Defendants without prejudice, which closed the case.

The United States Court of Appeals for the Ninth Circuit has now questioned its jurisdiction over Plaintiff's appeal of the PYM dismissal, because a partial adverse judgment followed by a voluntary dismissal of the remaining claims without prejudice does not produce a final judgment under 28 U.S.C. § 1291. The defect is curable. A dismissal of the CodePink Defendants with prejudice produces an adverse final judgment that is appealable, and a conversion accomplished with this Court's participation eliminates any concern that finality was manufactured. Because the relief requested prejudices no party—a dismissal with prejudice is more favorable to the CodePink Defendants than the dismissal they received—and serves the interest in obtaining merits review of the PYM dismissal, the Motion should be granted.

### II. BACKGROUND

On August 13, 2025, the Court dismissed Plaintiff's claims against the PYM Defendants with prejudice. [ECF No. 126.] The Court's prior order had dismissed those

claims without prejudice and granted leave to amend [ECF No. 105], and the August 13 order held that further amendment would be futile.

Thereafter, the parties stipulated to the dismissal of the remaining CodePink Defendants under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). [ECF No. 132] The stipulation did not state that the dismissal was with prejudice and, under Rule 41(a)(1)(B), the dismissal was therefore without prejudice. The dismissal of the CodePink Defendants closed the case. No party requested, and the Court did not enter, a Rule 54(b) certification as to the PYM dismissal.

Plaintiff filed a notice of appeal of the PYM dismissal. The Ninth Circuit issued an order to show cause (Javitch Decl. Ex. A) directing Plaintiff to show why the appeal should not be dismissed for lack of jurisdiction, citing *Galaza v. Wolf*, 954 F.3d 1267 (9th Cir. 2020), which holds that a party who has suffered an adverse partial judgment and then dismisses the remaining claims without prejudice, without the approval and meaningful participation of the district court, does not produce a final judgment appealable under 28 U.S.C. § 1291.

**III. LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b) authorizes the Court to relieve a party from a final "judgment, order, or proceeding" for, among other reasons, "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A voluntary dismissal under Rule 41(a)(1)— including a stipulated dismissal under Rule 41(a)(1)(A)(ii)—is a "proceeding" from

which Rule 60(b) relief may be granted. *In re Hunter*, 66 F.3d 1002, 1004–05 (9th Cir. 1995) (a voluntary dismissal "is a judgment, order, or proceeding from which Rule 60(b) relief can be granted"); *Yesh Music v. Lakewood Church*, 727 F.3d 356, 360–63 (5th Cir. 2013) (holding that a Rule 41(a)(1)(A)(ii) stipulated dismissal without prejudice is a "final proceeding" subject to vacatur under Rule 60(b)(6), and affirming the vacatur). Because Plaintiff seeks relief by motion in the action in which the dismissal was entered—not by independent action—jurisdiction lies as part of the original action. *In re Hunter*, 66 F.3d at 1005 (a party "could have proceeded by a Rule 60(b)(3) motion, and jurisdiction would lie as part of the original action"). Relief under Rule 60(b)(6) is reserved for "extraordinary circumstances" and requires a showing of manifest injustice. *Yesh Music*, 727 F.3d at 363.

**IV. ARGUMENT**

**A. The Court Has Jurisdiction To Grant Rule 60(b) Relief From The Voluntary Dismissal.**

A voluntary dismissal under Rule 41(a)(1) is effective on filing and requires no court order. *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999). But the self-executing character of such a dismissal does not strip the Court of authority to grant relief under Rule 60(b). The Ninth Circuit has recognized that a voluntary dismissal "is a judgment, order, or proceeding from which Rule 60(b) relief can be granted," and that where relief is sought by motion rather than by independent action, "jurisdiction would lie as part of the original action." *In re Hunter*, 66 F.3d at 1004–05;

*accord Yesh Music*, 727 F.3d at 360–63. *Commercial Space* held only that a district court may not, at a defendant's request, exercise discretion to recondition the terms of a plaintiff's voluntary dismissal; it did not disturb the Court's authority to grant relief under Rule 60(b) on a proper motion. A motion by the Plaintiff—the party that controls its own voluntary dismissal—to set that dismissal aside and substitute a disposition with prejudice does not ask the Court to impose terms on an adversary. It asks the Court to grant the relief Rule 60(b) exists to provide.

Crucially, the relief requested can be accomplished only by order of this Court. Unlike a stipulation to amend a pleading or to dismiss a claim, which the parties may file as of right, vacatur of an already-effective dismissal requires an exercise of the Court's equitable discretion under Rule 60(b)—relief the Court may grant or deny.

The Court's grant of that relief therefore constitutes the "meaningful consideration [and] participation" whose absence the Ninth Circuit has identified as the obstacle to finality. *Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 887 (9th Cir. 2003). This is the opposite of *American States*, where the district court's "approval" of stipulations to amend and dismiss did not constitute meaningful participation because "the parties were entitled to do so without leave of the court." *Id.* Here, the parties are not entitled to the relief sought without leave of the Court; the Court's order is indispensable, and its entry supplies the judicial participation that perfects finality.

**B. Extraordinary Circumstances Warrant Relief Under Rule 60(b)(6).**

The without-prejudice dismissal of the CodePink Defendants, although intended only to dispose of the claims against those defendants, has had the unintended and unappreciated consequence of defeating appellate jurisdiction over the Court's separate and final dismissal of the PYM Defendants. Under *Galaza,* a partial adverse judgment followed by a voluntary dismissal of the remaining claims without prejudice does not yield a final judgment appealable under § 1291. 954 F.3d at 1272. The result is that the Court's considered adjudication of the PYM claims—dismissed with prejudice and on a finding of futility—is presently insulated from appellate review by the procedural form of a dismissal that the parties did not intend to carry that effect.

That is the kind of circumstance Rule 60(b)(6) exists to address. Relief here would not disturb any merits ruling, reopen any litigated question, or prejudice any party. It would correct a procedural posture so that the Court's prior rulings may be reviewed on their merits, and it would do so through this Court's participation—precisely the involvement whose absence the Ninth Circuit identified as the obstacle to finality. *See James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067, 1070 (9th Cir. 2002) (district court's approval of a dismissal of remaining claims "is an additional factor alleviating concerns about a possible manipulation of the appellate process," and renders the resulting judgment "final and appealable under 28 U.S.C. § 1291").

This is not an attempt to use Rule 60(b)(6) to escape the consequences of a deliberate strategic choice or to revive extinguished claims. *Cf. Yesh Music*, 727 F.3d at 363 (Rule 60(b)(6) should not be used "to relieve a party from the free, calculated, and deliberate choices he has made"). Plaintiff does not seek to reinstate any claim, avoid any limitations bar, or recover anything he gave up; to the contrary, Plaintiff seeks to relinquish the CodePink claims more completely than the existing dismissal does, by converting them to a dismissal with prejudice. The manifest injustice to be avoided is the insulation of the Court's fully considered, futility-based dismissal of the PYM Defendants from any appellate review whatsoever, on the basis of a procedural effect the parties never intended the CodePink stipulation to produce.

**C. Dismissing The CodePink Claims With Prejudice Produces A Final, Appealable Judgment.**

Once the CodePink Defendants are dismissed with prejudice, every claim against every party will have been resolved, and the resulting judgment will be final and appealable. The Ninth Circuit has "repeatedly recognized that voluntary dismissals with prejudice that produce an adverse final judgment may be appealed." *Ward v. Apple Inc.*, 791 F.3d 1041, 1045 (9th Cir. 2015). A dismissal with prejudice is adverse to the plaintiff because "the plaintiff submits to a judgment that serves to bar his claims forever." *Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995). The appealability of a voluntary dismissal "ordinarily depends on whether the action was dismissed with or without prejudice." *Id.* And neither a stipulation nor an agreed procedural vehicle defeats

appealability where the resulting judgment is adverse: in *Ward*, jurisdiction existed even though the parties had stipulated to submit the dispositive issue on prior briefing and agreed the court should grant dismissal, because the judgment entered was adverse and with prejudice. 791 F.3d at 1045–46.

The conversion requested here removes the precise defect *Galaza* identified. *Galaza* governs dismissals "without prejudice." 954 F.3d at 1272. It has no application to a dismissal with prejudice, which genuinely and permanently terminates the claims and forecloses any prospect of revival. The concern animating *Galaza* and its predecessors—that a plaintiff will dismiss remaining claims without prejudice only to resurrect them after a favorable appeal, thereby fragmenting the litigation—cannot arise here, because a dismissal with prejudice extinguishes the CodePink claims for all time. *See James*, 283 F.3d at 1066–67 (distinguishing dismissals that leave claims subject to revival from those by which the plaintiff "assumes the risk" of permanent loss).

**D. No Party Is Prejudiced.**

The relief requested imposes no burden on any party. A dismissal of the CodePink Defendants with prejudice is more favorable to those defendants than the without-prejudice dismissal they received, because it bars Plaintiff from asserting the same claims against them in any future action. The PYM Defendants are unaffected; their dismissal with prejudice stands, and the only consequence of this Motion is that the Court's judgment as to those defendants becomes final and appealable.

## V. CONCLUSION

For the foregoing reasons, the Court should set aside the without-prejudice dismissal of the CodePink Defendants, dismiss Plaintiff's claims against them with prejudice, and direct entry of final judgment as to all parties.

Dated: July 6, 2026

Respectfully submitted,

JAVITCH LAW OFFICE

By: /s/ Mark L. Javitch
Mark L. Javitch (CA SBN 323729)
Attorney for Plaintiff Ronen Helmann

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Ronen Helmann, certifies that this brief contains 2,166 words, which complies with the word limit of L.R. 11-6.1.

Dated: July 6, 2026

/s/ Mark L. Javitch
Mark L. Javitch